UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Marc Fishman

_____
(List the full name(s) of the plaintiff(s)/petitioner(s).)

-against-

Office of Court Administration New York, New York State Family Courts, ~~_____~~

~~_____~~

_____
(List the full name(s) of the defendant(s)/respondent(s).)

**18 CV 282**

Application for the Court to
Request Pro Bono Counsel

I ask the Court to request a *pro bono* attorney to represent me in this action. In support of my application, I declare under penalty of perjury that the following information is true and correct:

1. Have you previously filed a "Request to Proceed in Forma Pauperis" (an IFP application)? Please check the appropriate box below:

   ☐ I have previously filed an IFP application in this case, and it is a true and correct representation of my current financial status.

   ☑ I have not previously filed an IFP application in this case and now attach an original IFP application showing my financial status.

   ☐ I have previously filed an IFP application in this case, but my financial status has changed. I have attached a new IFP application showing my current financial status.

2. Explain why you need an attorney in this case. (Please note that requests for pro *bono* counsel are rarely granted at the early stages of a case and usually not before the Court has issued a decision on the merits of the case.) If you asked for an attorney earlier in this case, please also explain what has changed since you last asked for an attorney.

Am seeking pro bono counsel because i am disabled with Traumatic Brain Injury, Occipital Neurlagia, TMJ, Post Concussion Syndrome and need legal assistance to handle complicated legal matters. Am only able to work part time due to my cognitive rehabiliatation & multiple disabilities. The cost to comply with family court orders over $150.spent. Have tried to secure free representation form Disability Rights NY, Westchester isabled on the Move MCY legal Services without Success. Tried to secure private counsel with multiple disability rights attorneys including Amoroso Amoroso, Frumkin and Hunter, Greenberg and Truarig and others unsuccessfully. Private attorneys told me they fear retaliation for suing a NY state Court and New York Office of Court Admin. I was supplied with free appointed Counsel in Family, Supreme and NY Appellate Division (see attached 3 Dockets opposing free counsel in case FU131794 and 27596/10), As NY Courts gave me poor pro se counsel, requesting the Sve of retrul Court. Thank you.

Rev. 3/27/14

3. Explain what steps you have taken to find an attorney and with what results. (Please identify the lawyers, law firms or legal clinics you have contacted and their responses to your requests. If you have limited access to the telephone, mail, or other communication methods, or if you otherwise have had difficulty contacting attorneys, please explain.)

Have called multiple attorneys to secure representation unsuccessfully. My ADA Advocate Donna drumm also called multiple atorneys who would not accept the assignment. General consensus was that private attorneys fear retalaiation from new york court and and NY office of court administartion for suing the state and state courts. This is why many attorneys---even apid attonrye declined the assignement.

4. If you need an attorney who speaks a language other than English, state what language(s) you speak: ______.

5. I understand that if an attorney volunteers to represent me and that attorney learns that I can afford to pay for an attorney, the attorney may give this information to the Court.

6. I understand that even if the Court grants this application, I will receive *pro bono* counsel only if an attorney volunteers to take my case and that there is no guarantee that an attorney will volunteer to represent me.

7. I understand that if my answers on this application or in my IFP application are false, my case may be dismissed.

1/10/2018
Date

Marc H. Fishman
Signature

Fishman, Marc H.
Name (Last, First, MI)

Prison Identification # (if incarcerated)

Bronx
Address

New York
City

NY
State

10463
Zip Code

9148373209
Telephone Number

rentdriver@gmail.com
E-mail Address (if available)

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER

...................................................................

In the Matter of a **Family Offense Proceeding**

JENNIFER SOLOMON,

              Appellant,

V.

MARC FISHMAN,

              Respondent.

FU# 131794

ATTORNEY'S CERTIFICATE OF CONTINUED ELIGIBILITY FOR POOR PERSON RELIEF AND ASSIGNMENT OF COUNSEL PURSUANT TO FAMILY COURT ACT SECTION 1118

Docket Nos.
O-07850-14/14A
O-07850-14/15D
O-07850-14/16H
O-07850-14/16J

...................................................................

STATE OF NEW YORK:
        SS.;
COUNTY OF WESTCHESTER:

Ian P. Spier, an attorney duly authorized to practice law in the Courts of the State of New York hereby affirms under penalty of perjury:

1. I was assigned by the Family Court in May 2016, to represent Marc Fishman with regard to Custody, Visitation and Family Offense petitions.

1

2. Marc Fishman seeks poor person relief: *to wit,* that the filing fee be waived, that he be granted poor person relief, that the appeal be heard on the original record and that the Court assign counsel to prosecute the appeal.

3. In *Fishman v. Solomon*, Motion No. 2017-07774 (A.D. 2nd Dept. August 22, 2017), (copy annexed hereto) this Court did grant Appellant, Marc Fishman, poor person relief and did assign an attorney to prosecute that appeal.

4. On behalf of Marc Fishman, I filed a notice of appeal from an Decision and Dispositional Order of the Family Court, Westchester County, dated June 27, 2017 which, among other things, incarcerated Mr. Fishman.

5. To the best of my knowledge, the financial status of Mr. Fishman has gotten worse since I was assigned in May 2016 and he is presently, and for the forseeable future will be, unable to afford the costs, fees and expenses of the appeal herein.

6. To the best of my knowledge, Marc Fishman is very interested in prosecuting the appeal. His last known address is: 3200 Netherlands Avenue, Aptartment G, Bronx, NY 10463.

7. I cannot represent Marc Fishman on the appeal in this matter, and request that another attorney be assigned to represent him.

Accordingly, it is respectfully submitted that, in accordance with Family

Court Act §1118, no filing fee be required and that the Court grant Mr. Fishman poor person relief and assign counsel to prosecute this appeal.

Dated:     December     , 2017                          _____
           White Plains, NY                                        Ian P. Spier

| |
|---|
| **Matter of Solomon v Fishman** |
| Motion No: 2017-07774 |
| Slip Opinion No: 2017 NY Slip Op 83595(U) |
| Decided on August 22, 2017 |
| Appellate Division, Second Department, Motion Decision |
| Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431. |
| This motion is uncorrected and is not subject to publication in the Official Reports. |

Supreme Court of the State of New York

Appellate Division: Second Judicial Department

M236414

V/

RANDALL T. ENG, P.J.

WILLIAM F. MASTRO

REINALDO E. RIVERA

MARK C. DILLON

RUTH C. BALKIN, JJ.

2017-07774

In the Matter of Jennifer S. Solomon, respondent,

v Marc H. Fishman, appellant.

ORDER ON CERTIFICATION
Assignment of Counsel

(Docket Nos. O-7850-14/14A, O-7850-14/15D,

O-7850-14/16H, O-7850-14/16J)

Appeal by Marc H. Fishman from an order of the Family Court, Westchester County, dated June 27, 2017. Pursuant to Family Court Act §§ 1118 and 1120, and upon the certification of Ian P. Spier, Esq., dated July 27, 2017, it is

ORDERED that the appellant is granted leave to proceed as a poor person on the appeal, and the following named attorney is assigned as counsel to prosecute the appeal:

Del Atwell, Esq.

39 5th Street

East Hampton, NY 11937

631-267-2067

and it is further,

ORDERED that assigned counsel shall promptly attempt to contact the appellant at the address provided by the Court, and on or before September 5, 2017, shall notify the Case Manager assigned to the appeal, in writing, that he has done so and that either

(1) the appellant is interested in prosecuting the appeal, or

(2) the appellant is not interested in prosecuting the appeal, or that he has been unable to contact the appellant, and wishes to be relieved of the assignment; and it is further,

ORDERED that the appeal will be heard on the original papers (including a certified transcript of the proceedings, if any) and on the briefs of the appellant, the respondent, and the attorney for the children, if any. The parties are directed to file nine copies of their respective briefs and to serve one copy on each other (22 NYCRR 670.9[d][1][ii]; Family Ct Act § 1116); and it is further,

ORDERED that the stenographer(s) and/or the transcription service(s) is/are required promptly to make and certify two transcripts of the proceedings, if any, except for those minutes previously transcribed and certified (22 NYCRR 671.9); in the case of stenographers, both transcripts shall be filed with the clerk of the Family Court, and the clerk of the Family Court shall furnish one of such certified transcripts to the appellant's counsel, without charge; in the case of transcription services, one transcript shall be filed with the clerk of the Family Court and one transcript shall be delivered to the assigned counsel. Assigned counsel is directed to provide copies of said transcripts to all of the other parties to the appeal, including the attorney for the children, if any, when counsel serves the appellant's brief upon those parties; and it is further,

ORDERED that the assigned counsel shall prosecute the appeal expeditiously in accordance with any scheduling order or orders issued pursuant to § 670.4(a) of the rules of this Court (22 NYCRR 670.4[a]); and it is further,

ORDERED that upon a determination that the appellant is interested in proceeding with the appeal, the assigned counsel is directed to serve a copy of this order upon the Clerk of the Court from which the appeal is taken.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

ENTER:

Aprilanne Agostino

Clerk of the Court

The Case Manager assigned to this case is Ms. Vazquez. Please contact her at 718-722-6488 with any questions.

| |
|---|
| **Matter of Solomon v Fishman** |
| Motion No: 2017-07775 |
| Slip Opinion No: 2017 NY Slip Op 83596(U) |
| Decided on August 22, 2017 |
| Appellate Division, Second Department, Motion Decision |
| Published by <u>New York State Law Reporting Bureau</u> pursuant to Judiciary Law § 431. |
| This motion is uncorrected and is not subject to publication in the Official Reports. |

Supreme Court of the State of New York

Appellate Division: Second Judicial Department

M236415

V/

RANDALL T. ENG, P.J.

WILLIAM F. MASTRO

REINALDO E. RIVERA

MARK C. DILLON

RUTH C. BALKIN, JJ.

2017-07775

In the Matter of Jennifer S. Solomon, respondent,

v Marc H. Fishman, appellant.

ORDER ON CERTIFICATION
Assignment of Counsel

(Docket Nos. O-7850-14/14A, O-7850-14/15D,

O-7850-14/16H, O-7850-14/16J)

Appeal by Marc H. Fishman from an order of the Family Court, Westchester County, dated June 27, 2017. Pursuant to Family Court Act §§ 1118 and 1120, and upon the certification of Ian P. Spier, Esq., dated July 27, 2017, it is

ORDERED that the appellant is granted leave to proceed as a poor person on the appeal, and the following named attorney is assigned as counsel to prosecute the appeal:

Del Atwell, Esq.

39 5th Street

East Hampton, NY 11937

631-267-2067

and it is further,

ORDERED that assigned counsel shall promptly attempt to contact the appellant at the address provided by the Court, and on or before September 5, 2017, shall notify the Case Manager assigned to the appeal, in writing, that he has done so and that either

(1) the appellant is interested in prosecuting the appeal, or

(2) the appellant is not interested in prosecuting the appeal, or that he has been unable to contact the appellant, and wishes to be relieved of the assignment; and it is further,

ORDERED that the appeal will be heard on the original papers (including a certified transcript of the proceedings, if any) and on the briefs of the appellant, the respondent, and the attorney for the children, if any. The parties are directed to file nine copies of their respective briefs and to serve one copy on each other (22 NYCRR 670.9[d][1][ii]; Family Ct Act § 1116); and it is further,

ORDERED that the stenographer(s) and/or the transcription service(s) is/are required promptly to make and certify two transcripts of the proceedings, if any, except for those minutes previously transcribed and certified (22 NYCRR 671.9); in the case of stenographers, both transcripts shall be filed with the clerk of the Family Court, and the clerk of the Family Court shall furnish one of such certified transcripts to the appellant's counsel, without charge; in the case of transcription services, one transcript shall be filed with the clerk of the Family Court and one transcript shall be delivered to the assigned counsel. Assigned counsel is directed to provide copies of said transcripts to all of the other parties to the appeal, including the attorney for the children, if any, when counsel serves the appellant's brief upon those parties; and it is further,

ORDERED that the assigned counsel shall prosecute the appeal expeditiously in accordance with any scheduling order or orders issued pursuant to § 670.4(a) of the rules of this Court (22 NYCRR 670.4[a]); and it is further,

ORDERED that upon a determination that the appellant is interested in proceeding with the appeal, the assigned counsel is directed to serve a copy of this order upon the Clerk of the Court from which the appeal is taken.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

ENTER:

Aprilanne Agostino

Clerk of the Court

The Case Manager assigned to this case is Ms. Vazquez. Please contact her at 718-722-6488 with any questions.

| |
|---|
| **Fishman v Solomon** |
| Motion No: 2016-10919 |
| Slip Opinion No: 2016 NY Slip Op 93948(U) |
| Decided on December 9, 2016 |
| Appellate Division, Second Department, Motion Decision |
| Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431. |
| This motion is uncorrected and is not subject to publication in the Official Reports. |

Supreme Court of the State of New York

Appellate Division: Second Judicial Department

M222054

E/sl

LEONARD B. AUSTIN, J.P.

JEFFREY A. COHEN

JOSEPH J. MALTESE

COLLEEN D. DUFFY, JJ.

2016-10919, 2016-10920

Marc Fishman, appellant,

v Jennifer Solomon, respondent.

DECISION & ORDER ON MOTION

(Index No. 27596/10)

Motion by the appellant to stay enforcement of two orders of the Supreme Court, Westchester County, dated April 20, 2016, and July 27, 2016, respectively, pending hearing and determination of appeals therefrom, for poor person relief, and for the assignment of counsel.

Upon the papers filed in support of the motion and no papers having been filed in opposition thereto, it is

ORDERED that the branch of the motion which is to stay enforcement of the two orders is denied; and it is further,

ORDERED that the branches of the motion which are for poor person relief and for the assignment of counsel are granted, and pursuant to Judiciary Law § 35 the following named attorney is assigned as counsel to prosecute the appeals:

Del Atwell, Esq.

39 5th Street

East Hampton, NY 11937

631-267-2067

and it is further,

ORDERED that the appeals will be heard on the original papers (including a certified transcript of the proceedings, if any) and on the briefs of the appellant, the respondent, and the attorney for the child, if any. The parties are directed to file nine copies of their respective briefs and to serve one copy on each other (22 NYCRR 670.9[d][1][ii]); and it is further,

ORDERED that the stenographer(s) and/or the transcription service(s) is/are required promptly to make and certify two transcripts of the proceedings, if any, except for those minutes previously transcribed and certified (22 NYCRR 671.9); in the case of stenographers, both transcripts shall be filed with the clerk of the Supreme Court, and the clerk of the Supreme Court shall furnish one of such certified transcripts to the appellant's counsel, without charge; in the case of transcription services, one transcript shall be filed with the clerk of the Supreme Court and one transcript shall be delivered to the assigned counsel. Assigned counsel is directed to provide copies of said transcripts to all of the other parties to the appeals, including the attorney for the child, if any, when counsel serves the appellant's brief upon those parties; and it is further,

ORDERED that assigned counsel shall serve a copy of this order upon the Clerk of the court from which the appeals are taken; and it is further,

ORDERED that the appeals in the above-entitled action shall be perfected either within 60 days after the receipt by the assigned counsel of the transcripts of the minutes of the proceedings in the Supreme Court, and the assigned counsel shall notify this Court by letter of the date the transcripts are received, or, if there are no minutes of proceedings to be transcribed, within 60 days of the date of this scheduling order; and it is further,

ORDERED that within 30 days after the date of this order, the assigned counsel shall file in the office of the Clerk of this Court one of the following:

(1) an affidavit or affirmation stating that there are no minutes of any Supreme Court proceeding to be transcribed for the appeals; or

(2) if there are such minutes, an affidavit or affirmation that the transcripts have been received, and indicating the date received; or

(3) if the transcripts have not been received, an affidavit or affirmation stating that this order has been served upon the clerk of the court from which the appeals are taken, the date thereof, and the date by which the transcripts are expected; or

(4) an affidavit or an affirmation withdrawing the appeals; and it is further,

ORDERED that if none of the above actions described in (1), (2), (3), or (4) above, has been taken within 30 days of the date of this scheduling order, the Clerk of the Court shall issue an order to all parties to the appeals to show cause why the appeals should or should not be dismissed.

AUSTIN, J.P., COHEN, MALTESE and DUFFY, JJ., concur.

ENTER:

Aprilanne Agostino

Clerk of the Court