UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC FISHMAN,

                      Plaintiff,

            -against-

OFFICE OF COURT ADMINISTRATION,
NEW YORK STATE COURTS,

                      Defendant.

18-CV-282 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff brings this *pro se* action under the Rehabilitation Act and Title II of the

Americans with Disabilities Act, alleging that the Family Court in Westchester County denied

him access to the courts by failing to accommodate his disabilities. By Order dated January 19,

2018, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in

forma pauperis*. Plaintiff also submits an application for the Court to request pro bono counsel

and moves to stay the Westchester County Family Court proceedings. For the reasons set forth

below, the application requesting pro bono counsel and motion for a stay are denied.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see

Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P.

12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.    Service on Named Defendant

To allow Plaintiff to effect service on Defendant "Office of Court Administration, New York State Courts" through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon Defendant.

Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012). Plaintiff also must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

### B.    Application for the Court to Request Pro Bono Counsel

Courts do not have funds to pay counsel in civil matters and must therefore grant applications for pro bono counsel sparingly to preserve the "precious commodity" of volunteer lawyer time. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989). The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *Id.*; *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

2

## C.   Motion For Preliminary Injunctive Relief Staying Family Court Proceedings

Plaintiff has filed a motion requesting preliminary injunctive relief. (ECF No. 3.) To obtain such relief, Plaintiff must show: (1) that he is likely to suffer irreparable harm and (2) either (a) a likelihood of success on the merits of his case or (b) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly in his favor. *See UBS Fin. Servs., Inc. v. W.V. Univ. Hosps., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011) (citation and internal quotation marks omitted); *Wright v. Giuliani*, 230 F.3d 543, 547 (2000). Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y., Inc.*, 409 F.3d 506, 510 (2d Cir. 2005) (internal quotation marks and citation omitted).

Plaintiff contends that absent an order staying the Westchester County Family Court proceedings, he will suffer irreparable injury to his relationship with his children because he is being denied unsupervised visitation. This Court, however, is not the proper forum for modifying child custody or visitation decrees, *see Ankenbrandt v. Richards*, 504 U.S. 689, 716 (1992), and success on Plaintiff's claim that Defendant violated his right under the ADA would not directly alter the visitation orders in the underlying proceeding. Moreover, although the Court need not resolve the issue at this stage, under *Younger v. Harris*, 401 U.S. 37 (1971), the Court may be required to abstain from awarding injunctive relief. If, for example, Plaintiff's challenge to the state court's handling of his request for disability accommodations qualifies as a challenge to an order "uniquely in furtherance of the state courts' ability to perform their judicial functions," *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013), then *Younger* abstention would be required as to his request for injunctive relief. Accordingly, because Plaintiff fails

3

carry his burden of showing that the standard for a preliminary injunction is satisfied, the Court denies Plaintiff's request to enjoin the Westchester County Family Court from proceeding.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, together with an information package. The Court denies Plaintiff's requests for pro bono counsel (ECF No. 5) and to stay the Westchester Family Court proceedings (ECF No. 3).

The Clerk of Court is instructed to issue a summons and complete the USM-285 forms with the address for Defendant Office of Court Administration, New York State Courts, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Marshals Service shall notify the Office of Pro Se Litigation if service was unexecuted as to any defendant. The Marshals Service shall also notify the Office of Pro Se Litigation when they have completed service of all defendants. The Office of Pro Se Litigation shall promptly notify the Court if service is not effected.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    January 24 2018,
          White Plains, New York

KENNETH M. KARAS
United States District Judge

4

## DEFENDANTS AND SERVICE ADDRESSES

Office of Court Administration, New York State Courts
25 Beaver Street, Suite 809
New York, New York 10004