**NEW YORK STATE**
Unified Court System
OFFICE OF COURT ADMINISTRATION

LAWRENCE K. MARKS
CHIEF ADMINISTRATIVE JUDGE

JOHN W. McCONNELL
COUNSEL

April 23, 2018

Hon. Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

   Re: Fishman v. Office of Court Administration New York Courts
    <u>18 CV 00282 KMK)</u>

Dear Judge Karas:

  This Office represents the defendant Office of Court Administration New York Courts [sic] ("OCA") in the above-referenced action. I write this letter in accordance with Section II. A. of Your Honor's Individual Rules of Practice, on behalf of defendant OCA to respectfully request a pre-motion conference to file a motion to dismiss the complaint in its entirety under Fed. R. Civ. P. 12(b)(1) and 12 (b)(6). This letter summarizes the anticipated bases for such a morion.

### Plaintiff's Allegations

  Plaintiff Marc Fishman brings this *pro se* action alleging claims of disability discrimination under the Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), and the New York State Human Rights Law ("NYSHRL"). Plaintiff's claims arise out of a pending proceeding in the Family Court of Westchester County, pursuant to Articles 6 and 8 of the Family Court Act, before Family Court Judge Michelle I. Schauer. Plaintiff is the respondent in that proceeding, brought against him by his ex-wife in June 2014. Numerous petitions brought by both parties are currently pending in that court.

  Plaintiff alleges that numerous rulings by Judge Schauer in the underlying proceeding constitute discrimination and/or retaliation on the basis of his alleged disabilities, including those rulings that: denied some of his accommodation requests; rejected his defense that his disabilities caused him to violate a temporary order of

protection; adjourned hearings; required him to be evaluated by doctors, social workers, and specialists who do not take his insurance; rejected the live testimony of the author of a medical report taken on submission; denied a request that reports by a court-appointed social worker be provided to his doctor to assist in his therapy; refused substitution of one forensic report for another; denied him standing to seek ADA accommodations on behalf of a son, who was in mother's custody and represented by own counsel; and, set terms of supervised visitation orders issued by the court.

Plaintiff seeks to stay the Family Court proceeding and any orders that court has issued, a declaration that his rights under the ADA have been violated, and injunctive relief compelling the granting of all accommodation requests previously denied by Judge Schauer. He also seeks unspecified compensatory damages.

<b><u>Anticipated Motion to Dismiss</u></b>

*The Court Should Abstain From Entertaining This Claim*. The principles of abstention also requires the dismissal of an action, where as here, the state court has an interests in enforcing its own laws and investigating alleged violations of state law. Younger v. Harris, 401 U. S. 37 (1971), requires federal courts to refrain from exercising jurisdiction over plaintiff's request for injunctive and declaratory relief in this case. Younger abstention is rooted in the principles of "equity, comity and federalism," Gibson v. Berryhill, 411 U. S. 564, 575 (1973), and respects the State's "important interests in administering certain aspects of their judicial systems." Pennzoil v. Texas, 481 U. S. 1, 12-13 (1987); see also Falco v. Justices of the Sup. Ct., 85 F. 3d 425, 427-428 (2d Cir. 2015). The Second Circuit re-affirmed in Falco that Younger requires the federal court to abstain where an action for injunctive relief or declaratory relief would interfere with "civil proceedings involving certain orders uniquely in furtherance of the state court's ability to perform their judicial functions. Id at 427 (quoting Sprint Commc'ns v. Jacobs, 134 S. Ct. 584, 592 (2013)). Plaintiff's claim challenging rulings made in a family court proceeding fits squarely within Younger abstention and requires dismissal of the action.

*The Court Lacks Subject Matter Jurisdiction*. The Court should not entertain jurisdiction over a complaint that in essence invites it to vacate existing New York Family Court orders. Under the Rooker-Feldman doctrine, the federal court is without power to review state court decisions. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 475 (1983). This rule applies to both final and non-final state court decisions and to claims for injunctive relief. Sanchez-Preston v. Judge Luria, 1996 WL 738140 (E.D.N.Y. 1996).

Plaintiff's ADA claims in this action arise out of allegedly erroneous ADA rulings made by the Family Court, and can only succeed if the Family Court Judge ruled incorrectly. No valid predicate for jurisdiction exists where plaintiff's claims would necessarily require this Court to review the merits of the Family Court's determinations. See, e.g., Fariello v. Campbell, 860 F.Supp. 54, 66-67 (E.D.N.Y. 1994), and Levine v. County of Westchester, 828 F.Supp. 238, 242 (S.D.N.Y. 1993), aff'd 22 F.3d 1090 (2nd Cir. 1994) (discrimination claims based on allegedly incorrect state court rulings not properly within federal court's jurisdiction).

***OCA Is Not A Proper Defendant***. Defendant OCA cannot be enjoined to provide plaintiff the relief sought in this action. Plaintiff seeks an order directing that he be given certain accommodations in his state Family Court proceeding. Defendant OCA, the administrative arm of the judiciary, cannot direct a judge to carry out her adjudicative duties and responsibilities in any particular fashion. See Balogh v. Rockland Construction Hall, Inc., 88 A. D. 2d 136 ( 2nd Dep't 1982). Plaintiff's claims for relief are not properly directed at defendant OCA.

***The Complaint Should Be Dismissed For Failure To State A Claim.*** Many of the allegations plaintiff makes against the underlying Family Court rulings fail to state a cause of action under the ADA because they are only conclusory statements that the rulings were discriminatory or retaliatory. Accordingly, the action should be dismissed. Ashcroft v. Iqbal, 556 U. S. 662 (2009).

Respectfully submitted,

*[signature]*

Lisa M. Evans<br>
Assistant Deputy Counsel

cc: Marc Fishman, Plaintiff pro se
    (via overnight mail)