# EXHIBIT "D"



# Procedures for Implementing Reasonable Accommodation in Programs and Services for Individuals with Disabilities

# TABLE OF CONTENTS

INTRODUCTION.................................................................................................................3
  Americans with Disabilities Act ...................................................................................3
  New York State Human Rights Law .............................................................................3

SECTION I: UNIFORM STATE POLICY ...........................................................................4
  Policy Statement.............................................................................................................4
  Public Access to Information on Reasonable Accommodation...................................4

SECTION II:  AMERICANS WITH DISABILITIES ACT PROVISIONS, AND ACCOMPANYING
REGULATIONS....................................................................................................................5

SECTION III: DEFINITIONS AND LEGAL STANDARDS FOR REASONABLE
ACCOMMODATION IN STATE PROGRAMS AND SERVICES.......................................6
    1. State Entities..........................................................................................................6
    2. Qualified Individual with a Disability .................................................................6
    3. Disability................................................................................................................6
    4. Prohibitions Against Unlawful Discrimination ..................................................6
    5. Program Accessibility ...........................................................................................8
    6. Undue Burden........................................................................................................9
    7. Direct Threat .........................................................................................................9
    8. Notice .....................................................................................................................9
    9. Information & Signage ........................................................................................10
    10. Communications................................................................................................10

SECTION IV:  UNIFORM PROCEDURES FOR REASONABLE ACCOMMODATION IN STATE
PROGRAMS AND SERVICES........................................................................................... 12
  ADA Coordinator (Designee for Reasonable Accommodation) .............................. 12
  Requests for Accommodation..................................................................................... 12
  Grievance Procedures ................................................................................................. 12

Appendix A: ...................................................................................................................... 14

Sample NOTICE UNDER THE AMERICANS WITH DISABILITIES ACT.................... 14

Appendix B: ...................................................................................................................... 16

Sample GRIEVANCE PROCEDURE UNDER THE AMERICANS WITH DISABILITIES ACT....... 16

Appendix C: ...................................................................................................................... 17

Sample AMERICANS WITH DISABILITIES ACT COMPLAINT FORM ...................... 17

# INTRODUCTION

New York State has long been committed to the proposition that every individual in the State has an equal opportunity to enjoy a full and productive life. This commitment to equal opportunity extends to providing reasonable accommodation for persons with disabilities in all state-owned or operated programs and services.

## Americans with Disabilities Act

All State agencies and authorities must comply with the provisions of the Americans with Disabilities Act (ADA), Title II. Title II (42 USCA §§ 12131-12134) applies to State and local government entities. State entities are covered by Title II regardless of whether they receive federal funding.

Access to civic life by people with disabilities is a fundamental goal of the ADA. To ensure that this goal is met, Title II of the ADA requires State and local governments to make their programs and services accessible to persons with disabilities. This requirement extends not only to physical access at government facilities, programs, and events – but also to policy changes that governmental entities must make to ensure that all people with disabilities can take part in, and benefit from, the programs and services of State and local governments. In addition, governmental entities must ensure effective communication – including the provision of necessary auxiliary aids and services (as defined in Section III (10) herein) – so that individuals with disabilities can participate in civic life.

## New York State Human Rights Law

The New York State Human Rights Law (Executive Law, article 15) requires non-discrimination on the basis of disability in public accommodations, including those owned by state and local governmental entities. Therefore, public buildings, parks, libraries, museums, etc., and any attendant services that constitute public accommodations, such as food service, camp grounds, and other accommodations open to the public, must not deny service to an individual because of disability, pursuant to Human Rights Law § 296.2, and must provide accommodation and accessibility as set forth in § 296.2, subsections (c), (d) and (e). Complaints may be filed with the New York State Division of Human Rights for claims falling within the scope of § 296.2.

Governmental programs and services, which do not constitute public accommodations, are **not** subject to the provisions of the Human Rights Law, though they are fully covered by the federal Americans with Disabilities Act, Title II.

3

# SECTION I: UNIFORM STATE POLICY

**Policy Statement**

Each agency, department, office and facility shall follow the Statewide Reasonable Accommodation Policy and Procedures, as set forth below, and communicate its commitment to provide reasonable accommodation to members of the public with disabilities.

The State of New York is committed to assuring equal opportunity for persons with disabilities. To this end, it is the State's policy to provide reasonable accommodation in all its accommodations, programs and services. This policy is based on the federal Americans with Disabilities Act, Title II, and all applicable federal regulations thereunder. This duty of reasonable accommodation applies to:

- physical accessibility at government facilities, programs, and events;
- policy changes necessary to ensure that all people with disabilities can take part in, and benefit from, all state-owned or operated programs and services ;
- the provision of necessary auxiliary aids and services to ensure effective communication with persons with disabilities.

**Public Access to Information on Reasonable Accommodation**

The names and office phone numbers of key personnel involved in providing reasonable accommodation, including the agency's Designee for Reasonable Accommodation (DRA) – also known as the ADA Coordinator – shall be posted and the listing maintained by the agency's DRA.

The state entity's "Notice Under the Americans with Disabilities Act" (see sample notice in Appendix A) shall be made readily available, such as by posting it to the state entity's website and posting in public areas of the state entity's offices or facilities.

The state entity's "Grievance Procedures Under the Americans with Disabilities Act" (see sample in Appendix B) shall be made readily available, such as by posting it to the state entity's website and by providing a copy to anyone inquiring or complaining informally about accommodation of disability in the state entity's programs or services.

4

## SECTION II:  AMERICANS WITH DISABILITIES ACT
## PROVISIONS, AND ACCOMPANYING REGULATIONS

The Americans with Disabilities Act, Title II, contains the following provisions regarding the reasonable accommodation of members of the public with disabilities:

SUBCHAPTER II - PUBLIC SERVICES
Part A - Prohibition Against Discrimination and Other Generally Applicable Provisions
    *Sec. 12131. Definitions*
        As used in this subchapter:
            (1) State entity
            The term "state entity" means
                (A) any State or local government;
                (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and
                (C) the National Railroad Passenger Corporation, and any commuter authority (as defined in section 24102(4) of title 49).
            (2) Qualified individual with a disability
            The term "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a state entity.
    *Sec. 12132. Discrimination*
    Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of services, programs, or activities of a state entity, or be subjected to discrimination by any such entity.

The accompanying regulations (28 C.F.R. Part 35–Nondiscrimination on the Basis of Disability in State and Local Government Services) provide details as to agency obligations. They are available at www.ada.gov/ada title II.htm. Use this link also to access ***Title II Regulations: 2010 Guidance and Section-by-Section Analysis***, or click on www.ada.gov/ regs2010/titleII 2010/titleII 2010 regulations.htm#a2010guidance.

See also ***ADA Best Practices Tool Kit for State and Local Governments***, at **http://www.ada.gov/pcatoolkit/toolkitmain.htm**.

5

## SECTION III: DEFINITIONS AND LEGAL
## STANDARDS FOR REASONABLE ACCOMMODATION
## IN STATE PROGRAMS AND SERVICES

### 1. State Entities

"State entities" include State government, and any department, agency, special purpose district, or other instrumentality of a State or States government. (28 CFR 35.104)

### 2. Qualified Individual with a Disability

A "qualified individual with a disability" means an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, the removal of architectural, communication, or transportation barriers, or the provision of auxiliary aids and services, meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a state entity (28 CFR 35.104).

### 3. Disability

"Disability" is defined as a physical or mental impairment that substantially limits one or more of the major life activities of such individual; a record of such an impairment; or being regarded as having such an impairment. (28 CFR 35.104)

### 4. Prohibitions Against Unlawful Discrimination (28 CFR 35.130)

A state entity, in providing any aid, benefit, or service, may not, directly or through contractual, licensing, or other arrangements, on the basis of disability:

(1) deny a qualified individual with a disability the opportunity to participate in or benefit from the aid, benefit, or service;

(2) afford a qualified individual with a disability an opportunity to participate in or benefit from the aid, benefit, or service that is not equal to that afforded others;

(3) provide different or separate aids, benefits, or services to individuals with disabilities or to any class of individuals with disabilities than is provided to others unless such action is necessary to provide qualified individuals with disabilities with aids, benefits, or services that are as effective as those provided to others;

(4) otherwise limit a qualified individual with a disability in the enjoyment of any right, privilege, advantage, or opportunity enjoyed by others receiving the aid, benefit, or service.

More specifically, a state entity:

- may not, directly or through contractual or other arrangements, utilize criteria or methods of administration that has the effect of subjecting qualified individuals with disabilities to discrimination on the basis of disability;

6

- may not, in determining the site or location of a facility, make selections that have the effect of excluding individuals with disabilities from, denying them the benefits of, or otherwise subjecting them to discrimination;

- may not administer a licensing or certification program in a manner that subjects qualified individuals with disabilities to discrimination on the basis of disability, nor may a state entity establish requirements for the programs or activities of licensees or certified entities that subject qualified individuals with disabilities to discrimination on the basis of disability;

- shall not impose or apply eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any service, program, or activity, unless such criteria can be shown to be necessary for the provision of the service, program, or activity being offered;

- shall administer services, programs, and activities in the most integrated setting appropriate to the needs of qualified individuals with disabilities;

- may not place a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the costs of measures, such as the provision of auxiliary aids or program accessibility, that are required to provide that individual or group with the nondiscriminatory treatment required by the Act or this part;

- shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association;

- may impose legitimate safety requirements necessary for the safe operation of its services, programs, or activities. However, the state entity must ensure that its safety requirements are based on actual risks, not on mere speculation, stereotypes, or generalizations about individuals with disabilities;

- shall permit the use of a service animal, consistent with ADA regulation 28 CFR 35.136, and where applicable, Human Rights Law § 296.14. See 28 CFR 35.136 and related guidance at www.ada.gov/regs2010/titleII_2010/titleII_2010_regulations.htm#a2010guidance.

- shall make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability, unless the state entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

## 5.  Program Accessibility (28 CFR 35.149-150)

Except as otherwise provided below, no qualified individual with a disability shall, because a state entity's facilities are inaccessible to or unusable by individuals with disabilities, be excluded from participation in, or be denied the benefits of the services, programs, or activities of a state entity, or be subjected to discrimination by any state entity.

A state entity shall operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities. This does not:

> (1) Necessarily require a state entity to make each of its existing facilities accessible to and usable by individuals with disabilities;

> (2) Require a state entity to take any action that would threaten or destroy the historic significance of a historic property; or

> (3) Require a state entity to take any action that it can demonstrate would result in a fundamental alteration in the nature of a service, program, or activity or in undue financial and administrative burdens.

In those circumstances where personnel of the state entity believe that the proposed action would fundamentally alter the service, program, or activity or would result in undue financial and administrative burdens, a state entity has the burden of proving that compliance would result in such alteration or burdens.

The decision that compliance would result in such alteration or burdens must be made by the head of a state entity or his or her designee after considering all resources available for use in the funding and operation of the service, program, or activity, and must be accompanied by a written statement of the reasons for reaching that conclusion. If an action would result in such an alteration or such burdens, a state entity shall take any other action that would not result in such an alteration or such burdens but would nevertheless ensure that individuals with disabilities receive the benefits or services provided by the state entity.

A state entity may comply with the requirements of this section through such means as:

- redesign or acquisition of equipment;

- reassignment of services to accessible buildings;

- assignment of aides to beneficiaries;

- delivery of services at alternate accessible sites.

A state entity is not required to make structural changes in existing facilities where other methods are effective in achieving compliance. In choosing among available methods for meeting the requirements of this section, a state entity shall give priority to those methods that offer services, programs, and activities to qualified individuals with disabilities in the most integrated setting appropriate.

## 6.    Undue Burden (28 CFR 35.164)

A state entity is not required to take any action that it can demonstrate would result in a fundamental alteration in the nature of a service, program, or activity or in undue financial and administrative burdens. In those circumstances where personnel of the state entity believe that the proposed action would fundamentally alter the service, program, or activity or would result in undue financial and administrative burdens, a state entity has the burden of proving that compliance would result in such alteration or burdens.

The decision that compliance would result in such alteration or burdens must be made by the head of the state entity or his or her designee after considering all resources available for use in the funding and operation of the service, program, or activity and must be accompanied by a written statement of the reasons for reaching that conclusion.

If an action required to comply would result in such an alteration or such burdens, a state entity shall take any other action that would not result in such an alteration or such burdens but would nevertheless ensure that, to the maximum extent possible, individuals with disabilities receive the benefits or services provided by the state entity.

## 7.    Direct Threat (28 CFR 35.139)

A state entity is not required to permit an individual to participate in or benefit from the services, programs, or activities of that state entity when that individual poses a direct threat to the health or safety of others.

Direct threat means a significant risk to the health or safety of others that cannot be eliminated by a modification of policies, practices or procedures, or by the provision of auxiliary aids or services. (28 CFR 35.104)

In determining whether an individual poses a direct threat to the health or safety of others, a state entity must make an individualized assessment, based on reasonable judgment that relies on current medical knowledge or on the best available objective evidence, to ascertain: the nature, duration, and severity of the risk; the probability that the potential injury will actually occur; and whether reasonable modifications of policies, practices, or procedures or the provision of auxiliary aids or services will mitigate the risk.

9

**8. Notice**

A state entity shall make available to applicants, participants, beneficiaries, and other interested persons information regarding the applicability of Title II of the ADA to the services, programs, or activities of the state entity, and make such information available to them in such manner as the head of the state entity finds necessary to apprise such persons of the protections against discrimination assured them by the Act. (28 CFR 35.106)

For more information on notice requirements, see ***ADA Best Practices Tool Kit for State and Local Governments***, Chapter 2: ADA Coordinator, Notice & Grievance Procedure, at http://www.ada.gov/pcatoolkit/chap2toolkit.htm.
A sample written Notice is found in Appendix A.

**9. Information & Signage (28 CFR 35.163)**

A state entity shall ensure that interested persons, including persons with impaired vision or hearing, can obtain information as to the existence and location of accessible services, activities, and facilities.

A state entity shall provide signage at all inaccessible entrances to each of its facilities, directing users to an accessible entrance or to a location at which they can obtain information about accessible facilities. The international symbol for accessibility shall be used at each accessible entrance of a facility.

**10. Communications (28 CFR 35.160)**

A state entity shall take appropriate steps to ensure that communications with applicants, participants, members of the public with disabilities are as effective as communications with others.

A state entity shall furnish appropriate auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, and members of the public, an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity of a state entity.

Auxiliary aids and services include:

(1) Qualified interpreters on-site or through video remote interpreting (VRI) services; note takers; real-time computer-aided transcription services; written materials; exchange of written notes; telephone handset amplifiers; assistive listening devices; assistive listening systems; telephones compatible with hearing aids; closed caption decoders; open and closed captioning, including real-time captioning; voice, text, and video-based telecommunications products and systems, including text telephones (TTYs), videophones, and captioned telephones, or equally effective telecommunications devices; videotext displays; accessible electronic and information technology; or other effective methods of making aurally delivered information available to individuals who are deaf or hard of hearing;

(2) Qualified readers; taped texts; audio recordings; Brailed materials and displays; screen reader software; magnification software; optical readers; secondary auditory programs (SAP); large print materials; accessible electronic and information technology; or other effective methods of making visually delivered materials available to individuals who are blind or have low vision. (28 CFR 35.104)

The type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place.  In determining what types of auxiliary aids and services are necessary, a state entity shall give primary consideration to the requests of individuals with disabilities. In order to be effective, auxiliary aids and services must be provided in accessible formats, in a timely manner, and in such a way as to protect the privacy and independence of the individual with a disability.

A state entity shall not require an individual with a disability to bring another individual to interpret for him or her.

## SECTION IV:  UNIFORM PROCEDURES FOR REASONABLE ACCOMMODATION IN STATE PROGRAMS AND SERVICES

This section describes the procedures for handling reasonable accommodation requests from individuals with disabilities.

### ADA Coordinator (Designee for Reasonable Accommodation)

Pursuant to 28 CFR 35.107, a state entity that employs 50 or more persons shall designate at least one employee to coordinate its efforts to comply with and carry out its responsibilities under this part, including any investigation of any complaint communicated to it alleging its noncompliance with this part or alleging any actions that would be prohibited by this part. The state entity shall make available to all interested individuals the name, office address, and telephone number of the employee or employees designated pursuant to this paragraph.

A state entity that employs 50 or more persons shall adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by this part.

As stated above, the ADA Coordinator shall be the agency's Designee for Reasonable Accommodation (DRA).

### Requests for Accommodation

Whenever an individual with a disability requests reasonable accommodation with regard to state programs or services, the accommodation should be provided whenever there is no issue of undue burden or direct threat, as those concepts are described above.  Whenever a requested accommodation cannot be immediately granted, the matter should be referred to the DRA.

The DRA shall contact the individual requesting accommodation, and shall make a bona fide effort to reach a solution consistent with this policy and applicable legal standards.  The DRA shall consult, as needed, with the agency's Counsel and Fiscal Officer.  Where a reasonable accommodation cannot be offered as requested, the DRA shall assure that the individual requesting accommodation is aware of the agency's formal grievance procedures.

### Grievance Procedures

Any individual who is unsatisfied with the state entity's response to his or her needs as a person with a disability, or who is unsatisfied with the accommodation provided by the state entity, or who has been informally denied a requested accommodation, is entitled to file a formal written complaint with the agency. (28 C.F.R. § 35.107(b))

The formal written complaint shall be filed with the agency's DRA, whose name, title and address shall be readily available to the public, and provided to anyone who wishes to file a complaint.

Alternative means of filing the complaint must be available where necessary to afford the individual with a disability the ability to file the complaint. These include such alternatives as a verbal interview conducted by the DRA (or his or her designee for this purpose), or acceptance of a tape recording of the complaint. The DRA will assure that the complaint taken by alternate means is reduced to written form for recordkeeping purposes.

Within 15 calendar days after receipt of the complaint, **the** DRA or **his or her** designee will meet with the complainant to discuss the complaint and the possible resolutions. Within 15 calendar days of the meeting, **the** DRA or **his or her** designee will respond in writing, and where appropriate, in a format accessible to the complainant, such as large print, Braille, or audio tape. The response will explain the position of the agency and offer options for substantive resolution of the complaint. The response will also contain information on how to appeal any adverse decision.

Adverse decisions are appealable to the agency head or his or her designee by the individual, or the individual's designee. An appeal must be filed with the agency head or his or her designee within 15 days of the written response from the DRA.

The agency head or his or her designee shall, within 15 days of receipt of the appeal, respond in writing, and, where appropriate, in a format accessible to the complainant, with the agency's final resolution of the complaint, or indicating that the matter has been returned to the DRA for further action. If further action is indicated, the complainant will be contacted by the DRA within 15 days from the agency head or his or her designee written response, and further prompt action will be taken to resolve the complaint in accordance with the agency head or his or her designee instructions.

For more information on ADA requirement for grievance procedures, see ***ADA Best Practices Tool Kit for State and Local Governments***, Chapter 2: ADA Coordinator, Notice & Grievance Procedure, at http://www.ada.gov/pcatoolkit/chap2toolkit.htm.

A sample Grievance Procedure is found in Appendix B.

## Appendix A:

## NOTICE UNDER THE AMERICANS
## WITH DISABILITIES ACT

In accordance with the requirements of title II of the Americans with Disabilities Act of 1990 ("ADA"), the **New York State Department of State** will not discriminate against qualified individuals with disabilities on the basis of disability in its services, programs, or activities.

***Employment:*** **New York State Department of State** does not discriminate on the basis of disability in its hiring or employment practices and complies with all regulations promulgated by the U.S. Equal Employment Opportunity Commission under title I of the ADA.

***Effective Communication:*** **New York State Department of State** will generally, upon request, provide appropriate aids and services leading to effective communication for qualified persons with disabilities so they can participate equally in **New York State Department of State's** programs, services, and activities, including qualified sign language interpreters, documents in Braille, and other ways of making information and communications accessible to people who have speech, hearing, or vision impairments.

***Modifications to Policies and Procedures:*** **New York State Department of State** will make all reasonable modifications to policies and programs to ensure that people with disabilities have an equal opportunity to enjoy all of its programs, services, and activities. For example, individuals with service animals are welcomed in **New York State Department of State** offices, even where pets are generally prohibited.

Anyone who requires an auxiliary aid or service for effective communication, or a modification of policies or procedures to participate in a program, service, or activity of **New York State Department of State,** should contact the office of **Maria C. Herman, Director of Affirmative Action Programs/ADA Coordinator, One Commerce Plaza, 99 Washington Ave., Suite 1150, Albany, NY 12231, Phone (518) 473-3401** as soon as possible but no later than 48 hours before the scheduled event.

The ADA does not require the **New York State Department of State** to take any action that would fundamentally alter the nature of its programs or services, or impose an undue financial or administrative burden.

Complaints that a program, service, or activity of **New York State Department of State** is not accessible to persons with disabilities should be directed to **Maria C. Herman, Director of Affirmative Action Programs/ADA Coordinator, One Commerce Plaza, 99 Washington Ave., Suite 1150, Albany, NY 12231, Phone (518) 473-3401.**

**New York State Department of State** will not place a surcharge on a particular individual with a disability or any group of individuals with disabilities to cover the cost of providing

14

auxiliary aids/services or reasonable modifications of policy, such as retrieving items from locations that are open to the public but are not accessible to persons who use wheelchairs.

## Appendix B:

## GRIEVANCE PROCEDURE UNDER THE AMERICANS WITH DISABILITIES ACT

This Grievance Procedure is established to meet the requirements of the Americans with Disabilities Act of 1990 ("ADA"). It may be used by anyone who wishes to file a complaint alleging discrimination on the basis of disability in the provision of services, activities, programs, or benefits by the **New York State Department of State**. Employment-related complaints of disability discrimination are covered elsewhere, in policies available from the human resources office of the **New York State Department of State**.

The complaint should be in writing and contain information about the alleged discrimination such as name, address, phone number of complainant and location, date, and description of the problem. No particular format of the complaint is required. Alternative means of filing complaints, such as personal interviews or a tape recording of the complaint, will be made available for persons with disabilities upon request.

The complaint should be submitted by the grievant and/or his or her designee as soon as possible but no later than 60 calendar days after the alleged violation to:

> **Maria C. Herman, Director of Affirmative Action Programs, Designee for Reasonable Accommodation / ADA Coordinator**
> **One Commerce Plaza, 99 Washington Ave., Suite 1150, Albany, NY 12231, Phone (518) 473-3401**

Within 15 calendar days after receipt of the complaint, the ADA Coordinator or his or her designee will meet with the complainant to discuss the complaint and the possible resolutions. Within 15 calendar days of the meeting, the ADA Coordinator or his or her designee will respond in writing, and where appropriate, in a format accessible to the complainant, such as large print, Braille, or audio tape. The response will explain the position of the **New York State Department of State** and offer options for substantive resolution of the complaint.

If the response by the ADA Coordinator or his or her designee does not satisfactorily resolve the issue, the complainant and/or his or her designee may appeal the decision within 15 calendar days after receipt of the response to the agency head or his or her designee or his or her designee.

Within 15 calendar days after receipt of the appeal, the agency head or his or her designee or his or her designee will respond in writing, and, where appropriate, in a format accessible to the complainant, with the agency's final resolution of the complaint, or indicating that the matter has been returned to the ADA Coordinator for further action. If further action is indicated, the complainant will be contacted within 15 days from the written response.

All written complaints received by the ADA Coordinator or his or her designee, appeals to the agency head or his or her designee or his or her designee, and responses from these two offices will be retained by the **New York State Department of State** for at least three years.

16

**Appendix C:**

**AMERICANS WITH DISABILITIES ACT COMPLAINT
FORM**

Please use this form to file a complaint based on disability in the provision of services, activities, programs or benefits.

Please submit this form to the ADA Coordinator, **Maria C. Herman, New York State Department of State**; you may find contact information for **Maria C. Herman** at <u>http:www.dos.ny.gov/forms/Language_Access_Contact_Info.pdf</u>.

**<u>COMPLAINANT INFORMATION</u>**

Name:                                          Home Phone:

Home Address:                                  Email:

1. Your claim is made against:

   State Agency:

   Name:

   Title:

   Address:

   Phone:

2. Location(s) and date(s) of the circumstances giving rise to your complaint:

   Are the circumstances of your complaint continuing?
   ☐ Yes    ☐ No

17

3.  Please describe the alleged denial of services, activities, programs or benefits and your reason(s) for concluding that the conduct was discriminatory.  Please include the name(s) of witnesses, if any, and attach supporting data, if available.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

4.  A.  Have you filed a claim regarding this complaint with a federal, state or local government agency?
    ☐ Yes    ☐ No

    B.  Have you hired an attorney with respect to the allegations in the complaint?
    ☐ Yes    ☐ No

    C.  Have you instituted a legal suit or court action regarding this complaint?
    ☐ Yes    ☐ No

5.  This complaint form was completed by:
    ☐ ADA Coordinator    ☐ Complainant


SIGNATURE: _____    DATE: _____

18