

RECEIVED
APR 24 2018
U.S.D.C.
WP

MEMO ENDORSED

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

MARC FISHMAN

        Plaintiff,

                       CASE NO. 18-cv-00282-KMK

     v.

Office of Court Administration New York State Courts

        Defendants

*[Handwritten: Defendants are to respond to this application by May 4, 2018. So Ordered.]*

-------------------------------------------------------------------

## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF &

## DECLARATORY JUDGEMENT

## REQUEST FOR PROMPT HEARING AND INCORPORATED

*[Handwritten signature: M KM 4/26/18]*

*[Handwritten: The Clerk of the Court is directed to mail a copy of this Order to the Plaintiff]*

-------------------------------------------------------------------

Plaintiff, MARC FISHMAN, Plaintiff *pro se* herein, in accordance with Rule 65, Federal rules of civil Procedure, requests that this court enter a Preliminary injunction ordering Defendants to provide Plaintiff with reasonable accommodations for my disabilities including a qualified note taker, an aide for the court program of visitation and large print court orders to insure "meaningful access to the court and court services/programs" in the

Case 7:18-cv-00282-KMK   Document 17   Filed 04/24/18   Page 2 of 28

"State" entity.   Plaintiff, Marc Fishman seeks an injunction ordering defendants not to jail me again for making disability accommodation requests and or communicating to the "State" entity about disability accommodations(see March 30, 2018 where Family state Court threatens to jail me /hold me contempt if I make additional ada "accommodation requests of the court in exhibit "G,") to the "State" entity.

Plaintiff, MARC FISHMAN seeks declaratory Judgment against Office of Court Administration New York (the "State Entity") that it's "State" Entity court grievance procedures for administrative ADA complaints violate Federal law CFR 28 35.107 for failure to provide "Prompt and Fair" equitable resolution process to insure timely grievances and are not uniform for its "State" Family court article 6/8 cases compared to non-family "State" Entity court cases. Plaintiff also seeks declaratory judgment that the defendants have discriminated against me in failing to provide the reasonable accommodations required of a public "State" Entity access to courthouse and court programs/services in violation of title two of the ADA, New York Human Rights laws and Section 504 of the Rehabilitation Act of 1973 and 28 CFR 35.130 (b) 7, and 28 CFR 35.160 as well as ordering me not to file any additional disability accommodation requests( see March 30, 2018 court order from the State entity Family court.)

Plaintiff relies upon my Verified Complaint (exhibit ___ in record with all exhibits), the attached letter from Dr. Dr Brown of the Cognition Center dated 4/19/2018 (attached exhibit "A",  Email from ADA liaison for court that all ada accommodations requests are handled by the judge in the case dated 6/23/17, Court order from the Family Court "State" Entity dated April 11, 2018 and entered April 13, 2018, exhibit "C," New York State Manual titled "Procedures for Implementing Reasonable Accommodations in Programs and Services for Individuals with disabilities" exhibit "D," Washington State Report titled "Ensuring Equal access for People with disabilities: A guide for Washington courts" exhibit "E", and the two page ADA bulletin American with disabilities and the courts, New York State guide to ensuring people with disabilities full and equal access to the courts a guide for judges and court personnel court  exhibit "F" and "State" family court order dated March 30, 2018 exhibit "G," Letter from Nancy Mangold, State "Office of Court Administration, Division of Professional and Court Services dated September 26, 2016" as Exhibit "H," Letter from James Garfien from Unified Court System, New York "State" dated October 31, 2016 as exhibit "I," letter dated 3/13/18 from appellate division that ADA grievance  for denial of 1/25/17 ada order will be decided in "due course" exhibit "K,"  Press Release from New York Courts Dated September 26,

2017 titled "New Committee Aims to Promote Court Access fore People with Disabilities as Exhibit "J," order from Supreme Court Hon. Judge Malone denying to move denial of ADA Accommodations from family court cases to supreme court dated June 22, 2017 as Exhibit "L" and January 25, 2017 entered and dated "State" Family court order denying a note taker signed from administrator from Judge Schauer exhibit "M" and appellate decision denying permission to appeal in exhibit "N" dated_____2017, as support of this motion.

## STATEMENT OF FACTS

The New York Office of Court Administration "State" Entity including its Family Court Division/units repeatedly, and continuously discriminated and continue to discriminate in their operation of "State" Entity Family court entity proceedings against me as an ada qualified disabled man with multiple qualified disabilities including Traumatic Brain Injury, Severe Obstructive Sleep Apnea, Occipital Neuralgia, Post Concussion Syndrome, TMJ, Cubital Tunnel Syndrome and Peripheral Neuropathy for almost 4 years now.

My disabilities effect the major life/bodily functions of sleeping, eating, remembering, registering, organizing and writing.

The "State" family court entity has already acknowledged I am qualified ADA disabled in the attached exhibit "L" denial of ADA Accommodations dated January 25, 2017. In the order, the court denied a note taker service in the courtroom even though a note taker is required to be provided as an accommodation of a "State" entity in the bulletin titled " Procedures for Implementing Reasonable Accommodations in programs and services for individuals with disabilities." exhibit "D" page 10. On page 10 of the NY State Ada Accommodations bulletin it states, under item 10, Communications, "A State entity shall furnish auxiliary aids and services where necessary to afford individuals with disabilities, including applicants, participants, and members of the public an equal opportunity to participate in and enjoy the benefits of, a service program, or activity of a state entity. Auxiliary aides and services including: 1. Qualified interpreters on site or through video remote interpreting (VRI) services; NOTE TAKERS;" On page 11 of exhibit "D" of the section for "Auxiliary aides and services" includes "LARGE PRINT MATERIALS," in the third sentence. The "State" Family court program of court supervised visitation partially funded with federal and state funds must not discriminate against the disabled. The program must provide aids to the disabled like me with physical disabilities like cubital tunnel syndrome to provide "meaningful access to courts and

court programs", See Tennessee versus Lane, 541 U.S. 509. New York State courts are "State" entities that accept Federal funds to operate and therefore may not discriminate under section 504 of the Rehabilitation Act of 1973.

 In denying the requested Accommodations of a note taker, large print court orders, and an aide of my choice for the court programs of supervised visitation and other "reasonable accommodations" the Defendant "State" Entity Office of Court Administration has intentionally discriminated against me in violation of title two of the ADA Act, 42 U.S.C $ 12101 et seq, Section 504 of the Rehabilitation act of 1973 and New York Human Rights Laws. As I was previously injured twice during the court program of supervised visitation a the YWCA because my aide was denied participation in this state funded court program with my four active, young children. The state exhibited deliberate indifference to my serious medical needs, the needs of two of my ada qualified disabled sons, and risk of harm. Since the Defendant "State" entities courts are threatening "contempt" and "jail" in the attached "State" entity court orders for making "additional disability accommodations" in exhibit "G" and  requesting the court to pay for the note taker in exhibit "C"  , there is greater injustice to plaintiff if the requested  injunction is denied than harm to the defendants if granted and granting the requested relief will not disserve the public interest. Other states

including Colorado, Maryland, Washington state and Florida already provide note takers in their court rooms to the qualified disabled with cognitive disabilities including traumatic brain injury. The "State" entity court has already jailed me for requesting disability accommodations (see 6/27/17 transcript in the original petition courts number ___, in official record.) A prompt hearing on this motion is requested so as to put an end to the defendant's unconstitutional and unlawful conduct so the Plaintiff can obtain all the required needed reasonable accommodations for my qualified ADA disabilities.

New York State and its Office of Court Administration is a public "State" entity subject to title two of the ADA, Section 504 of the rehabilitation act of 1973.

New York State and its Office of Court Administration have denied providing me with a qualified note taker in violation of 28 CFR 35.160 where a state entity must pay for and provide reasonable accommodations including auxiliary aides of a note taker in State Entity Court proceedings to provide meaningful communications with the court (see exhibit "C" ) April 11, 2018 court order entered April 13, 2018 where Family court allowed a note taker/scribe/transcriber but refused to pay for it for me. However, New York State has allowed and paid for note takers for my ex-wife and publicly

Case 7:18-cv-00282-KMK   Document 17   Filed 04/24/18   Page 8 of 28

funded Legal Services of the Hudson Valley Inc attorneys (who does not seem to have any qualified ada disability) for over three years now. My ex-wife's attorneys receive over $4 million dollars a year in state and federal Office of court administration and Us government funds/grants to operate and supply attorneys and note takers to  litigants like my ex-wife without disability in New York State Family Court Proceedings..

If the Family court entities and judges including Judge Schauer, Judge Klein and Magistrate Jordan have allowed and continue to allow Legal Services Hudson Valley, Inc ( non-profit attorneys funded by the "State" and Federal  government) access to the courtrooms with their government funded note takers, than the court must provide the same accommodation to me. To exclude note takers for me with a qualified ada disability like traumatic brain injury and severe obstructive sleep apnea that limits short term memory, organizing and recall is disability discrimination. Having the note takers present in the courtroom does not effect the operation or decision granting authority of the court and there is no "Younger Case" exemption.  If the state court entities under three separate judges have allowed opposing government funded counsel note takers for over 36 months, then the court must allow me as a disabled accommodation with doctors letter from dr brown a note taker for note taking services

(see exhibit "A".) By the court denying large print court orders at the ada hearing on June 21, 2017, the court was discriminating(see original verified complaint.) The Washington state ada accommodations report in exhibit "E" states that large print court orders are needed for the cognitively impaired like me with traumatic brain injury, occipital neuralgia and severe obstructive sleep apnea. Am limited in bending my elbow to take notes with my disability with peripheral neuropathy of cubital tunnel syndrome. The courts own bulletin in exhibit "F" states on page two that the court provides "scribes" for its disabled litigants as administrative accommodations in its court rooms.

There are no stenographers in New York State Family court rooms. So note taker services for the Cognitively disabled are sorely needed as reasonable accommodations. It can take up to six months to order a transcript from digital New York "State" family court recordings. Transcripts are expensive and need extensive editing. The delay to order and receive a transcript severely effects meaningful access to understand what is going on in court. This is particularly true with those like me with cognitive memory impairments.

In the court order on exhibit "G" the state granted an aide for the court program of disability to assist me to have meaningful access to this

court program.  However the ada accommodation approval was subject to opposing counsel's approval.  That is illegal.  No where in Title Two of the ADA does it state that opposing counsel must approve an accommodation by a public State entity or public state entity program,/service for an ada disability.  Since the court acknowledged the disability, the court must provide and allow the aide  without the adversarial process.

Whether the "reasonable accommodations" were willful or not is not determinative if the state court entity discriminated.  It constitutes disability discrimination   if   the   state   entity   just   denied   the   reasonable accommodations(once qualified disability is established, Loretta Lynch in her 2010 ADAAA interpretation stated anyone regarded as having a traumatic brain injury is qualified ADA disabled.). By denying the note taker in the January 25, 2017 state order(after acknowledging I am disabled see exhibits "M", the state court discriminated against me in violation of title two of the ada.  By refusing to pay for my note taker services in court, while paying for my ex-wife's note taker (through funding of ex-wife's attorney publicly funded Legal Services of the Hudson Valley, Inc.)

Have attempted to reach out to both Barbara Zahler Gringer Esq., chief legal counsel of the State entity "OCA and Lisa Evans Esq., attorney for this case with OCA, but neither have returned my calls in the last month.

In fact, Barbara Zahler Gringer, called my ADA advocate, Donna Drumm, Esq. and stated she could not speak with me while this action is pending. The state entity has a fiduciary, ethical, morale, professional and civic duty to communicate with the qualified disabled litigants about administrative ada accommodations such as aides, note takers, large print court orders and other reasonable accommodations.  This is regardless if there is a federal lawsuit or not to protect/enforce civil rights.

New York State's Office of Court administration bulletin in exhibit "F," that is the judge's guide for ada matters states that if a judge decides on the administrative accommodations, the only grievance available is an appeal to a higher court.  This point is reinforced in the letters from the "state " in exhibits "H" and "I".  New York's second department is the most backed up appellate court in the county and state.  Some state appeals take over three years to get a decision.

New York State appellate division denied my appeal because they state that I did not ask  permission to file a grievance/appeal (see exhibit "N" order dated _____ from the Ny State Supreme Court Appellate Division Second Dept.  New York State cited article 6/8 of the family court act as reason that I could not appeal a non-final order.  One of the judges in Family court, Michelle I Schauer has refused to issue a final order on visitation and

custody for over 47 months now. This delay in issuing a Final Order has been retaliation by the family court state entity and OCA for filing complaints against the Oca in Federal Court. Final decisions have been promised since September 2017 when the case allegedly ended. Now over 6 months after final arguments, there is no plausible or reasonable reason a final order has not been issued other than retaliation by the "State."

By requiring permission to file ADA grievance/appeal with the appellate division on article 6/8 cases , New York State is violating 28 CFR 35.107 law. This federal law requires "prompt and fair" resolution of ada grievances/complaints. Filed my grievance/complaint last February and March 2017, but was denied by the appellate division to hear my appeal(see exhibit "N.", because the ada denial of accommodations order in exhibit "M" dated 1/25/17 was not a "final order." This denial is discriminatory of the "State Entity." New York State Office of Court administration must have the same grievance procedure for article 6/8 case as those available in other New York courts. In New York State taxi court, parking court, housing court and civil court, ada appeals/grievances can be appealed as of right. That is not the case in my article 6/8 family court case. In article 6/8 cases, a disabled litigant needs to wait months and file a motion asking permission to file appeal ada denials/grievances before a case ends. The law requiring

"permission" violates a fundamental provision of ada: that grievances be processed expeditiously. If a state does not think it has to give you the administrative accommodations, why would a state grant permission to appeal it before the case ends?  As such, The New York "State" has disparate, discriminatory and separate grievance procedures for ADA orders from judges in Family court as compared to courts of other legal matters. Such practice is illegal and violates federal ada and section 504 of the 1973 rehabilitation act. No other State has such a ridiculous or lengthy ada appeals process as New York in article 6/8 cases.

As the order and grievance practice is illegal and New York State has acknowledged it is illegal with "barrier to accommodations in the court (see Exhibit "J" attached, this court must grant declaratory judgment that the New York state office of court administrative grievance procedure is illegal and in violation of the ADA.

This declaration is imperative not just for me as qualified disabled litigant in family court, but for hundreds of other denied reasonable accommodations in other New York family courts. Federal Law in 28 CFR 35.107 is clear. The ada grievance procedure must be "prompt and fair"."  Waiting three years for an appellate decision from the Second Dept Appellate Division is

not "prompt"   It is unfair to have to lengthy judicial appeal for an administrative accommodation at all in Appellate court. These should only be handled and administrated by ada administrators like in most other states.

We cannot wait for the NY State Committee on access to the courts for the disabled to submit its recommendations in late 2018 or 2019 to have grievances processed now in state courts (see Exhibit "J".)   The Federal court needs to act now and declare the grievance procedure in New York State court is discriminatory and violates ADA( 28 CFR 35.107) and the section 504 of the rehabilitation act of 1973. This so a new grievance procedure can be put in place immediately to insure the disabled like me have "prompt" resolution of New York state ada grievances denied by a judge in this "State" entity (per 28 CFR 35.107.)


Pursuant to rule 10c, Federal Rules of civil procedure, Plaintiff incorporates the Verified Complaints factual allegations in this motion.

A Preliminary Injunction should issue if the Plaintiff successfully demonstrates that (1) there is substantial likelihood of success on the merits; (2) the Plaintiff will suffer irreparable injury if the injunction is not issued;(3) the threatened harm to the Plaintiff outweighs any potential harm to the opposing party; and (4) the injunction, if issued, would not be adverse

to the public interest. Bellsouth Telecoms,. Inc v. MCI Metro Access Transmission Servs., LLC, 425 F.3d 964,968(11th Cir. 2005); Haitian Refugee Center, Inc. v. Nelson, 872 F. 2d 1555, 1561-62 (11th Cir. 1989), aff'd 498 U.S. 479 (1991); Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002).

This standard is not rigidly applied by assigning a fixed quantitative value to each of the four factors. Rather, a flexible scale – which balances each consideration and arrives at the most equitable result, given the particular circumstances of each case – is used. Texas v Seatrain International, S.A., 518 F. 2d 175, 180 (5th Cir. 1975). And of all the factors, the principal and overriding prerequisite is irreparable harm resulting from the absence of an adequate legal remedy." Sampson v. Murray, 415 U.S. 61, 88-92 & n. 68 (1974). "it is threat of harm that cannot be undone which authorizes exercise of this equitable power to enjoin before the merits are fully determined."  Parks v. Dunlop, 517 f 2d 785, 787 (5th Cir. 1975). I, Plaintiff easily meets each of these four requirements.  The State Family Court Judges threatened to hold me in contempt of court(see exhibit "G" if I file additional ADA accommodation requests.  Such threats are retaliatory and discriminatory and violate ADA.  Such "State" entity threats constitute "irreparable harm" as I am about to have additional never

surgery and have three implants that require regular maintenance and doctors visits. As a disabled litigant, I need to be able to file additional requests for reasonable accommodations—especially in a never ending 4 year old case. Needs to be additional accommodations to add flexibility to changing medical needs of two disabled sons and myself.

Money damages alone, simply will not make the plaintiff whole. Only injunctive relief can provide a meaningful remedy to plaintiff.

A. I, Plaintiff Marc Fishman have a substantial likelihood of success on the merits of these claims for violations of the ADA and Rehabilitation Act.

B. Defendants "State" OCA have violated and continue to violate the American with Disabilities Act ("ADA")

C. Title two of the ADA requires the Attorney general to promulgate regulations that implement its prohibitions against discrimination. 42 USC $ 12134(a). These regulations provide that: A Public entity shall furnish appropriate auxiliary aides (such as note takers and large print court orders) where necessary to  afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of, a service, program, or activity conducted by a public entity" 28 CFR $ 35.160(b) (1). Moreover the regulations states that

"in determining what type of auxiliary aid and service is necessary, a public entity shall give primary consideration to the requests of the individual with disabilities." Garcia v. Taylor, 2009 WL 2496521, *10 (N.D. Fla. 2009) (citing 28 CFR $ 35.160(b)(2)). Failure to make reasonable accommodations to the courtroom and court services for the qualified ada disabled constitutes discrimination by the public entity(see Tennessee v. Lane, 541 U.S. 509,531-32(2004.)

D. Thus in order to prove my ADA claim and prevail on the merits, I, Plaintiff must establish that (1) I am an individual with a disability; (2) that I was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities; and (3) that the exclusion, denial of benefits or discrimination was by reason of the Plaintiff's disability (see Bircoll, 480 F.3d at 1083; Sholtz v. Cates, 256 F. 3d 1077, 1079 (11th Cir 2001) citing 42 U.S.C $12132). In a failure to accommodate case in a state entity public accommodation context, higher courts have held that denial of reasonable accommodations that would enable the disabled to more fully participate in the services, program and activities of the public entity like a prison also constitute prima fascia disability

discrimination (see Scott v. district of Columbia, 2006 WL 1409770, *3 (D.D.C. 2006) Defendants have been aware of my disability for years and failed to accommodate me, while giving opposing counsel permission for the accommodation requested of qualified note takers, for them in the courtroom. Family Court has continued to issue half centimeter size court orders and hand written orders instead of large 12 point bold style double spaced court orders. Such large print court orders do not add significant cost to court or court programs.     Court have note takers, stenographers and interprets for communications in the court system already.

E. Whether an accommodation is "reasonable" requires a balancing of all the relevant facts including the size, facilities and resources of the defendant, the nature of and cost of an accommodation, the extent to which the accommodation is effective in overcoming the effects of the disability and whether the accommodation would require a fundamental alteration in the nature of the defendants program."     McCoy, 2006 WL 2331055 at *9(citing 45 CFR $84.12© (1-3)); School Bd. Of Nassau County v. Arline, 480, U.S. 273, 288 n. 17 (1987); Nathanson v. Medical College of

Pennsylvania, 926 F 2d 1368, 1386(3d Cir. 1991). In addition regulation 35.160 requires the public entity to honor the disabled individuals choice of auxiliary aid unless it can demonstrate another means of (note taking) that the Plaintiff does not have to pay for. Since the courts through grants/funding of the $4 million dollar grants  to my ex-wife's attorneys are already funding opposing counsels note takers, the court  can provide the same accommodation to me.

F.  Defendants have violated and continue to violate Section 504 of the Rehabilitation Act.  Like the ADA, the rehabilitation Act prohibits discrimination on the basis of disability in federally conducted programs and in all of the operations of public entities that receive federal financial assistance. Specifically, the Rehabilitation Act provides , in relevant part, that: No otherwise qualified individual with a disability in the united States, as defined " No otherwise qualified individual with a disability in the United states, As defined in section 705(20) of this title, shall solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving federal financial assistance." 28 USC $ 794(a.)

Discrimination claims under the rehabilitation Act are governed by
the same standards used in ADA cases and two statutes are
generally construed to impose the same requirements. See Allmond
v. Akal Sec., Inc., 558 F.3d 1312 (11th Cir. 2009); Cash v. Smith,
231 F. 3d 1301 (11th Cir 2000). As New York "State" Entity
receives federal funds, there is substantial likelihood exists that 1
will 1 prevail on the merits of this rehabilitation Act claim. Exh. 2
Upchurch Dep. 12:1-15; see also Harris v. Thigpen, 941 F 2d at
1522; Schroeder v. City of Chicago et al., 927 F. 2d 957(7th Cir.
1991) (clarifying that the Rehabilitation Act, as amended in 1988,
applies to the "entirety of any state or local institution that (has) a
program or activity funded by the federal government."); see
Bonner. Ariz. Dep't of Corr., 714 F. Supp. 420, 422 (D. Ariz. 1989)
holding the Rehabilitation Act plaintiff is entitled to appropriate
auxiliary aids in all operations of the Department of Corrections,
regardless of which specific program receives federal funds)
(emphasis added).

G. I, Plaintiff Will Continue to Suffer Irreparable Injury in the absence
   of a preliminary injunction.  Having demonstrated a substantial
   likelihood of success on the merits, I, plaintiff must next

demonstrate that I will suffer irreparable injury if the requested injunction is not issued. Haitian refugee center, Inc., 872 F. 2d at 1561-2. "irreparable injury" is distinguishable from mere injury, in that irreparable injury cannot be compensated through the award of money. In Judge Schauer's state entity family court a note taker has been denied for me period. Cannot pay for a note taker because Judge Schauer denied it, even though she allows note takers for the ex-wife And Legal Services Hudson Valley, Inc ( see exhibit M, denial of ada accommodation for note taker.) See United States versus Jefferson County, 720 F 2d 1511, 1520 (11th Cir 1983); Ray v. School District of Desoto County, 666 F. supp. 1524, 1535(M.D. FLA 1987).

H. In the context of the ADA and Rehabilitation act, courts have consistently held that "discrimination on the basis of disability is the type of harm that warrants injunctive relief." Doe v. Judicial Nominating Commission for the Fifteenth Judicial Circuit of Florida, 906 F. supp. 1534, 1545 (S.D. Fla. 1995); Spiegel v. City of Houston, 636 f. 2d 997 (5th Cir. 1981). Irreparable harm has been suffered and injunctive relief is appropriate "when a disabled person loses the chance to engage in normal activity." D'Amico v.

NY State Board of Law Examiners, 813 f. supp. 217, 220
(W.D.N.Y. 1993); Ray , 666 F. supp. At 1535 ("Denial of the
opportunity to lead as normal an education and social life as
possible" constitutes irreparable injury).

I. As the "State" already jailed me last summer for a three week
sentence for what it determined was failure to follow handwritten,
script court orders and court orders of protection in half centimeter
size print, the threat of not having a note taker to under stand what
the state judge expects and is not clearly stated in the order is real.
Judge schauer jailed me for sending gifts to my kids on Passover,
July 4th, Memorial Day and Easter 2016. The court order stated I
could send gifts on major holidays.   The order of protection
provided for the same approval and instructions. However the state
court said on the record court that in their judicial court opinion
there were no gift giving holidays between March and July 2016. I
forgot what the judge said and just followed the order. Had I had a
note taker, I would have been able to review the notes and see that
the judge said there were no gift giving holidays.  Instead I was
jailed, injured in jail and suffered irreparable harm.  Since Family
court orders from Judge schauer and Magistrate Jordan are

complicated, it is imperative that they be prepared in large print and that I have a note taker. If not, will probably fail to comply with a court order again without the same note taker accommodation afforded my ex-wife and her court funded legal services of Hudson valley with their court paid for note takers. An injunction is required because the family court state entity will not grant the accommodations on its own.

J. The continued and irreparable harm suffered by plaintiff far outweighs any potential harm, which the injunction may cause. The irreparable harm suffered by the plaintiff as discussed above is clear. Without the reasonable accommodations requested herein, plaintiff will most likely violate complicated small print and handwritten court orders without a note taker taking down all points. Defendant's "State" on the other hand can point to no legally recognizable harm whatsoever to themselves or others if they are required to take the steps necessary to provide me with the equal opportunity to participate in court programs, appearances, services and activities that the law requires in ordering a note taker to be provided, large print court orders and an aide of my choice for the court service of visitation.

K. Pursuant to ADA and Rehabilitation a "State", a public entity can
only avoid providing a disabled individual with the individual's
requested choice of auxiliary aid if "it can demonstrate the action
would result in a fundamental alteration in the nature of a device,
program or activity or create an undue financial burden." 28 CFR $
35.164. In such circumstances, the public entity has the burden of
demonstrating that providing the requested auxiliary aid for the
disabled individual would create such a hardship.   The "state"
entity has failed to show it cannot provide a note taker, aide for
visitation court program or large print court orders.   New York
"State" has lots of staff, interpreters, scribes, transcribers and
resources to provide these reasonable accommodations. Defendants
State Office of court administration cannot meet their burden here.
Accommodating my disability will not result in any sort of
fundamental administrative, financial, or security-related burden,
and thus it is clear that irreparable harm that plaintiff continues to
suffer outweighs any potential harm which the injunction may
cause. See also doe , 906 F. Supp. At 1545.(the third prong of the
test for preliminary injunction is also met because no damages
ensues to the JNC in abiding by the ADA." Ray 66 F. Supp at

1535(Actual ongoing injury to Plaintiffs..clearly outweighs the potential harm to others") Concerned Parents, 846 f. Supp. At 993( The expenditure of funds cannot be considered a harm if the law requires it.")

L. The public interest clearly supports injunctive relief. The broad public interest in providing protection against these vital anti-discrimination laws decidedly tips the balance of equities in favor of the entry of a preliminary injunction. There simply can be no question of any harm to the public by ensuring that Defendants comply with the ADA and the Rehabilitation Act and its prohibitions against discrimination against individuals with disabilities. See Costello v. Wainwright, 397 F. Supp. 20, 38 (M.D, Fla 1975) Footnotes omitted. The fourth prong is met because the public interest requires that discrimination against disabled not be tolerated." See Tugg, 864 F. Supp. At 1211 ("The Public has an interest in providing for full participation by persons with disabilities in the benefits afforded by the state."; Concerned Parents, 846 F. Supp at 993 (" The equality of all persons is the underlying principle of the ADA, and one which the public has ac strong interest in promoting."

M. Plaintiff should not be required to Post Bond. This court has the discretion to issue a preliminary injunction without requiring the Plaintiff to Post Bond. See people of state of California ex rel. van De Kamp v. Tahoe Regional Planning agency, 766 F. 2d 1319 modified on the grounds, 775 F 2d 998 (9th Circuit 1985); Roth v. Bank of the Commonwealth, 583 F. 2d 527, 539 (6th circuit 1978). Exercise of discretion where issues of public concern or important federal rights are involved. See Cont'l Pil co. v. frontier Ref Co., 338 F. 2d 780, 782(10th circuit. 1964).

N. As far as the declaratory judgment that Ny state violates the grievance procedures in 28 CFR 35.107, see exhibit "K" where the appellate division states in March 13, 2018 that it will handle the high priority ada grievance appeal from an order over 14 months before denying ada accommodations in "Due Course." The chief clerk in the appellate division clearly is not administering an ada grievance timely. The ADA Appeal was filed in March 2017 and denied 4/4/18 see exhibit "N" for failure to obtain permission to appeal or ask for grievance. Ny State grievances for ada administrative matters violates federal law and the Supreme court denial of accommodations assistance with the family court also

violates right to speedy resolution of "prompt and fair" ada grievances see exhibit "L" Judge Malone denial to move ADA grievances and family court cases denying ada accommodations to Westchester Supreme Court. It is clear NY State is in clear violation of 28 cfr 35.107 for not having any timely resolution of ada grievance appeals.

Wherefore plaintiff for the foregoing reasons, respectfully request that this court:

1. Promptly Schedule a hearing on Plaintiff's motion for Preliminary Injunctive Relief;

2. Issue a Preliminary Injunction requiring Defendants to provide plaintiff with the necessary ADA reasonable accommodation of Large Print 12 Bold double Spaced court orders, a note taker paid for by the state in court proceedings, and aide for court program of visitation.

3. Issue Declaratory Judgment preventing the State Court from holding Mr. Fishman in contempt for filing ada accommodations.

4. Issue Declaratory Judgment declaring Ny State Office of Court administration and Ny State Entities are in default of 28 CFR 35.107 and directing the OCA State agency to submit a proposed grievance procedure to

get into federal ada compliance with timely grievances of State Family Court matters within 30 days of this injunctive order.

5. Waive the posting of a bond for security; and

6. grant such other relief as the Court may deem just and equitable.


Respectfully Submitted,

Marc Fishman

Pro Se, Qualified ADA Disabled litigant


By: Marc Fishman