**NEW YORK STATE**
Unified Court System
OFFICE OF COURT ADMINISTRATION

LAWRENCE K. MARKS
CHIEF ADMINISTRATIVE JUDGE

JOHN W. McCONNELL
COUNSEL

May 4, 2018

Hon. Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

    Re: Fishman v. Office of Court Administration New York Courts
        18 CV 00282 KMK)

Dear Judge Karas:

    This Office represents the defendant Office of Court Administration New York Courts [sic] ("OCA") in the above-referenced action. This response is submitted in opposition to plaintiff's motion for preliminary injunctive relief and declaratory judgment filed with the court on April 24, 2018.

### I. **Plaintiff's Allegations**

    Plaintiff Marc Fishman brings this *pro se* action alleging claims of disability discrimination under the Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), and the New York State Human Rights Law ("NYSHRL"). Plaintiff's claims arise out of a pending proceeding in the Family Court of Westchester County, pursuant to Articles 6 and 8 of the Family Court Act, before Family Court Judge Michelle I. Schauer. Plaintiff is the respondent in that proceeding, brought against him by his ex-wife in June 2014. Numerous petitions brought by both parties are currently pending in that court.

    Plaintiff alleges that numerous rulings by Judge Schauer in the underlying proceeding constitute discrimination and/or retaliation on the basis of his alleged disabilities, including those rulings that: denied some of his accommodation requests; rejected his defense that his disabilities caused him to violate a temporary order of protection; adjourned hearings; required him to be evaluated by doctors, social workers,

and specialists who do not take his insurance; rejected the live testimony of the author of a medical report taken on submission; denied a request that reports by a court-appointed social worker be provided to his doctor to assist in his therapy; refused substitution of one forensic report for another; denied him standing to seek ADA accommodations on behalf of a son, who was in mother's custody and represented by own counsel; and, set terms of supervised visitation orders issued by the court.

Plaintiff seeks a preliminary injunction directing defendant to provide him with: a qualified note taker in his underlying family court proceedings, a "court aide for court program visitation" and with large print court orders. For the reasons set forth below, plaintiff's request for preliminary injunctive relief should be denied.

## II. **Plaintiff Is Not Entitled To Injunctive Relief**

Injunctive relief "is an extraordinary and drastic remedy which should not be routinely granted. Borev v. Nat'l Union Fire Ins. Co. of Pittsburgh, 935 F. 2d 30, 33 (2d Cir. 1991). It should be granted sparingly since it is "one of the most drastic tools in the arsenal of judicial remedies." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F. 3d 60, 66 (2d Cir. 2007).

The standard for interim injunctive relief requires plaintiff to demonstrate "a threat of irreparable injury and either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party." Motorola Credit Corp. v. Uzan, 322 F.3d 130, 135 (2d Dir. 2003).

Even if the plaintiff demonstrates irreparable harm and a likelihood of success on the merits, the remedy of preliminary injunctive relief may still be withheld if equity so requires. "An award of an injunction is not something a plaintiff is entitled to as a matter of right but rather it is an equitable remedy issued by a trial court, within the broad bounds of its discretion, after it weighs the potential benefits and harm to be incurred by the parties from the granting or denying of such relief." Ticor Title Ins. Co. v. Cohen, 173 F.3d 63, 68 (2d Cir. 1999).

Plaintiff cannot satisfy the standard for granting preliminary injunctive relief. He has not demonstrated any likelihood of success on the merits of his claim, nor that he is threatened with irreparable harm. Moreover, the balancing of hardships do not tip in his favor.

All of the preliminary relief plaintiff seeks is relief that has already been denied

him by the court in the underlying pending Family Court proceedings. The temporary relief he seeks is thus not aimed at preserving the status quo, but at overturning judicial determinations of the state court.

Specifically, plaintiff is seeking preliminary injunctive relief in the form of an order directing, as reasonable accommodations for his alleged disabilities, the provision of three things : a "qualified note taker;" an "aide" for child visitation meetings; and, "large print court orders." Plaintiff's Motion for Preliminary Injunctive Relief, etc., [Docket Document 17 ("Doc. 17")], p.1. All three were the subject of accommodation requests made to the Judge and Support Magistrate presiding over plaintiff's Family Court proceedings, and all three were addressed in that court.

Westchester Family Court Judge Michelle I. Schauer issued a four page Decision and Order (one paper) dated January 25, 2017, that addressed numerous ADA accommodation requests from plaintiff. See Doc. 17-13. The Court noted that, shortly before a dispositional hearing that was to be held following a fact-finding hearing that had found plaintiff to have violated temporary orders of protection in several respects, plaintiff retained a purported "ADA Advocate" to request ADA accommodations on his behalf. The Court recounted that it had previously granted that advocate's request for a 90-day adjournment, and gave her permission to be present with plaintiff during all his court appearances, for purposes of assisting him in remaining focused and speaking coherently. The Court granted plaintiff's request to wear sunglasses in the courtroom. The Court denied plaintiff's request to hire a note taker and use a tape recorder during court proceedings, noting that he could continue to order transcripts at his expense, as he had been doing for almost every prior court proceeding. The Court also denied various requests relating to "specific visitation issues," because the requests did "not concern [participation in] court programs, services or activities." See Doc. 17-13 at p.4. The Court pointed out that visitation issues "involve a judicial determination of legal rights based upon the facts of the case and will not be determined by an ex parte request made in the guise of an accommodation but, rather, as the case proceeds in court with all parties. At such time, Mr. Fishman's physical condition will be given due weight." Id.

In a Decision and Order (one paper) dated March 30, 2018, Family Court Judge Schauer addressed plaintiff's request for an ADA accommodation in the form of an aide of his choice to assist him during visits with his children, a person who he proposed should replace the professional court-appointed supervisor (Anne Elliot, a licensed social worker) who otherwise participated in these visits, plaintiff having been denied the right to unsupervised visits. See Doc. 17-7. The Court rejected plaintiff's notion that he was entitled to such proposed replacement of the professional supervisor with an aide as an ADA accommodation, finding it "meritless." See Doc. 17-7, p.5 (page 3 of the

Decision). The Judge did, however, grant plaintiff's request to the extent that it permitted plaintiff to have an aide present (in addition to the supervisor) during visitations, if he wished to obtain one at his own expense, provided that the aide's name and resume be given to the mother's attorney and the attorney for the children, and their approval of that person obtained. Id.

In a pending support proceeding against plaintiff, Family Court Support Magistrate Carol Ann Jordan issued an Order dated April 11, 2018. That order recounts how, as respondent was about to testify in his own defense, he requested, as an ADA accommodation, a scribe to take notes on his behalf. See Doc. 17-3, p.2. Initially, the plaintiff said he would provide such note taker, but then demanded the court provide one. Id. The Support Magistrate denied the request to provide a note taker during the proceedings, noting that the court does not have stenographic note taking services available for litigants during proceedings; the court permitted plaintiff (who was represented by counsel in the proceeding) to use a note taker if he wished, provided the person was a neutral party and not a potential witness. Id. at p.3.

On June 21, 2017, Judge Schauer entertained an application from plaintiff's "ADA Advocate" that included an ADA accommodation request regarding the format of court orders, seeking to have them all typed and in 12-point font. See Doc. 2 [Complaint, Exhibit H], pp.120, 124-25. Noting that to her knowledge none of the court orders were in any smaller of a font, and that handwritten orders were sometimes necessary to provide immediate relief to the parties, the Judge declined to change the Court's order-issuing practice as an ADA accommodation. Id.

### A. Plaintiff Has Not Demonstrated The Probability Of Success on The Merits

Plaintiff has not established any likelihood that he will prevail on the merits. Because his ADA claims arise out of allegedly erroneous ADA rulings made by the Family Court, he can only succeed if this Court were to rule that the Family Court Judge and Support Magistrate ruled incorrectly. Thus, his case is dependent on this Court in essence vacating existing New York Family Court orders. Under the Rooker-Feldman doctrine, the federal court is without power to review state court decisions. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 475 (1983). This rule applies to both final and non-final state court decisions and to claims for injunctive relief. Sanchez-Preston v. Judge Luria, 1996 WL 738140 (E.D.N.Y. 1996). Where plaintiff's claims would necessarily require this Court to review the merits of the Family Court's determinations, no valid predicate for jurisdiction exists. See, e.g., Fariello v. Campbell, 860 F.Supp. 54, 66-67 (E.D.N.Y. 1994), and Levine v. County of Westchester, 828 F.Supp. 238, 242 (S.D.N.Y. 1993),

aff'd 22 F.3d 1090 (2nd Cir. 1994) (discrimination claims based on allegedly incorrect state court rulings not properly within federal court's jurisdiction). Accordingly, in the absence of subject matter jurisdiction, there is no likelihood that plaintiff can succeed on the merits.

In addition, there is no likelihood of success of the merits here because the principles of abstention counsel the Court to refrain from exercising jurisdiction over plaintiff's request for any relief in this case. As first set forth in Younger v. Harris, 401 U. S. 37 (1971), abstention is rooted in the principles of "equity, comity and federalism," Gibson v. Berryhill, 411 U. S. 564, 575 (1973), and respects the State's "important interests in administering certain aspects of their judicial systems." Pennzoil v. Texas, 481 U. S. 1, 12-13 (1987); see also Falco v. Justices of the Sup. Ct., 85 F. 3d 425, 427-428 (2d Cir. 2015). The Second Circuit re-affirmed in Falco that Younger requires the federal court to abstain where an action for injunctive relief or declaratory relief would interfere with "civil proceedings involving certain orders uniquely in furtherance of the state court's ability to perform their judicial functions. Id at 427 (quoting Sprint Commc'ns v. Jacobs, 134 S. Ct. 584, 592 (2013)). Plaintiff's claim, challenging family court rulings that determine the manner in which those proceedings are to be conducted, fits squarely within Younger abstention and requires dismissal of the action.

Finally, plaintiff is unlikely to succeed on the merits because the relief he seeks cannot be obtained as against defendant OCA. Defendant OCA is the administrative arm of the state judiciary, and cannot direct a state judge to carry out her adjudicative duties and responsibilities in any particular fashion. See Balogh v. Rockland Construction Hall, Inc., 88 A. D. 2d 136 ( 2nd Dep't 1982). The accommodations plaintiff is seeking, both in the complaint and on this motion, bear on a judge's exercise of judicial authority and her inherent power to manage the courtroom and proceedings before her. Court administrators have no standing to impinge on this exercise of judicial authority, and therefore they are not proper parties for the relief sought. Absent a proper party defendant, plaintiff cannot demonstrate likelihood of success on the merits.

B. Plaintiff Cannot Demonstrate Irreparable Injury.

"A plaintiff seeking injunctive relief bears the burden of demonstrating [he] will suffer real and imminent, not remote, irreparable injury in the absence of a remedy." Henrietta D. v. Bloomberg, 331 F. 3d 261, 290 ( 2d Cir. 2003) (quotation omitted). "Irreparable harm" is a "certain and imminent harm for which monetary award does not adequately compensate." Wisdom Import Sales Co., LLC v. Labatt Brewing Co., Ltd, 339 F. 3d 101, 113 (2d Cir. 2003) (citations omitted). Thus, "only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive

relief." Id., at 113-114; see also Kammerling v. Massanari, 295 F. 3d 206, 214 (2d Cir. 2002) ("[A] party seeking preliminary injunctive relief must show that there is continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide compensation").

Plaintiff's claimed harm is neither imminent nor irreparable, and can adequately be redressed by monetary compensation. Plaintiff has been granted permission by the Family Court to use a note taker if he so desires, at his own expense. Plaintiff has not claimed he is unable to afford to hire a note taker. If plaintiff prevails, he can be compensated for covering out of pocket the expense for services that he claims should have been provided at no cost as an accommodation. In any event, transcripts of the proceedings are available to him, and provide the same information regarding the proceeding. Moreover, plaintiff has made no showing at all as to how the absence of this accommodation will harm him, much less irreparably so.

Similarly, plaintiff has been granted permission by the Family Court to engage the services of a personal aide of his choice during supervised visitation with his children, on the condition that he provide the name and a resume to the mother's attorney and the attorney for the children, and obtain those parties' approval. Plaintiff has not claimed that he is unable to afford to hire an aide (or even that his only recourse is a compensated aide). If plaintiff prevails, the cost of such aide can be compensated. In any event, visitation with his children is not a court program or service for which, to permit equal participation, the court provide an accommodation. It is, rather, simply a normal outgrowth of the parent - child relationship as it unfolds where a parent loses custody. Plaintiff cannot be irreparably harmed by the failure of the state court to provide him something to which he is not entitled.

Finally, plaintiff cannot demonstrate that he will or has suffered any irreparable harm as a result of the font size of court orders issued by the family court. As Judge Schauer noted in the June 21, 2017 proceeding, none of the court orders issued by her court were in font smaller than 12-point. Complaint, Exhibit H, pp.124-125. Moreover, the court made clear that everything that is contained in her orders are stated in open court and entered into the transcripts that are available to plaintiff. Complaint, Exhibit H, p. 125. To the extent that the court is sometimes required to issue handwritten orders, those orders are also read in open court and contained in the transcripts. Further, plaintiff also has available counsel and the assistance of an ADA advocate, both of whom are available to assist him in reading and understanding any orders issued by the court.

### C. The Balance Of Hardships Do Not Tip In Plaintiff's Favor.

Plaintiff has failed to establish that the balance of hardships tip decidedly in his favor and has also failed to sustain his burden of proving that the public interest would be best served through the grant of equitable relief. Since this Court can "issue the injunction only if the balance of hardship tips in plaintiff's favor. . .[and] . . . the public interest would not be disserved by the issuance of a preliminary injunction," such relief does not lie here. Salinger v. Colting, 607 F. 3d 68, fn 18 (2d Cir. 2010).

Plaintiff alleges that "the broad public interest in providing protection against these vital anti-discrimination laws decidedly tips the balance of equities in favor of the entry of a preliminary injunction." See, Doc. 17, p. 25. Plaintiff's allegations focus solely on his dissatisfaction with rulings made by the Judge and the Support Magistrate in his underlying family court proceedings, - - namely the denial of his request for a court paid note taker, an aide for child visitation, and large print court orders. Essentially, relief aimed at overturning judicial determinations of the state court.

As this Court is aware, there is vital public interest in the state courts administering certain aspects of its judicial functions, e.g., judicial decision making and the appeals process. As mentioned above, where as here, plaintiff's claims require this Court to review the merits of the underlying Family Court proceedings, no valid jurisdiction exists. See, e.g. Fariello at 860 F. Supp. at 66-67 (E. D. N. Y 1994). Were this Court to sit in review of the family court rulings, the balance of hardships would tip decidedly in defendant's favor where such interference would hinder the state court's ability to perform its judicial functions.

In sum, plaintiff has failed to establish a probability of success on the merits, that he will suffer certain and imminent irreparable harm and that the balance of hardships tip decidedly in his favor. Plaintiff's request for a preliminary injunction should be denied.

Respectfully submitted,

Lisa M. Evans
Assistant Deputy Counsel

cc: Marc Fishman, Plaintiff pro se
(via overnight mail)