# Marc Fishman
## 3200 Netherland Avenue
## Apartment G
## Bronx, NY 10463
## (914) 837 – 3209
## Facsimile (347) 843 - 6894

Via Hand Delivery

May 3, 2018

Honorable Judge Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150



Re:  7-18-CV-00282-KMK Civil Rights Case Fishman vs. "State" Office
     Of Court Administration New York Courts
     Response to opposing counsel request for hearing for dismissal

Dear Honorable Judge Karas:

Please be advised that I absolutely stated a claim in my case.  The claim is
disability discrimination by "State", failure to accommodate qualified ada
disabilities by "State," retaliation, intimidation for disabilities and coercion by
"State."  In addition the claim is violation of Federal and State laws including
ADA, section 504 for the rehabilitation Act and Ny human rights laws.  Am
lawfully allowed to seek compensatory damages for claims of denial of
meaningful access to state entities when the denial of accommodations and
retaliation are "willful." See ada title two 36.501 permitting private lawsuits for
injunction, relief section (a) and (b.)

 The claim states that NY "State" violated federal law 28 CFR 35.107 for failing to
have timely ADA grievance procedure for "State" Courts. NY "State" Family Act
laws for article 6 and 8 Cases violate ADA, because these "State" cases cannot
be appealed/.grieved without permission of the "State."  Under Federal Law 28
CFR 35.107, there can be no requirement of a "State" to obtain permission to file
an ada grievance or appeal.

Attempted 5 times unsuccessfully to obtain permission to appeal/file a grievance
and it was denied by the "State". The "State" is failing to administer a grievance

and the State "OCA" is not following its own grievance procedures on it website for me, but does so for other disabled litigants in court.

The Office of Court administration (OCA), New York Courts is the correct "state entity" to sue. The OCA is the state entity responsible to operate New York Courts. Federal courts have allowed disabled individuals to sue the "State." See King v. Indiana, 2015 U.S. Dist LEXUS 58388(S.D. Ind May 5, 2015, and Parakel, et al v. State of Indiana case No. 4:12-cv-45-SEB-WGH and King v Marion County Court case no. 1:14-cv-01092-JMS-MJD. The OCA State is responsible pursuant to its own nycourt.gov website ADA accessibility rules to insure all Court facilities, court programs, court services and court operations provide "meaningful access" to those like myself with qualified ADA Disabilities. "meaningful access" required under Tennessee versus Lane, 541 U.S. 509, 517, 124 S. Ct. 1978, 1984, 158 L. Ed 2d 820 2004 The ADA "law requires an effective accommodation" Noll v. IBM, 787 F.3d 89, 96(2nd Cir. 2015).

New York OCA "State" cannot have different access for different types of courts for the qualified ADA disabled for administrative accommodations. All "State" courts are required to uniformly accommodate the qualified ADA disabled. If a "State" supreme court administer granted a note taker and large print court order reasonable accommodation for me in White Plains state court, then the "State" family court located in the same building cannot legally(without discriminating) deny me the same accommodation. Users of "State "court in the same court building must have equal meaningful access. Instead of "meaningful access" am denied reasonable accommodations needed for my cognition memory impairment for access to state court/programs , even in the same "State" building.

Have clearly established disability discrimination by the "State" as State Court administrator Judge Schauer denied accommodations of a note taker for my post concussion/tbi syndrome, large print court orders for my occipital neuralgia, aide for my physical disabilities of TMJ and Cubital Tunnel Syndrome/tiredness from neuro fatigue and morning only court appearances for my severe obstructive sleep apnea. "A defendant discriminates when it fails to make a reasonable accommodation that would permit a qualified individual to have access to and take a meaningful part in public services." McEelwee  v. County of Orange, 700 F. 3d 635, 640 (2nd Cir., 2012). Other New York "State" Judges granted these accommodations because they felt I was qualified disabled and they listened to their Ada liaison. Judge schauer failed to grant the accommodations intentionally. Judge Schauer's "State" discrimination was willful, because she knew I was qualified disabled with cognitive matters and knew she granted permission for opposing counsel to have note takers in the court room. Denying me the reasonable accommodation for my disabilities of a note taker but granted to opposing counsel who is not disabled is disability discrimination, intentional and willful. Judge Schauer retaliated(in violation of ada 36.206 prohibition on retaliation and coercion by public entity) because she jailed me or retaliated against me in violation of the ada for assisting my disabled son  with his disabilities and jailing me for following her court orders. Judge Schauer also retaliated by failed to give me a final order I can appeal on the entire case including visitation and custody after 48 months of litigation. Other non-disabled

are given orders within 9 months on average for State administrator Judge Schauer. Other non-disabled are not jailed for following court orders or assisting the qualified disabled like my son. Schauer, the "State" court administrator, exercising her administrative ada management of accommodations, denied me reasonable accommodations and continues to do so.

The public entity "State" is required to grant reasonable accommodations "unless the public entity state can demonstrate that making the accommodation would fundamentally alter the service, program or activity." Olmstead v. L. C. by Zimring, 527 U.S. 581, 592, 119 S. Ct. 2176, 2183, 144 L. Ed. 2d 540 (1999.) In the instant matter, the 1/25/17 order issued by the "State" court, a public entity, did not demonstrate that the modifications it denied "would fundamentally alter" the nature of any "service, program, or activity." The denial violated ADA and my substantive rights as a disabled person seeking accommodations in "State" court, reasonable accommodations.

The Younger case exception does not apply as several federal courts including Tennessee versus Lane limited the "Younger v. Harris" law 1971 as it applies to access to the disabled in "State" courts. The federal interest in having free and meaningful access to "State" courts for the disabled throughout the land outweighs the discretion to abstain in Younger. As there has been no final decision or conclusion in the "State" case, the Federal judge can intervene to protect and insure the civil rights of the litigants are protected in accessing courts and court programs. The qualified ADA disabled like myself need federal protection for ADA, particularly when the "State" is not practicing "fair and prompt" ada grievance procedures for "State" court access like those required by 28 cfr 35.107. Rooker v. Feldman doctrine does not apply to access to State courts/court services, court programs for the disabled. Under Tennessee v. Lane, disabled litigants must have "meaningful access" to the "State" courts.

As the Federal Court is aware I have numerous qualified ADA disabilities including Traumatic Brain Injury, Occipital Neuralgia, TMJ, Peripheral Neuropathy, Sever Obstructive Sleep apnea, Cubital Tunnel Syndrome and Post Concussion Syndrome. These "qualified disabilities" effect the major bodily functions of but not limited to sleeping, remembering, eating, breathing, use of arm, organizing and writing. Reasonable accommodations needed by me for "State" court "meaningful access".

For the reasons stated above, any motion to dismiss by the "State" OCA should be denied by the Federal court.

Thank you.


Very Truly Yours,

Marc Fishman
Qualified Ada Disabled Litigant, Pro se


C:   Lisa Evans, Esq. OCA, Opposing Counsel