

RECEIVED
SEP 07 2018
U.S.D.C.
WP

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------

MARC FISHMAN

                Plaintiff,

                                             CASE NO. 7-18-cv-00282-KMK

    v.

Office of Court Administration New York State Courts, Judge Michelle I. Schauer in her administrative and official capacity, Nancy J. Barry, District Executive 9th District NY Courts in her administrative and official capacity, Dan Weisz, Professional Director In his administrative and official capacity New York Courts, Michelle D'ambrosio in her administrative and official capacity, Magistrate Carol Jordan in Her administrative and official capacity Capacity, Judge Gordon Oliver in her Administrative and Official Capacity and Judge Kathy Davidson, Chief Administrative Judge 9th circuit and former Chief Judge of the Westchester Family Court in her administrative and official capacity and the New York State Unified Court System

                       Defendants

-------------------------------------------------------------------------------

## AMENDED COMPLAINT

-------------------------------------------------------------------------------

       Plaintiff, MARC FISHMAN, Plaintiff *pro se* herein, brings this

Complaint against the Office of Court Administration New York Courts,

Judge Michelle I. Schauer, Nancy J. Barry, Dan Weisz, Michelle

D'ambrosio, Magistrate Carol Jordan, Judge Gordon Oliver, Judge Kathy Davidson and the New York State Unified Court System,:

## PARTIES

1.    I am the Plaintiff in this matter and am "Qualified Disabled " under the ADA and ADAAA with Invisible Disabilities including Severe Obstructive Sleep Apnea, Traumatic Brian Injury, Post Concussion Syndrome, Occipital Neuralgia, Tinnitus, Peripheral Neuropathy, Post Concussion Syndrome and TMJ caused by two car accidents in 2013 and related prescription drug interactions. I am a Qualified ADA Disabled father in  State Family Court proceeding in New York State Family Court that are administered by Defendants including Chief Judge Kathy Davidson, Judge Michelle I. Schauer and Court Attorney Michelle D'Ambrosio, Magistrate Carol Jordan, District Executive Nancy Barry, Dan Weisz Director Professional Court Services, Judge Gordon Oliver,  Office of NY Courts Administration(OCA,)  and The New York Unified Court System. The Family courts operation and ADA accessibility matters are overseen by Defendants including the Office of Court Administration, Chief Administrative Judge Kathy Davidson, and its ADA Administrator Director of Court Professional  Dan Weisz.  The Office of State Court Administration

is herein after called the "OCA." All defendants have discriminated against me in Violation of Title Two of the ADA and Section 504 of the 1973 rehabilitation Act by failing to reasonable accommodate my "Qualified ADA Disabilities" in court and court proceedings/programs. All defendants have discriminated against me by retaliating against me with deliberate intent and indifference for my "Qualified ADA Disabilities. " All Defendants discriminated multiple times with over 20 instances of intentional disability discrimination including denial of reasonable accommodations including but not limited to denial of a note taker, denial of large print court orders, denial of access to medical records, denial of use of the "CART" real time transcription services, denial of use of notes in court, denial of morning only court appearances, denial of adjourning court appearances for my disability, denial of home based visitation post surgery and other disability requests. Because my disabilities are "invisible disabilities" in that I do not carry a cane or have a wheelchair, the New York State Court willfully discriminates compared to other disabled who are immobile/wheelchair bound and receive immediate disability accommodations from the court. All defendants including Judge Schauer denied my minor son, Jonah Fishman an ADA Advocate for his "Qualified ADA disabilities" to punish me as retaliation for making ADA

3

accommodations of the court and of complaining about the court's discrimination. Seeking redress of the disability discrimination under title two of the ADA and amended ADAAA, Section 504 of the 1973 Rehabilitation Act and repeated violation of the New York Human Rights Laws.

2.   I repeat and reiterate all claims in The original complaint filed in January 2018 and amended complaint filed July 9th 2018 and add the following:

3.   Defendants have failed to Reasonably Accommodate my "Qualified ADA Disabilities" of Severe Obstructive Sleep Apnea, Traumatic Brian Injury, Occipital Neuralgia, and TMJ, Post Concussion Syndrome, Peripheral Neuropathy, Tinnitus, Disabilities from Hernia Surgery, and Cubital Tunnel Syndrome because defendants do not acknowledge that I am disabled under the 2010 ADAAA amended ADA Act (see decision June 2018  2017-07775 Exhibit "A" where The State appellate division states adequate proof of disability not provided to the Family court when court received thousands of pages of Certified medical records proving disability.) Under ADAAA proof of disability is minimal, yet New York State requirements of excessive proof of disability violate ADAAA Act of 2009 and 2010.

4.     If all the Defendants including New York State Unified Court system and Office of Court Administration (OCA) do not acknowledge I am disabled than it does not have to accommodate my numerous qualified ADA disabilities in violation of Federal Amended ADA law and Attorney general interpretations (see exhibit "B" where OCA lists they do not have to accommodate me because I am not disabled per their letter from June 22, 2018.") The 2010 Amended ADA  (The ADAAA) act was a clear mandate that the definition of being disabled will be interpreted "broadly."   With Severe Obstructive Sleep apnea alone and its side effects, am Qualified Disabled.  Add the additional disabilities I have and the three implants and I "am clearly disabled under the definition of the ADA" as stated by Federal Judge Karas at his June 2018 hearing in Federal District Court. All of my disabilities affect major bodily functions.

5.     All the defendants including The "OCA" fail to have a practicing, functional and clear ADA Grievance procedure in violation of the ADA and Rehabilitation act.  All government entities are required to have a "prompt" resolution grievance procedure for ADA violations and complaints to comply with ADA when they have 50 or more employees.  The "OCA" and New York State Unified Court system clearly have more than 50 employees and must have a compliant ADA grievance procedure.   The

"OCA" and New York Unified Court System do not have a grievance procedure other than filing an appeal with the higher court when a Judge member/officer/administrator of OCA rules/determines ADA Accommodations. This violates Federal Rule 28 CFR 35.107. A Key principle of 28 CFR 35.107 is that a public entity that employs 50 or more persons shall adopt and publish grievance procedures providing for prompt and equitable resolution of complaints alleging any action that would be prohibited by this part." The problem with all the defendants including "OCA's" appeal as a grievance procedure is that it violates the principles of ADA. The New York State Unified Court System and "OCA" appeal allows the adversarial party to participate in the denial of ada complaint procedure. A principal of the ADA is that accommodations are to be provided administratively. Nowhere in the ADA does it state that the adversarial party can participate in a request, approval or denial of accommodations by a government entity in title two of the ADA. In the decision in case 2017-07775, The OCA clearly sided with my x-wife/children's attorney who have zero desire to see my disabilities accommodated and violated ADA privacy rules by sharing confidential medical information with opposing counsel. In Addition the "so called" grievance procedure of an appeal to the busiest appellate court in the nation (the NYS Appellate Division Second

Department) is not "prompt" or "timely."   This "so called" "OCA" Grievance appeal violates Federal Law and my civil rights as well as that of my disabled sons by not providing a quick, prompt or timely grievance process.  The New York State Appellate Division Second department takes years to decide cases. OCA knows the appellate division is backed up and does not comply with ADA and represents a barrier to accommodations (see Exhibit "C" press release from NY courts detailing problems with the cognitively disabled obtaining Accommodations in access to the court and court programs.) New York State Unified Court System and OCA are aware that their grievance procedures violate federal law but have failed to rectify them to comply with the prompt and timely requirements of the ADA. A timely grievance procedure is 30 days or less as outlined in the ADA.gov website rules.  The defendants including the New York State Unified Court System and "OCA" violate the timeliness as the State appellate division was aware of my grievances in February 2017, yet did not render a decision on the discrimination and denial of accommodations until June 2018---over a year a half after grievance originally filed.

6.    In no other state does a court ADA grievance procedure under 28 CFR 35.107 permit or allow the adversarial party in court or to a case to participate in the ada accommodations procedure for administrative

accommodations.  Yet by Lisa Williams of "OCA" stating in Federal court in front of Judge Karas that the grievance procedure available to Mr. Fishman is an "appeal" to the NYS appellate division Second department, OCA and defendants condone violations of the ADA by having a grievance that does not comply with  28 CFR 35.107.  In addition the appeals process is not private as any appeal with the NYS second department includes all communications including confidential medical information.  This inclusion of confidential medical information to the other side in a court action for ADA accommodations in court violates HIPPA and title two privacy provisions of ADA, the rehabilitation Act and my civil rights.   The disclosure of confidential medical information also violates the rehabilitation act as The New York State Unified court system and Office of Court administration accept Federal funds and have 50 or more employees.  By accepting federal funds, The New York State Unified Court System and Office of Court administration must comply with the anti-discrimination policies of the Federal government according to the Rehabilitation Act.

7.    New York State Unified Court System, Judge Michelle I. Schauer, Judge Gordon Oliver , Magistrate Carol Jordan, Nancy J. Barry, District Executive, Dan Weisz Director of Court Professional Services, Michelle D'ambrosio, Court Administrator, Judge Kathy Davidson and New

York State "OCA" have discriminated against me by failing to allow me to utilize the CART system in state court that can printout same day real time transcripts. Instead OCA has denied me use of the CART system (that is in place in each courtroom per 2015 NYS Law signed by governor Cuomo) in violation of the mandate for "meaningful communication" required under 28 CFR 35.160. OCA is aware that its digital recording system in courtrooms is defective and does not meet federal standards of communication (see 2010 OCA report exhibit "D"). Yet OCA states that ordering transcripts (utilizing defective digital recordings that have thousands of inaudible words) will give me meaningful access to communication as required under the Ada for my cognitive disabilities. In fact OCA and defendants are aware that official transcripts in family court form court approved transcribers routinely and regularly omit hundreds of words said in the courtroom during the proceedings. Defendants are aware that the lack of a court reporter in family Court  or a Cart reporter renders ineffective, meaningful communication to the cognitively and hearing impaired like myself. While defendants and their staff repeatedly allowed my x-wife to have multiple note takers in the State courtroom of Judge Schauer, defendants denied me note takers as clear disability discrimination in the same courtrooms. Such denial of note takers for me, while allowing for my x-wife was

discriminatory and denied me "meaningful communication," required under the ADA. Judge Schauer, Magistrate Jordan, Judge Davidson and Judge Gordon-Oliver intentionally wanted my ex-wife to have an unfair advantage in the cases.  The denial of note takers in the courtroom for years caused me denial of aides needed to assist with my cognitive impairment and other disabilities like Cubital tunnel syndrome where my writing ability is limited. With multiple court paid for note takers my ex-wife had immediate access to what was said in court, while I did not.  Such disadvantages to me caused me not to have the aided notes to remember what was said and forget the judge's instructions spoken on the record.  As it took months to obtain most court transcripts, that Judge Schauer and Michelle D'ambrosio and their staff delayed from being produced intentionally by instructing the court clerk and staff not to send digital recordings or delay sending recordings to my transcriber, Judge Schauer again discriminated against me intentionally.  The Defendants including the New York Unified Court System and the OCA further discriminated against me by making me pay for the auxiliary aide of transcriber costs, when defendants produces and or orders free transcripts through CART and other programs for other non-disabled litigants in the 18-b court program I am represented in.  Defendants including the OCA knew that the court audio recording systems in Westchester Family Courts

including New Rochelle and Yonkers Family courts specifically were deemed "inaudible" in a 2010 report by OCA about its court facilities( see exhibit "D:"  Yet despite this report and knowledge that the transcripts produced with inaudible technology in noisy courts like New Rochelle family produced hundreds of inaudible words/sounds, the defendants repeatedly stated that the transcript was the accommodation for my disabilities.  These statements were made by OCA despite significant medical proof of hearing problems submitted to the courts including expert reports from ENT doctors, neurologists, psychologists, TMJ specialists and cognitive rehab doctors. Despite defendants having knowledge that so many words were not picked up by the court recordings and that transcripts produced at times had more than 20% inaudible words.  Inaudible words of such great quantity render official court transcripts useless in Family Court proceedings from audio technology other than "CART"  CART picks up all the spoken words with a cart transcriber.  Defendants knew that inaudible transcripts in effect denied "meaningful access" to the courtroom for an person with invisible disabilities including memory problems like myself. The refusal to pay for my transcripts or provide free transcripts from CART was intentional and willful by Defendants including Judge Schauer, Magistrate Jordan, Michelle D'ambrosio, Judge Davidson, Judge Gordon

Oliver, Magistrate Jordan OCA and the New York Unified Court System and discriminatory against me for being disabled.

8.        Defendants are continuing to retaliate against me against regulation 42 USC code 12201-12203 and ADA and Rehabilitation Act for being disabled by denying me the reasonable accommodations listed in this complaint and amended complaint. Defendants including Judge Michelle I. Schauer further retaliated against me for my "Qualified ADA disabilities" by confining and incarcerating me for sending gifts to my kids for the major holiday of Passover 2016, Memorial Day 2016, Independence day July 2016 and my twins birthday in July 2016. in alleged violation of a Temporary Order of Protection. (TOP.)  The TOP order provided gifts could be sent on major holidays and birthdays. Defendant Judge Schauer stated that "Passover, Memorial Day and July 4 are not major holidays" and that I allegedly violated a TOP order.  All three are major holidays per the Federal, State Government and Official Jewish Calendar.  All three of these holidays are considered legal major holidays by other judges in family court without disabled litigants participating.  Defendants knew these were major holidays and that I did not violate the order, but defendants deliberately jailed me, by stating they told me at the hearing that there were no major holidays between April and July 2016.  Defendants including Judge Schauer and Michelle

D'ambrosio expected me to remember words stated at a hearing without a note taker, stenographer use of Cart system or tape/video recording in small print and handwritten New York State forms and New York State form orders. With my slight memory impairment, I did not remember the Judge's exact words spoken at the court conference and just tried to follow the written court order that allowed for gifts to be sent on Major holidays. But Judge Schauer after denying my note takers court access in 2016, knew I would have problems remembering all court instructions spoken on the record without real time transcripts or a note taker ada reasonable accommodation. With knowing and acknowledging the disability, the jailing by the defendants including OCA, The State of New York Unified Court system and its Judges was deliberately indifferent to my disabilities and extremely biased and retaliatory. Another non-disabled parent would not have been jailed for this alleged offense. Judge Schauer stated I was guilty "beyond a reasonably doubt" but discriminated against me because there is no crime in New York State for sending gifts and necessities to ones children. Judge Schauer and defendants further discriminated against me by denying rebuttal medical witnesses to testify that my disabilities including post concussion syndrome prevented me from remembering like the non-disabled do. As my ex-wife was permitted multiple note takers, and I was

denied one note taker, the defendants including Judge Schauer and Michelle D'ambrosio denied me meaningful communications required under 28 CFR 35.160. I was jailed because I am disabled with these particular "invisible disabilities" that disturbed defendants including Judge Michelle I. Schauer who felt I was intentional mocking her or not following complicated court instructions. Other non-disabled litigants do not need a court order from a Judge for transcripts, but Judge Schauer required Lee, the court clerk in Yonkers to get court permission to send out the recordings for transcripts in my case. This willful, disparate and intentional discrimination was deliberate to my unique disabilities. The court intentionally wanted to delay transcripts for me, because I would use the transcripts to try to understand court communications and to complain to agencies that regulate judges as well as supervisors and administrators for the court. The sooner I could get a transcript, the sooner I could study it and try to follow all the complicated confusing orders and instructions. Defendants including Judge Schauer willfully delayed the State Court transcript producing process as retaliation for my qualified ADA disabilities. Defendants including the Office of Court Administration and chief professional ADA administrator Dan Weisz were repeatedly made aware of Judge Schauer's and Attorney Administrator Michelle Dambrosio's disability discrimination in court and court programs

and requested to act administratively to grant the ADA accommodations. Defendants including Judge Davidson Chief Administrative Judge, Nancy Barry, District Executive and Administrator   Dan Weisz failed to act administratively to insure their court proceedings and court programs were free of disability discrimination to accommodate my reasonable invisible disabilities. Judge Schauer and Court Administrator D'ambrosio deliberately interfered with the normal granting of ADA accommodations by the court ADA liaison William Curry who told me "he would not have denied any reasonable accommodation of a tape recorder, note taker or large print court order in the courtroom." Mr. William Curry further informed me he "is instructed to grant all administrative accommodations to the Qualified ADA Disabled to avoid discrimination."    William Curry told me these accommodations requests were administrative accommodations and do not interfere with the operation of the Family court.  There was no plausible, rational reason defendants could not grant a note taker, CART use or tape recorder as these administrative accommodations do not interfere with the courts process or judges wide discretion. A note taker would sit quietly and take notes. In addition there was no legitimate reason to deny large print court orders or CART. These auxiliary aids only help foster meaningful communication for disabled court users.  The court uses word processors

that can print in large 12-point large print instead of the microscopic order of protection small print font size that I get occipital neuralgia headaches from after reading.    The court could have easily scheduled morning only conferences like the judge said she would.  The court determines its own schedule.  But Defendants including the OCA,  Judge Schauer, Michelle D'ambrosio and Judge Gordon-Oliver purposely and willfully scheduled afternoon court sessions or heard my cases in the afternoon hours in violation of the ada hearing terms on 6/21/17 that provided for morning only court session hours to accommodate my sleep apnea impairment. Defendants including Judge Schauer and Michelle D'ambrosio intentionally sought to punish and retaliate against me to stop me from taking an early evening flight in the late afternoon, by making it impossible to get to the flight on time.  This denial of an ada accommodation for sleep apnea was deliberate and willful. The Judge and defendants wanted me to be overly tired in court when I had to testify and wanted me to suffer debilitating headaches by purposely scheduling me for afternoon testimony as compared to other courts that allow morning only hearings for those with sleep apnea "Qualified ADA Disabilities.".    Judge Schauer, Michelle D'ambrosio and Judge Gordon Oliver and co-defendants deliberately wanted me to be uncomfortable because the OCA including Judge Schauer and Michelle

D'ambrosio and Judge Gordon Oliver are so biased in my ex-wife's favor that they wanted me to be suffering the most physical pain in their court while testifying/appearing.  The Defendants knew my occipital neuralgia, TMJ, Tinnitus, post concussion syndrome/tbi and sleep apnea, cubital tunnel syndrome symptoms get worse without rest.  I normally take an afternoon nap.  Without the nap and needing to testify/Appear in court, the judges and defendants were deliberately and intentionally interfering with my ADA rights and needed reasonable ada accommodations of morning only court sessions. Whereas  Judge Schauer opined that if I could make a flight, I can endure and 8 hour all day hearing within court after morning court sessions the whole week without an afternoon nap, The fact is, I would have napped before my flight.  But again the defendants wanted to intentionally retaliate for my qualified ADA disabilities. Judge Schauer wanted to emphasize to me that she felt that I am not disabled, was faking my symptoms and in her opinion do not need morning only court sessions. The facts are disabled people are allowed to go on vacation too on a pre-planed trip/vacation too that was scheduled for the upcoming the following Labor Day weekend. To deny morning only court the day before labor day weekend 2017, was deliberate and intentional punishment/retaliation by defendants including Judge Schauer and Michelle D'ambrosio to make it extra hard and more

D'ambrosio and Judge Gordon Oliver are so biased in my ex-wife's favor that they wanted me to be suffering the most physical pain in their court while testifying/appearing.  The Defendants knew my occipital neuralgia, TMJ, Tinnitus, post concussion syndrome/tbi and sleep apnea, cubital tunnel syndrome symptoms get worse without rest.  I normally take an afternoon nap.  Without the nap and needing to testify/Appear in court, the judges and defendants were deliberately and intentionally interfering with my ADA rights and needed reasonable ada accommodations of morning only court sessions. Whereas  Judge Schauer opined that if I could make a flight, I can endure and 8 hour all day hearing within court after morning court sessions the whole week without an afternoon nap, The fact is, I would have napped before my flight.  But again the defendants wanted to intentionally retaliate for my qualified ADA disabilities. Judge Schauer wanted to emphasize to me that she felt that I am not disabled, was faking my symptoms and in her opinion do not need morning only court sessions. The facts are disabled people are allowed to go on vacation too on a pre-planed trip/vacation too that was scheduled for the upcoming the following Labor Day weekend. To deny morning only court the day before labor day weekend 2017, was deliberate and intentional punishment/retaliation by defendants including Judge Schauer and Michelle D'ambrosio to make it extra hard and more

difficult to for me to have meaningful access to the state courts by being able to concentrate while managing multiple disabilities. All because I could fly late in the afternoon, does not mean I can tolerate sitting in court the whole day and testifying. These are two distinct acts that require use of separate bodily functions. Instead Judge Schauer and Court Attorney D'ambrosio deliberately interfered with William Curry, ADA liaisons duties and job responsibilities to purposely and intentional oppose reasonable ADA accommodations that would have been granted administratively by Court Administrator William Curry. Judge Kathy Davidson refused to act and ignored her ADA administrative responsibilities to make sure her State Family courts are accessible to the "Qualified ADA Disabled" litigants. Official Court Transcripts take too long to prepare by transcribers and take months as compared to note takers whose reports are immediately available in hours or a couple of days. Similarly a video or tape recorder accommodation is immediately available to accommodate my disabilities. On average it took over 3 to 4 months to get a Court transcript produced with all the intentional court delays. The New York State Family court, purposely, with deliberate indifference had me expend over $25,000 for transcripts as compared to a low cost note taker or low cost tape/video recording accommodation which would not have cost even 20 percent of the

cost of official court transcripts. Under the ADA rules and regulation, ADA accommodations are to be provided free or no cost to litigants. ADA Qualified Disabled applicants cannot be charged more than the non-disabled for access to handicap accommodations under Federal ADA Law. Judge Schauer and Court Administrative attorney Michelle D'ambrosio purposely and intentionally chose the highest cost of disability accommodation as retaliation for my disability request and disability conditions. Judge Schauer knew the courts did not comply with ADA as she sought her removal/relocation from the old Yonkers Family Court because the court did not provide a safe and secure operating court, per OCA standards. Judge Schauer was relocated to White Plains by court administration after she complained of inaudible, mold, asbestos, lead peeling paint and other code/law violations at this official court facility. A note taker would not interfere with the court proceeding and it was discriminatory not to approve one as a reasonable disability accommodation request to my "Qualified ADA Disabilities." Said retaliation was deliberate on behalf of the State Court, its agents, employees and Officers as the court was well aware of my disabilities and had received numerous pages of confidential medical information by my ada advocate and myself attesting to my "Qualified Ada Disabilities." Providing large print court orders would not cost more to the

state.   The large print orders would only require a couple more pages of printed-paper to accommodate the larger letters.   The cost for extra paper and toner is in the pennies not even extra dollars for large print court orders. The ada advocate accommodation request on behalf of my son would not have cost the court anything, as I offered to pay for it and my ada advocate, Donna Drumm's cost for making the ada requests was born by me, not the State court.  The cost to the State court of morning only court sessions would be negligible as the court is already open in the mornings.   These was no additional cost to hold morning court sessions to accommodate sleep apnea as compared to all day sessions. In fat the court may even save money by having morning only sessions and the court had to frequently pay overtime for court staff for late afternoon hearings. The court already has CART in all its court facilities.   The court already employs cart operators.   There would be no additional cost to the court for using cart for my cognitive and hearing impairments.   The Defendants just simply do not want me to have CART and are discriminating and retaliating against me for suing the court and defendants in this federal case and amended federal cases. In denying my requested accommodations for my disabled son, and myself the defendants did not show that the accommodation would interfere with the normal court procedures or "alter the nature of the court ."

9.     Under title II of the ada, the public entity is required to utilize the preferred accommodation auxiliary aid.  The only exception is when the auxiliary aid alters the proceeding.   In my cases none of the requested administrative accommodations substantially altered the court proceedings or programs.   Hence, by defendants conspiring together to deny accommodations granted to other, defendants willfully and intentionally discriminated against me.

10.     Magistrate Jordan and the New York State Office of Court administration also discriminated against me by threatening to jail me if I did not bring multiple note takers that she could choose from to her court appearances in the spring of 2018 in Family Court. Even though the anti-retaliation provisions of the ADA title two, deny coercion, threats or retaliation, Magistrate Jordan and defendant the New York Unified Court System threatened me in the process of me exercising my civil rights and requesting ADA Accommodations.  Other State courts provide note takers. In my cases note takers are provided to Office of Court Administration funded attorneys at Legal Services Hudson Valley, Inc, but not to me. This disparate treatment violates the ADA and rehabilitation act. Such by the state public entity magistrate threats caused me emotional harm and sleeplessness.  Magistrate Jordan knew I was disabled and protected by the

ADA and Rehabilitation act, but threatened me anyway in violation of my civil rights and federal law. Magistrate Jordan repeatedly retaliated against me by failing to hear my cases to lower support for my disabilities and repeated failed to order the support collection unit to credit child support paid in 2014 and other years.  Magistrate Jordan retaliated against me in March and April 2018 by dismissing my cases for me failing to show up for court due to being hospitalized with an occipital neuralgia headache attack at the end of March 2018. These actions are discriminatory and retaliatory for my disabilities.  My attorney told me Magistrate Jordan would dismiss my case if I did not get top court.  I had a doctor's letter from the emergency room doctor, not to go to court for 5 days, but the state magistrate did not care, and dismissed my case as retaliation for my ada accommodation request not to attend court for my hospitalization and subsequent recovery period.

11.    New York State's ADA accommodation process of allowing inexperienced Judges and Court Attorneys like Judge Schauer, Judge Gordon Oliver, Magistrate Jordan and Attorney Administrator D'ambrosio in Family court hearings to usurp the Experienced Court ADA Liaisons and prevent liaisons like William Curry from granting of ADA accommodations interferes with the Federal Broad non-discrimination mandate under ADA.

Under USDOJ implementing regulation id $ 12134; 28 C.F.RE pt 35 and 28 C.F.R $ 35.130(b)(1)(iii) the USDOJ ADA regulation prohibits a public entity from providing services to individuals with disabilities that are "not as effective in affording an equal opportunity to obtain the same result…as that provided to others."   Consistent with the statute, the regulation both prohibits outright discrimination and requires a public entity to "make reasonable modifications in policies, practices, or procedures when…necessary to avoid discrimination on the basis of disability, unless the public entity can demonstrate that making modifications would fundamentally alter the nature of the service, program, or activity." This is specified in 28 C.F.R $ 35.130(b) (7). This regulation is entitled to "controlling weight" so long as it is not "arbitrary, capricious or manifestly contrary to the statute," as specified in Chevron USA , Inc. v. Natural Res. Def. Council, Inc 467 U.S. 837, 844(1984.)   The Supreme Court of the United States has credited USDOJ's interpretation of Title II as implemented by this regulation as concluded in Olmstead v. L.C. ex rel. Zimring, 527 U.S. 581, 597-98(1999.) New York State Unified Court System and Office of Court Administration allowance for inexperienced Family Court Judges to override ADA decisions of experienced  ADA liaisons is contrary to the mandate of the ADA and ADAAA.   Other states have central ada

23

administration judges that dispense in hours or days rulings of providing ada accommodations in a quick manor to insure the disabled have meaningful access.    New York State's Unified Court System and OCA,    ADA reasonable accommodation process of allowing/permitting judges in individual cases to take away the accommodation process from experienced ADA court liaisons, violates the Congressional spirit , mandate and intention of the ADA law to provide swift and immediate accommodations to the handicap.  The ADA provision for reasonable accommodations extends to the visibly and invisible disabled as long as the disability is qualified and affects a major bodily function like sleep, memory, hearing, eating, using ones arm, walking, standing or other qualified handicap impairment. Defendants including  New York State Office of Court Administration and the New York State Unified Court System are guilty of violating the spirit and regular handicap administration process of the ADA because their ADA accommodations website listed court procedures interfere with Federal Mandate for immediate accommodations.  There is no legitimate excuse of New York State Unified Court system and Office of Court administration that Reasonable ADA accommodations of a note taker be allowed in court from a 2015 accommodation request should still not be provided  later in December 2017 or January 2018.  There is no excuse that CART real time

transcription from the spring 2018 are still not provided in September 2018 in New York Family Courts. New York State Unified Court system and New York State Court administration's ada accommodations procedures fails to allow swift appeals/review of denial of ADA accommodations by State Judges in State court in violation of 28 CFR 35.107. Indeed trying to appeal an ADA accommodation in the busiest appeals court in the country in the second department covering long Island, Westchester, Brooklyn, Queens, Rockland, Putnam, Dutchess and Orange County is an impossible endeavor. Even the Appellate court chief clerk Aprillanne Agostino stated that the ADA accommodations is an "administrative function that the appellate division could not help me out with." The appellate division second department recommended I contact Office of Court administration and the Commission on judicial conduct agency for ada access administration issues in the court room/for court services. The Office of Court Administration and office of judicial conduct told me I needed to file an appeal with the appellate division second department. The second department appellate division stated I could not appeal denial of ada accommodations without a final order in family court article 6 or 8 cases like mine. So here I am in a vicious cycle of court administration politics, technicalities and interference with my right for swift granting of ada

accommodations for my unique handicaps. This hierarchy obstructs ada administration and violates the ADA and Section 504 of the Rehab act of 1973. This violates section 504 of the 1973 rehab act because the State of New York and the family court accept federal funds and therefore must observe and follow anti-discrimination laws of the ada and federal government. By New York state failing to grant morning only court sessions for my sleep apnea, note taker for my tbi/post concussion syndrome, large print court orders for Occipital Neuralgia and an ADA advocate for my disabled son Jonah Fishman with Langerhan Cell Hystiocytosis x, the State court is in violation of federal anti discrimination laws(section 504 of the 1973 Rehabilitation Act,) the ADA, the ADAAA and the New York Human Rights Act/state anti-discrimination laws.

12. Defendants retaliated by jailing me by violating their own State Court TOP order that permitted gift giving to my wonderful four kids. Gifts that were in large part necessities: clothes, education computers etc for kids who need and want the gifts. Defendants do not jail non-disabled fathers in similar court proceedings for sending gifts to their kids, when court orders allow gifts on major holidays. This retaliatory punishment was unique/deliberate against me as a disabled litigant in New York State Family court. Judge Schauer and her co-defendants intentionally jailed me as

"punishment/retaliation" for requesting that Schauer recuse herself and complaints about Judges discrimination to multiple supervisory parties including Westchester County Office of Human Rights, US DOJ Disability Rights Section and NY State Commission on Judicial Conduct. Other non-disabled fathers and mothers are not jailed by The State for sending gifts to their kids. This State retaliation was direct, deliberate and personal as Judge Schauer/Co-defendants felt they needed to "jolt me" (see June 27, 2017 transcript for Judge's quote) in retaliation for sending gifts to my kids for major holidays. Schauer and Co-defendants feel that physical punishment of me being confined to a hospital Jail room cell without my special handicap pillows and without my handicap equipment was appropriate punishment. Given that I have electric stimulation from neurostimulator implants sending electric pulsation up my rights and left neck in my body, the intention of the State Corporal punishment was deliberate and real. By sending me to County Jail without pillows in the hospital wing, I suffered several electric jolts up both sides of my necks and a severe neck sprain. Judge Schauer and Co-Defendants were deliberate and intentional as they could have chosen probation or lesser form of punishment like other non-disabled litigants who receive. But Defendants including Judge Schauer's and Michelle Dambrosio's personal cold direct disdain and feelings that they was

27

personally spited, insulted and belittled by my post concussion syndrome/tbi/sleep apnea memory lapse/Occipital Neuralgia Headaches of not remembering the court's statement "that there are no major holidays between April and May 2016" necessitated their jailing retaliation of me for my qualified disabled tbi memory impairment. Indeed in former attorney general Loretta Lynch's US Department of Justice 2010 bulletin on interpretation of the 2009 ADAAA act, the interpretation lists "traumatic brain injury/TBI " a Qualified ADA Disability under the amended ADA ACT that former President George Bush signed into Law. Judge Schauer and Co-defendants deliberately knew I was disabled and acted deliberately indifferent with personal intent to "confine" /jail me was punishment/retaliation for "Qualified ADA Disability" side effects. State Court Defendants knew that I could not get bail during confinement for an alleged Family Court offense and that I would have to serve real jail time for trying to abide by complicated court orders in small print and sometimes-illegible handwritten notes in side margins of family court state order forms.

13.    Defendants further retaliated against me by denying and delaying my appeal rights because they have failed to issue a final order—now in January 2018--- for December 2016 accommodation requests and June 2017 ADA Denial of accommodations that I can appeal in New York

Courts.   New York Family Court and Office of Court administration discriminates against the qualified disabled because non-final New York State family court proceedings under article 6 and 8 of the family court act ARE NOT APPELLABLE WITHOUT   PERMISSION OF THE APPELALATE DIVISION.  APPEALLATE Division denied permission to appeal denial of ADA accommodations twice stating these were not "final orders." The Appellate Division 2nd Department Supreme State Court was deliberately discriminatory against me and my invisible ada qualified disabilities as other lesser judicial offenses are given permission to appeal, but my ADA needs and reasonable accommodation requests were denied permission to appeal deliberately by the Appellate division of New York State under archaic laws that interfere with the federal ADA mandate to provide swift accommodations and "reasonable accommodations" be provided promptly "without undue effort of the disabled.". This provision of Federal ADA Law is reinforced in the Federal Supreme court case of Tennessee versus Lane and Prakal versus Marion County Courts State of Indiana. In both cases, the state was held liable for violations of ADA and Section 504 of the Rehabilitation Act of 1973 for title two ada and federal anti-discrimination laws.   In both cases the plaintiff was due these reasonable accommodations and the plaintiff was allowed to pierce State

immunity to pursue compensatory damages for intentional, deliberate and direct violation of Federal Anti-discrimination laws and the ADA. This extended the length of the disability discrimination, as the Appellate division had a responsibility to stop the Family Court disability discrimination, but failed to do so. Others disabled litigants in other courts not in New York family Court article 6 and or 8 proceedings are permitted to appeal as of right, where I am discriminated against for my disabilities against appealing in New York State. Other litigants when and if they are jailed or denied ADA Accommodations receive final orders in New York State. Defendants including Judge Schauer willfully, deliberately and purposely delay my appeal rights as retaliation for my disabilities and disability side effects by denying issuing a final order after a December 2016 disability accommodation request, January 25, 2017 non-final order and June 21, 2017 ADA Accommodations hearing and making me as a disabled litigant pay for transcripts of court proceedings for the court to issue orders. Other non-disabled litigants in front of other judges do not have to pay for transcripts on their own for the benefit of the court. The court deliberately ordered me to provide the transcripts at my sole cost and expense instead of the court generating its own orders, as retaliation for my qualified ada disabilities. Had the court allowed Note takers that were free or little cost to me, it would

have been less costly by thousands of dollars compared to the cost of ordering transcripts. Tried my hardest to remember court orders and what is said in court for 45 months of endless 20 plus court appearances. With severe Obstructive sleep apnea, TBI and Post Concussion Syndrome and Occipital Neuralgia it is harder to remember. Defendants including Judge Schauer exploited that disabilities by jailing me for memory disability side effects of post concussion syndrome/TBI and refusing to allow my neuropsychologist treating physicians to testify about my disabilities as mitigating factors at sentencing hearings before jailing me. Other non-disabled fathers that commit family offenses are allowed doctors to testify about their medical condition as mitigating circumstances. Defendants including Judge Schauer and Judge Gordon Oliver denied me the ability to have doctors/social workers testify like other non-disabled fathers do. This retaliation is prohibited under title two of the ADA, Section 504 of the 1973 Rehabilitation Act and New York Human Rights Act and related Laws. Defendants including Judge Schauer also retaliated against me by failing to allow me to file or prosecute family offense petitions against my x-wife, Jennifer Solomon when she missed or was late to over 30 court ordered visits. Other non-disabled fathers are allowed to file and have fair hearings heard for their former spouses violating court orders, but Defendants denied

have been less costly by thousands of dollars compared to the cost of ordering transcripts. Tried my hardest to remember court orders and what is said in court for 45 months of endless 20 plus court appearances. With severe Obstructive sleep apnea, TBI and Post Concussion Syndrome and Occipital Neuralgia it is harder to remember. Defendants including Judge Schauer exploited that disabilities by jailing me for memory disability side effects of post concussion syndrome/TBI and refusing to allow my neuropsychologist treating physicians to testify about my disabilities as mitigating factors at sentencing hearings before jailing me. Other non-disabled fathers that commit family offenses are allowed doctors to testify about their medical condition as mitigating circumstances. Defendants including Judge Schauer and Judge Gordon Oliver denied me the ability to have doctors/social workers testify like other non-disabled fathers do. This retaliation is prohibited under title two of the ADA, Section 504 of the 1973 Rehabilitation Act and New York Human Rights Act and related Laws. Defendants including Judge Schauer also retaliated against me by failing to allow me to file or prosecute family offense petitions against my x-wife, Jennifer Solomon when she missed or was late to over 30 court ordered visits. Other non-disabled fathers are allowed to file and have fair hearings heard for their former spouses violating court orders, but Defendants denied

31

me the same rights and privileges as the non-disabled parents in other similar proceedings. Several Defendants retaliated against me for my disabilities by failing to give me a final order I could appeal as of right from a June 2014 Family Court case until June 13, 2018. This final order was only given after Federal Judge Karas held a hearing in my disability discrimination case demanding the state give a date they will issue an appealable order.

14.    Under regulation 28 CFR $35.130(b)(7), discrimination is prohibited and a public entity such as the Family court is required to "make reasonable modifications in policies, practices or procedures when...necessary to avoid discrimination on the basis of disability." By denying me the administrative ADA accommodations that would have been granted by the Yonkers ADA Family Court liaison William Curry and the Office of Court Administration under Dan Weitz (see attached 8/14/17 letter from office of court administration previously submitted) detailing that Judge Schauer takes the administrative responsibilities away from an ADA liaison, the judge is the sole person in the court responsible for administering required ada accommodations,) Defendants including Judge Schauer have discriminated against me and violated Federal ADA law, Section 504 of the

rehabilitation act of 1973 and NY Human Rights Laws in a never ending Family Court action that is 45 months old with no end.

15.    Defendant Judge Schauer ignored the court ordered report of Licensed Social Worker Lorna Hakim Baker (see Exhibit "B" in last complaint)_attached that stated I am a great dad and loving father.  Lorna stated that my x –wife "is a very dangerous women.(see top of page 7 of exhibit "B".") Lorna Hakim Baker further commented on the  page 6 of exhibit "B" of her Social worker  report that she told Jennifer Solomon, " until you love your  children more than you hates your ex-husband, the children's emotional well being will be at stake."  Defendants including Judge Schauer continued their disability discrimination of me by refusing to allow Lorna Hakim Baker testify at the fair hearing or allow her report exhibit "B" into evidence.  Non-disabled fathers are allowed to submit court ordered reports into evidence in other Family court proceedings.  This is further example of Defendant Judge Schauer's  deliberate disability bias and willful deliberate discrimination against me.

16.    Judge Gordon Oliver discriminated against me by failing to allow me to use my notes in her courtroom 8/15/18 and prohibiting medical social workers testifying in court about our case on that date. Judge Gordon-Oliver was well aware that I made disability accommodations requests of the

Family Court but retaliated against me deliberately by failing to allow me use of my notes and failing to allow the social worker access to the courtroom to testify to my kids desires and wishes and my superior parenting skills.   Judge Gordon-Oliver was supposed to see my social worker and I at 10:30 am to accommodate the sleep apnea morning only accommodation, but retaliated and saw us last close to 1pm.  This delay was willful and intentional.  The judge knew I was paying for the social worker and knew she was at the courthouse. By selecting my case last and other cases after me before me, Judge Gordon-Oliver made sure my witness would not have time to testify. Judge Gordon-Oliver retaliated against me by not allowing my show cause relief or allow the social worker to testify. Non-disabled individuals are allowed to have court appointed experts be heard. Judge Oliver in comrade support for Judge Schauer just retaliated and discriminated against my disabled sons and me by deliberately treating us differently and failing to accommodate in violation of title two of the ADA and Rehabilitation act.

## **FACTS**

17.    My multiple and serious disabilities are set forth in the formal request for accommodations under the ADA submitted on my behalf by Ms. Donna Drumm  whom I retained as my ADA Advocate, on December 15,

2016. (A copy of this request for accommodations – hereafter referred to as the "ADA Request" – is in the original complaint.

18.     In brief summary, my diagnosed physical disabilities include severe obstructive sleep apnea syndrome, occipital neuralgia, tinnitus, peripheral neuropathy, and traumatic brain injury, TMJ/TMD, cubital tunnel syndrome, and disabilities from hernia surgery and post concussion syndrome. Medical documentation establishes that these disabilities have a serious, deleterious impact on major life activities. My obstructive sleep apnea disrupts breathing and sleeping. My occipital neuralgia causes intense pain, ringing in the ear and increased sensitivity to light. Post Concussion Syndrome, Severe Obstructive Sleep Apnea and Traumatic Brain Injury have resulted in short term memory loss and need for cognitive therapy averaging over 15 hours per week this year. My TMJ/TMD affects hearing, eating and sleeping and causes severe chronic pain. My driver's license was revoked by New York's Department of Motor Vehicles (from May 2014 until January 2016) due to these multiple conditions. My tinnitus causes regular beeping, hearing loss and ringing in my ears. My peripheral neuropathy affects my ability to move due to frequent pain and numbness in my extremities and limbs. My cubital tunnel syndrome effects my ability to use my arm. My hernia disability effects movement and pain.

19.    In addition, due to surgery I underwent in December 2016 to insert a second neurostimulator implant – part of a medical approach to allow my body to breath at night---with the debilitating sleep apnea condition associated with TMJ/TMD, occipital neuralgia, neck protrusion and herniated disks that resulted from two separate automobile accidents – I continue to experience a heightened degree of disability post hernia surgery in May 2016 and post Inspire Neurostimulator Implant in December 2016 with multiple skin infections, allergic reactions and chronic pain.

20.    The underlying proceeding, commenced by Mother in June 2014, is based on Mother's allegation that I violated certain terms of applicable court orders regarding custody and visitation, as well as Temporary Orders of Protection (TOPs). After a fact-finding proceeding, the trial court found, on September 2, 2016, that I had violated various orders even though my memory impairment ADA Qualified Disabilities of TBI and Post Concussion Syndrome prevent me from knowingly violating any court orders in this matter, and scheduled a dispositional hearing for December 2016.  Mother seeks, among other things, my incarceration, as her counsel has clearly informed the trial court. The ADA Order denied requests for reasonable accommodations that are critical to my ability to see my children, participate in court programs and access the court. Specifically, the Family

court refused to allow me to have a note-taker/tape recorder present to personally record the proceedings. Since my disability affects my short-term memory (side effect of Post Concussion Syndrome/TBI,) the denial of these requests seriously compromises my ability to participate in my defense.

21.    In addition, the Family Trial court, on grounds of standing, refused even to consider that portion of my ADA Request that seeks to address the disabilities of my minor son Jonah. This willful failure of defendants to allow me to request accommodations for my disabled son were retaliation for my disabilities.   Other non-disabled fathers can request ada accommodations and have them granted in other courts without biased and discriminating Judge Schauer and intimidating/discriminating Michelle D'ambrosio court attorney administrator and co-defendants.

22.    Finally, the Family trial court, OCA, and defendants simply ignored two crucial requests for reasonable accommodations under ADA. First, the trial court ignored my request for the production of the medical records of the court-appointed social worker, Mary Crowe, from 2014, 2015 and 2016 to his treating psychologist, Dr. Michelle Maidenberg. As indicated in my the ADA Request, this information was critical in that it would assist in my therapy with Dr. Maidenberg. The ADA Order does not even mention this request.

23.    It is clear that the ADA Order, as it stands, threatens immediate and irreparable harm. If not stayed, the Family court's rulings will: 1) terminate joint custody in place since November 2010 because a biased discriminating Judge Schauer sees no harm to her repeated disability discrimination with my qualified disabilities; 2) limit visits between me and my minor children, the effects of which cannot readily be undone (which were under one day worth of visitation in the entire 2016 year and less than a week's visitation  time in all of 2017; and 3) may expose my minor son to harm while his needs, due to his disability, are not being addressed by lack of ada advocacy for his major disability.

24.    The defendants also violated my rights and my disabled sons rights under the Federal IDEA act by prohibiting me access to school events for the disabled.   Despite numerous requests for Judge Schauer and co-defendants to lift the TOP (temporary order of Protection) order because it violates and restricts my access to the school, Schauer has retaliated and deliberately excluded me from school IDEA participation.  Am zero threat to the school and have no history of violence.  NY Child protection services even determined the allegations of physical abuse were completely "unfounded" in August 2014. Yet Judge Schauer has restricted me access to the school since December 2015 in retaliation for me attending book fairs

and other events other parents are invited to.  Judge Schauer says and reported in one order that I abused my kids as false retaliation, as all New York State investigators found there were zero allegations of any physical abuse or violence from me with my kids. Under  the Federal Idea Act parents have a right for disability education by the school in school programs to learn to assist their qualified disabled children in school. As my sons Jonah and Skye Fishman are disabled with IEPs protected under the IDEA act Schauer and defendants denied me participation by denying me access to the school.  Seek court assistance to lift access to my children's school in this federal IDEA case. Not to remove unreasonable state restrictions in an order of protection would violate the provisions of the IDEA protecting disabled parents and children's rights. This is yet another examples of defendants willful and deliberate disability discrimination.

## LIKELIHOOD TO PREVAIL IN  FEDERAL COURT

25.    As shown above, my likelihood to prevail on the merits of the instant show cause is another factor militating in favor of a stay. *Niagara Recycling, Inc. v. Town of Niagara, supra*, 83 A.D.2d at 324. In this case, there are several reasons why, as a matter of law, I am likely to prevail – and thus why it would be injurious both to me and to the interest of justice if this Court were not to grant a Federal stay under while it considers the lawsuit.

Clearly, it would serve no one's interest for this case to proceed in the Family Court  only to have the proceedings scrapped, and resumed all over again, as a consequence of this Family Court's  denial of ADA Accommodations. The most salient reasons I am likely to prevail are set forth below.

26.    *Family Court Ignored My Standing To Seek Relief for a Minor Child.* To begin with, I will have a strong case on appeal because the trial court misrepresented the law on standing in rejecting my request for accommodations on behalf of my disabled minor son. As shown above, Family Court rejected my request for accommodations for my son, who is disabled solely due to its claim that my ADA Advocate and I lack "standing to demand such relief." See 1/25/17 ADA Order.  In this respect, Family Court clearly and completely misrepresented the law.

27.    A parent whose parental rights have not been terminated has standing to seek relief on behalf of one of his minor children. "Parents generally have standing to assert the claims of their minor children." *Altman v. Bedford Cent. School Dist.*, 245 F.3d 49, 70 (2nd Cir., 2001), *cert. denied Dibari v. Bedford Cent. School Dist.,* 534 U.S. 827, 122 S. Ct. 68, 151 L. Ed. 2d 34, *citing Engel v. Vitale*, 370 U.S. 421, 423, 82 S. Ct. 1261, 8 L. Ed. 2d 601 (1962) *and Smith v. Organization of Foster Families for Equality*

*and Reform*, 431 U.S. 816, 841 n. 44, 97 S. Ct. 2094, 53 L. Ed. 2d 14 (1977); *accord, Rivers v. McLeod*, 252 F.2d 99, 102 (2nd Cir., 2001). Under New York law, that a parent currently does not have custody of the child in question does not diminish his standing to assert any legal claim on the child's behalf, so long as his parental rights have not been terminated. *See Sykia Monique G. v. Little Flower Children's Services*, 208 A.D.2d 534, 535, 616 N.Y.S.2d 806, 807 (2nd Dept., 1994).

28.    Indeed, this point has been specifically upheld in a case involving the ADA. In *M.K. ex rel. Mrs. K. v. Sergi*, 554 F. Supp. 2d 175 (D. Conn., 2008), a federal district court upheld a mother's right to pursue a claim under the ADA on behalf of her minor child. *See* 554 F. Supp.2d at 194-95. The trial court did not cite any case law indicating a contrary result; indeed, it cited no authority whatsoever. It follows that, as a matter of law, I have standing to seek accommodations under the ADA for my minor child.

29.    Moreover, my ADA Advocate (who actually submitted the ADA Request) likewise has such standing. An entity or individual may seek relief under the ADA on behalf of another, because the language of the ADA, "[b]y its plain meaning," indicates that the claimant "need not be an individual with a disability, but may be anyone injured by a covered entity's discrimination against an individual on the basis of that individual's

disability." *Innovative Health Systems, Inc. v. City of White Plains*, 931 F. Supp. 222, 236 (S.D.N.Y., 1996), *aff'd in part*, 117 F.3d 37 (2nd Cir., 1997). A state court is clearly a "covered entity" under the ADA. Accordingly, the family court clearly erred in denying my ADA Request, as it relates to my minor child, as a matter of law. Thus I will likely prevail on this issue.

30.    *Family Court Violated ADA Procedures.* The ADA Order does not describe even the slightest effort, on the part of the trial court, OCA or other defendants, to negotiate an alternative or compromise solution to the accommodations it denied. At the ADA Hearing, Judge Schauer was antagonistic to my ADA Advocate and prevented her from filing new ADA Accommodation requests, violating state court ADA office procedure. In this respect, too, the Family court violated applicable law. The ADA requires attempts to "negotiate" requests for accommodations before simply disposing of them. *See Phillips v. City of New York*, 66 A.D.3d 170, 884 N.Y.S.2d 369 (N.Y. App. Div., 2009). Thus, without even considering the trial court's rationale for denying the accommodations I requested, this Court should reverse the ADA Order because it failed to comply with the legal procedures required under the ADA, which require the entity to which the request is directed to engage in an "interactive process" with the party requesting accommodations. *Wright v. New York State Dept. of Corrections,*

831 F.3d 64, 79-80 (2nd Cir., 2016). This the Family court clearly failed to do.  T is shown over and over again that defendants failed to negotiate or compromise on ADA accommodations requests.

31.    What is more, Defendants by insisting that my request for accommodations in my visits with my children must be addressed within the adversarial process of the underlying litigation, the trial court violated a principle of the ADA that requires ADA accommodations to be treated as rights to be administratively granted rather than claims to be litigated between adversaries. *King v. Indiana Supreme Court*, 2015 U.S. Dist. LEXIS 58388 (S.D. Ind. May 5, 2015). This, too, represents a violation of the procedural norms of the ADA as a matter of law, and supports my likelihood of success on the merits of the lawsuit with Federal Court.

32.    The same procedural violations mar the Family court's denial, *sub silentio*, of my requests for the production of needed reports to my treating therapist and for the substitution of forensic reports. Here, too, the family court completely failed to engage in any "interactive process" as required by law; indeed, the family court did not even mention these requests. Here, too, is an error of law that makes me likely to prevail in this matter in Federal Court.

33. *Family Court Misapplied Applicable Law Relating to ADA.*
Another legal error committed by the Family court was its insistence that I, rather than the court, bore the burden of establishing a reasonable accommodation request. The law is different. "If the plaintiff establishes a prima facie case, the burden of production shifts to the defendant, who must articulate a legitimate nondiscriminatory reason for its challenged actions." *Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 118 n. 3 (2nd Cir., 2004). The Family court itself does not deny that I established a *prima facie* case for the accommodations I am seeking; yet the Family court judge did not meet its burden of showing a "legitimate nondiscriminatory reason" for its denial. Here, too, reversal is the likely outcome of this appeal.

34. *The family Court Violated My Substantive Rights under the ADA.* Finally, I am likely to prevail on the merits of this Lawsuit filed in Federal Court because the family court wrongly denied my requests for reasonable ADA accommodations as a matter of substantive law. Precisely the sort of scheduling changes I requested as a result of my disability – and which the trial court denied – are in fact comprehended under the ADA. *See Colwell v. Rite Aid Corp.*, 602 F.3d 495, 506 (3rd 2010) ("we hold that the ADA contemplates that employers may need to make reasonable shift changes in order to accommodate a disabled employee's disability-related

difficulties"); *McMillan v. City of New York*, 711 F.3d 120, 127-28 (2nd Cir., 2013). The same principle applies to the reasonableness of the scheduling changes I requested, as a temporary ADA accommodation for my disabilities, in my visitation with my children and in requesting morning only court sessions with the court(due to sleep apnea disability.) Thus, the trial court's denial of these requests violated my civil rights.

35.    What is more, as noted above, my request in this case implicates my civil rights – specifically, my right to see my children frequently like other non-disabled fathers due and send gifts, make calls, and text my children…all like other non-disabled fathers due. There is currently no visitation at all. If my joint custody is terminated because the Family Court is allowed to continue its disability discrimination, it will further delay the four kids access to me. Under the ADA, I may not be denied that rights of non-disabled fathers as a result of my disability. Yet that is precisely the result of the Family court's and defendants denial of my requests. Where, as here, legally mandated civil rights are at stake, the law indicates that the ADA Qualified Disabled father will prevail in Federal Court unless the infringement of rights is minimal and justified. *See People v. Adams*, 53 N.Y.2d 241, 249, 440 N.Y.S.2d 902, 905, 423 N.E.2d 379, 382 (1981). Since accommodations such as allowing me a note-taker, Cart or large print

court orders in court could easily have been granted without undermining the Family court process, the interference with my rights under the ADA was anything but minimal; accordingly, I am likely to achieve a reversal of these rulings on hearing this case in Federal Court.

36.    In sum, the January 25th 2017 ADA Order, ADA Hearing June 21 and court hearing June 27, July 31 and August 18, 2017, August 29th, August 30th, September 1 and September 12 and June 13, 2018 order violated both procedural and substantive requirements of the Federal ADA, and wrongly denied my standing to seek accommodations for my minor son, Jonah Fishman. All of these rulings are erroneous as a matter of Federal ADA law, and I continue to be exposed to possible irreparable harm as Family Court proceeding continue and am still denied all of the reasonable accommodations requested for my ADA Qualified Disabilities.. Have tried for stay in State Supreme court and appellate court reversal without success, and the Federal court is the overseer of the ADA and must act to insure the ADA and rehabilitation act are followed at all times. If NYS states I have not proved disability, ignoring the 2010 amended ADAAA, there is no way the state can accommodate my disabilities. The defective grievance procedures in New York state courts prohibit the OCA and New York state Unified court system from complying with ADA and ADAAA.

## JURISDICTION AND VENUE

37.    The Court has subject matter jurisdiction over Plaintiff's claims brought under the American with Disabilities Act, Section 504 of the 1973 Rehabilitation Act. The New York Human Rights Act, pursuant to 28 USC $$ 1331 and 1343.  The Court has supplemental jurisdiction over Plaintiff's claims brought under the New York Human Rights Act under 28 U.S.C $ 1367.

## PRAYER FOR RELIEF

WHEREFORE,  Plaintiff Marc Fishman prays that this court grant the following relief:

A. Declare New York State has discriminated against me for my qualified  ADA disabilities by failing to grant the accommodations requested and denying me access to auxiliary aides provided to others including a note taker, court provided transcripts or a stenographer  in the courtroom and use of CART system for meaningful communication in court.

B.  Pray for an order directing the Office of Court Administration to schedule morning only appearances due to my tiredness from sleep apnea. Pray for an order for Large 12 point print or large court orders only from

state court due to my Occipital Neuralgia. Pray for an order that I may bring a note taker of my choice into court for my TBI/Post concussion memory impairment. Pray for an Order for the state court to provide all my medical records of social worker reports held in court to me per Hippa and ADA. Pray for an Order that all Ada requests are to be administered by the court ada liaison, not the sitting judge as is customary practice . These requests do not override the state in the Rooker Feldman act. Per case law specified in the Supreme Court decision of Tennessee v. Lane Supreme Court 2004, the states are required to provide "meaningful access" to the court and court services to the qualified disabled. Rooker Feldman does not prohibit a Federal Judge from ruling that the process of OCA/NY State administering ada accommodations is illegal and non-compliant with the ada. Rooker Feldman does not prohibit a Federal Judge from stating that the lack of a proper , fair and prompt ADA grievance procedure by OCA violates Federal ADA and ADAAA law.

C. Grant plaintiff's request for declaratory relief, finding that Defendants actions violated Title Two of the American With Disabilities Act("ADA"), 42 U.S.C $ 12101 et seq; Section 504 of the Rehabilitation Act 29 U.S.C. $794 et seq., and The New York Human Rights Act.

C.   Request Reimbursement of expenses incurred, Compensatory Damages from Defendants for violations of title two of the ADA, Rehabilitation Act and specifically retaliation and failure to accommodate reasonable accommodation requests and, Violation of section 504 of the Rehabilitation Act and Violations of The Human Rights Act of New York State and specifically reimbursement for the cost of transcripts and medical /therapy services that are provided free to other non-disabled litigants in the 18b program that OCA had me pay for and reimbursement for legal /transcript costs and fees for ADA appeal and ADA advocacy fees and expenses.


D. Enter a judgment for Plaintiff requiring the New York State Family Court and Office of Court Administration to provide all accommodations requests in the December 2016 and June 21, 2017 and 2018 ADA requests and or declare the trial in the state violated federal law by punishing/retaliating against me for my disabilities.

E.  Enjoin defendants from retaliating against Marc Fishman .

F.   Order a stay of all State Family Court proceedings until Defendants comply with the ADA and rehabilitation act

F.   Appoint counsel to prosecute this Federal Lawsuit.

G.   Grant such other relief as it deems just and equitable.

Dated: Submitted:    New York, New York
                     September 7, 2018

_____
MARC FISHMAN
Plaintiff *pro se*
3200 Netherland Ave Apt G
Bronx, NY 10463
914-837-3209

# EXHIBIT "A"

| |
|---|
| **Matter of Solomon v Fishman** |
| 2018 NY Slip Op 04741 |
| Decided on June 27, 2018 |
| Appellate Division, Second Department |
| Published by <u>New York State Law Reporting Bureau</u> pursuant to Judiciary Law § 431. |
| This opinion is uncorrected and subject to revision before publication in the Official Reports. |

Decided on June 27, 2018 SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.

<u>2017-07775</u>
(Docket No. O-7850-14/14A/15D/16H/16J)

[*1]**In the Matter of Jennifer S. Solomon, respondent,**

**v**

**Marc H. Fishman, appellant.**

Del Atwell, East Hampton, NY, for appellant.

Virginia Foulkrod, White Plains, NY (Nicole E. Feit of counsel), for respondent.

Kathleen M. Hannon, Scarsdale, NY, attorney for the children.

DECISION & ORDER

In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Westchester County (Michelle I. Schauer, J.), dated June 27, 2017. The order of protection directed the father, inter alia, to stay away from the mother until and including June 27, 2019.

ORDERED that the order of protection is affirmed, with costs.

Contrary to the father's contention, vacatur of the order of protection is not warranted based upon the Family Court's alleged failure to provide reasonable accommodations for his alleged disabilities, in violation of the Americans with Disabilities Act (hereinafter the ADA) (42 USC § 1210 *et seq*.). The father failed to submit sufficient evidence in support of his claim that he was disabled (*see Kadanoff v Kadanoff*, 46 AD3d 626, 627). Additionally, the father did not demonstrate, as required by the ADA, that, by virtue of his alleged disabilities, he was substantially limited in a major life activity (*see id*. at 627; *Blank v Investec Ernst & Co.*, 2004 WL 2725138, 2004 US Dist LEXIS 24008 [SD NY, Nov. 18, 2004, No. 02-CV-3260 (REC)]). Moreover, the court, despite the absence of an adequate showing by the father of any such disability, nonetheless acceded to all of the father's reasonable requests for accommodations.

The Family Court providently exercised its discretion in denying the father's request for the use by him of a personal note-taker or tape recorder at court proceedings, as the father had the ability to order official transcripts of the proceedings. Likewise, the court providently denied the [*2]father's ex parte requests under the guise of an ADA accommodation for alterations to the terms of his supervised parental access with the parties' children, since no such alterations could be made in the absence of a determination of the best interests of the subject children (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381; *Matter of Irizarry v Jorawar*,

__ AD3d __, 2018 NY Slip Op 03360 [2d Dept 2018]). The court also providently denied the father's ADA-based requests for the production to the father by the court of confidential records prepared for the court by a social worker, and for certain ADA accommodations for one of his sons, who he claimed was also disabled.

RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.

ENTER:

Aprilanne Agostino

Clerk of the Court

Return to Decision List

# DEL ATWELL
ATTORNEY AT LAW

39 5TH STREET
EAST HAMPTON, NY 11937
(631) 267-2067

August 13, 2018

Clerk of the Court
Chief Judge
Court of Appeals of the State of New York
20 Eagle Street
Albany, NY 12207

Re: In the matter of Solomon v. Fishman- 2017-07775
(leave application)

Honorable Judge,

Enclosed please find a motion for leave to appeal and 7 copies of an affirmation establishing timeliness in the above referenced case. Appellant respectfully prays for the issuance of a certificate for permission to appeal and certifying that there is a question of law in the above captioned case which ought to be reviewed by the Court of Appeals. An application has not been made to a Judge of the Appellate Division. Thank you for your anticipated attention to this matter.

Sincerely,

Del Atwell
Attorney for Appellant

THE STATE OF NEW YORK
COURT OF APPEALS

---

In the Matter of Solomon

Marc Fishman

NOTICE OF MOTION FOR
LEAVE TO APPEAL TO THE
COURT OF APPEALS

2017-07775

---

PLEASE TAKE NOTICE, that upon the annexed affirmation of Del Atwell, Esq., the order of appointment, the record on appeal in the Appellate Division Second Department, the judgment of the Westchester County Family Court, entered June 27, 2017, and the order affirming the judgment from the Appellate Division, dated June 27, 2018, the appellant will move this Court before the Court of Appeals, 20 Eagle Street, Albany, NY on September 10, 2018 or a date convenient to the court, for permission to appeal upon direct application and for such further and other relief as this Court deems just and proper.

PLEASE TAKE FURTHER NOTICE, that this application is made on submission.

Del Atwell
Attorney for Appellant
39 5th Street
East Hampton, NY 11937
631-267-2067

THE STATE OF NEW YORK
COURT OF APPEALS

_____

In the Matter of Solomon                          AFFIRMATION

Marc Fishman

_____

     Del Atwell, Esq., an attorney duly admitted to practice before the

Courts of the State of New York, affirms the following under the penalty of

perjury:

     1. I am the attorney for the respondent in the above captioned action

and am fully familiar with the facts and circumstances of this case. I was

assigned by the Appellate Division to represent appellant because the

appellant is indigent.

     2. This motion requests permission for leave to appeal from the order of

the Appellate Division which affirmed an order of the Suffolk County Family

Court.

     3. The Appellate Division, erred when it opined that the Family Court

correctly found that appellant is not disabled. .

     4. Specifically, the trial court erred as a matter of law in implicitly

placing the burden of proof on appellant to establish the reasonableness of his

request for accommodations under the ADA. This approach alone renders the

trial court's ruling subject to reversal because the law requires the opposite

approach. "If the plaintiff establishes a *prima facie* case, the burden of production shifts to the defendant, who must articulate a legitimate nondiscriminatory reason for its challenged actions." *Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 118 n. 3 (2nd Cir., 2004).

5. The denial violated the substantive requirements of the ADA. "[A] defendant discriminates when it fails to make a reasonable accommodation that would permit a qualified disabled individual to have access to and take a meaningful part in public services." *McElwee v. County of Orange*, 700 F.3d 635, 640 (2nd Cir., 2012). Here, the trial court's denial of a note-taker and for the use of tape recorder cannot passes this test. Nowhere in the ADA Order does the trial court defend its denial by proving that either accommodation was unreasonable, or that granting it "would fundamentally alter the nature of the service, program, or activity" at stake. A showing without which is a denial of services to a qualified disabled person and is discriminatory and illegal. *Olmstead v. L. C. by Zimring, supra*, 527 U.S. at 592, 119 S. Ct. at 2183. Therefore, the ADA Order cannot be consistent with the legal requirements of the ADA. The trial court, as a public entity, was unequivocally required under the ADA to grant appellat's requests unless it could demonstrate that the exception set forth in *Olmstead* applied to them.

6. The same is true of the trial court's denial of appellant's accommodation request with respect to visiting his children. The request was based on the unusual difficulty posed by supervised visits at a specific location as the result of surgery for a disabling condition. Such a request was modest and reasonable. Thereafter, he was unable to avail himself of visitation the trial court itself had designated as his right. Clearly, then, the trial court was required to grant the requested accommodation absent a showing that the request would "substantially" or "fundamentally" change the nature of the child visitation at issue. The showing was never made.

7. The trial court's denial of accommodations was also wrong, as a matter of law, because the court failed to make the required detailed, fact-specific inquiry into the reasonableness of appellant-father's requests for accommodations. "The question of whether a proposed accommodation is reasonable is 'fact-specific' and must be evaluated on 'a case-by-case basis.'" *Gronne v. Apple Bank for Savings*, 1 Fed. Appx. 64, 66 (2nd Cir., 2001), *citing Wernick v. Federal Reserve Bank*, 91 F.3d 379, 385 (2nd Cir., 1996). The Appellate Division has affirmed the same rule. *Horgan v. Whitaker*, 57 A.D.3d 1345, 1347, 871 N.Y.S.2d 443, 445 (3rd Dept., 2008). The trial court, in dismissing the father's request for minor accommodations for his unquestioned disability, both inside the courtroom and in his child visitation,

clearly ignored this rule.

8. Even under state law, where legally-mandated civil rights are at stake, only a minimal infringement of a disabled litigant's rights may be justified. *See People v. Adams*, 53 N.Y.2d 241, 249, 440 N.Y.S.2d 902, 905, 423 N.E.2d 379, 382 (1981). Since accommodations such as allowing the appellant a note-taker in court could easily have been granted without undermining the court process, the interference with his rights under the ADA was anything but minimal.

9. This Court has jurisdiction over the above captioned matter pursuant to sections 5601(a)(1)(i) and 5513(b) of the Civil Practice Law and rules because the Appellate Division order affirmed the order of the Family Court which finally determined the proceedings.

10. A photocopy of the decision and order of the Appellate Division and copies of the appellate briefs are submitted herewith.

WHEREFORE, it is respectfully requested that this Court issue an order pursuant to CPLR 5602(a) and 5513(b) granting appellant permission to appeal to the Court of Appeals.

_____
Del Atwell
Attorney for Appellant

Dated: August 13, 2018

THE STATE OF NEW YORK
COURT OF APPEALS

---

Marc Fishman                                         PROOF OF SERVICE

Jennifer Solomon

---

     Del Atwell, Esq., an attorney duly admitted to practice before the

Courts of the State of New York, affirms that on August 13, 2018, the

within documents were mailed via United States Postal Service upon the

following:

Marc Fishman
3200 Netherlands Avenue-apt G
Bronx, NY 10463

Legal Services of Hudson Valley
90 Maple Avenue
White Plains, NY 10601

Kathleen Hannon, Esq
6 Standish Drive
Scarsdale, NY 10583

                                         _____
                                           Del Atwell

THE COURT OF APPEALS
THE STATE OF NEW YORK

---

Marc Fishman                                        AFFIRMATION

Jennifer Solomon

---

     Del Atwell, Esq., an attorney duly admitted to practice before the

Courts of the State of New York, affirms the following under the penalty of

perjury:

     1. I am appellate attorney for the appellant in the above captioned

action and am fully familiar with the facts and circumstances of this case.

     2. Service of the Appellate Division order was not affected pursuant to

*CPLR* 5513, 5514. Specifically, "a copy of the judgment or order appealed

from *and written notice of its entry*" was not served. *CPLR,* 5513(b);

(emphasis added).

     3. The time period within which to move has not been activated.

     WHEREFORE, it is respectfully requested that this court deem the

motion timely.

---

Del Atwell
Attorney for Appellant

# Supreme Court of the State of New York
## Appellate Division: Second Judicial Department

D55820
Q/htr

_____AD3d_____

Argued - May 24, 2018

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.

---

2017-07775

DECISION & ORDER

In the Matter of Jennifer S. Solomon, respondent,
v Marc H. Fishman, appellant.

(Docket No. O-7850-14/14A/15D/16H/16J)

---

Del Atwell, East Hampton, NY, for appellant.

Virginia Foulkrod, White Plains, NY (Nicole E. Feit of counsel), for respondent.

Kathleen M. Hannon, Scarsdale, NY, attorney for the children.

In a proceeding pursuant to Family Court Act article 8, the father appeals from an order of protection of the Family Court, Westchester County (Michelle I. Schauer, J.), dated June 27, 2017. The order of protection directed the father, inter alia, to stay away from the mother until and including June 27, 2019.

ORDERED that the order of protection is affirmed, with costs.

Contrary to the father's contention, vacatur of the order of protection is not warranted based upon the Family Court's alleged failure to provide reasonable accommodations for his alleged disabilities, in violation of the Americans with Disabilities Act (hereinafter the ADA) (42 USC § 1210 et seq.). The father failed to submit sufficient evidence in support of his claim that he was disabled (see Kadanoff v Kadanoff, 46 AD3d 626, 627). Additionally, the father did not demonstrate, as required by the ADA, that, by virtue of his alleged disabilities, he was substantially limited in a major life activity (see id. at 627; Blank v Investec Ernst & Co., 2004 WL 2725138, 2004 US Dist LEXIS 24008 [SD NY, Nov. 18, 2004, No. 02-CV-3260 (REC)]). Moreover, the court, despite the absence of an adequate showing by the father of any such disability, nonetheless acceded to all of the father's reasonable requests for accommodations.

June 27, 2018

MATTER OF SOLOMON v FISHMAN

Page 1.

The Family Court providently exercised its discretion in denying the father's request for the use by him of a personal note-taker or tape recorder at court proceedings, as the father had the ability to order official transcripts of the proceedings. Likewise, the court providently denied the father's ex parte requests under the guise of an ADA accommodation for alterations to the terms of his supervised parental access with the parties' children, since no such alterations could be made in the absence of a determination of the best interests of the subject children (*see Matter of Wilson v McGlinchey*, 2 NY3d 375, 380-381; *Matter of Irizarry v Jorawar*, __ AD3d __, 2018 NY Slip Op 03360 [2d Dept 2018]). The court also providently denied the father's ADA-based requests for the production to the father by the court of confidential records prepared for the court by a social worker, and for certain ADA accommodations for one of his sons, who he claimed was also disabled.

RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.

ENTER:

Aprilanne Agostino
Clerk of the Court

# DEL ATWELL
## ATTORNEY AT LAW

39 5TH STREET
EAST HAMPTON, NY 11937
(631) 267-2067

August 13, 2018

Clerk of the Court
Chief Judge
Court of Appeals of the State of New York
20 Eagle Street
Albany, NY 12207

      Re: In the matter of Solomon v. Fishman- 2017-07774
      (leave application)

Honorable Judge,

  Enclosed please find a motion for leave to appeal and 7 copies of an affirmation establishing timeliness in the above referenced case. Appellant respectfully prays for the issuance of a certificate for permission to appeal and certifying that there is a question of law in the above captioned case which ought to be reviewed by the Court of Appeals. An application has not been made to a Judge of the Appellate Division. Thank you for your anticipated attention to this matter.

       Sincerely,

       Del Atwell
       Attorney for Appellant

THE STATE OF NEW YORK
COURT OF APPEALS

_____

In the Matter of Solomon

Marc Fishman

_____

NOTICE OF MOTION FOR
LEAVE TO APPEAL TO THE
COURT OF APPEALS

2017-07774

     PLEASE TAKE NOTICE, that upon the annexed affirmation of Del

Atwell, Esq., the order of appointment, the record on appeal in the Appellate

Division Second Department, the judgment of the Westchester County Family

Court, entered June 27, 2017, and the order affirming the judgment from the

Appellate Division, dated June 27, 2018, the appellant will move this Court

before the Court of Appeals, 20 Eagle Street, Albany, NY on September 10,

2018 or a date convenient to the court, for permission to appeal upon direct

application and for such further and other relief as this Court deems just and

proper.

     PLEASE TAKE FURTHER NOTICE, that this application is made on

submission.

                      Del Atwell
                      Attorney for Appellant
                      39 5th Street
                      East Hampton, NY 11937
                      631-267-2067

THE STATE OF NEW YORK
COURT OF APPEALS

---

In the Matter of Solomon                    AFFIRMATION

Marc Fishman

---

     Del Atwell, Esq., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following under the penalty of perjury:

     1. I am the attorney for the respondent in the above captioned action and am fully familiar with the facts and circumstances of this case. I was assigned by the Appellate Division to represent appellant because the appellant is indigent.

     2. This motion requests permission for leave to appeal from the order of the Appellate Division which affirmed an order of the Suffolk County Family Court.

     3. The Appellate Division, erred when it opined that the Family Court correctly found that appellant should be committed to prison for 21 days.

     4. Specifically, a criminal offense was not proven beyond a reasonable doubt. Rather, the family court committed appellant to prison for 21 days after concluding that Mr. Fishman violated orders of protection. It remarked that this finding had been proven "beyond a reasonable doubt."

5. A family court has utilized a standard of proof reserved for criminal offenses. Guilt "beyond a reasonable doubt" must be found to incarcerate someone for a violation of the penal law. It remains unknown what, if any, criminal offense was committed by Mr. Fishman. The record is devoid of any reference to statutes of New York Penal Law.

6. In rare occasions, a family court is empowered with some authority to impose a criminal sentence. *In the Matter of Rubackin*, 62 AD3d 11 (2d Dept. 2009). Because the punishment is severe and harsh, it is reserved for those cases where there is no alternative. In acknowledging that the use of a criminal sentence in family court is to be used sparingly, this Court recognized that it may only be appropriate if "guilt" is proven "beyond a reasonable doubt." *Id.* at 15. Incarceration is not to be contemplated if a litigant over-extended his visitation privileges. It is suggested that even if Mr. Fishman was specially directed not to send gifts to his children during holidays, his compulsion to do so does not arise to the threshold standard necessary to impose a criminal sentence.

7. In concluding that the "reasonable doubt" standard must be met to commit an individual to jail, this Court was careful to caution that the "same high standard is not applicable if one or more of the other available remedies under Family Court Act § 846-a is utilized … " Specifically, Family Court

Act § 812 (2) (b) provides, in part: "[t]hat a family court proceeding is a civil proceeding and is for the purpose of attempting to stop the violence, end the family disruption and obtain protection." *Id.* at 14.

Commitment to a period of incarceration, however, *is not authorized* under Family Court Act § 841 at this stage of the proceeding. *Rubackin* at 14; (emphasis added).

8. The family court offers a lengthy finding of fact detailing Mr. Fishman's behavior which amounts to defying a court order by offering gifts to his children and ex-wife. A verbatim reading of the finding is devoid of any reference to the commission of a family or criminal offense. In contrast, the *Rubackin* court appropriately found that the violator had "committed the family offense of harassment in the second degree." Here, the transcript reveals that the family court never found appellant "guilty" of anything.

9. There is no competent proof of willful disobedience. Holdings for criminal contempt resulting in incarceration can be sustained with at least some minimal reference to the statutory language of "competent proof." See, *Matter of Lippmann v Lippmann*, 239 AD2d 346, 347 (1997); *Matter of Louvaris v Louvaris*, 209 AD2d 524 (1994); *Matter of Lentino v Lentino*, 185 AD2d 849 (1992). However, "competent proof" describes the nature of the

evidence rather than the quantum necessary to sustain a determination of a willful violation that results in incarceration. Family Court Act § 846-a.

10. Because the family court referenced "reasonable doubt," it must necessarily have concluded that the disobedience of court order was willful. Appellant maintains that even if the family court believed that he violated prior orders, the disobedience was not willful. As this Court is aware, even long term inmates are not subjected to such restrictive conditions. *Simpson v. Finnigan*, 202 A.D.2d 592 (2nd Dept 1994). Such conditions require that there be some evidence that there is potential harm to the child. For example, when a therapist offers testimony that contact would harm the child, and when the child was disturbed by the offense the father was incarcerated for (kidnapping the mother at gunpoint), the denial is appropriate. *Id*. Here, there was no determination that there are any potentially deleterious effects of such contact with the children. See, *Matter of Youngblood v. Amrhein*, 216 AD2d 475; *Matter of Wise v. DelToro*, 122 Ad2d 714.

11. This Court has jurisdiction over the above captioned matter pursuant to sections 5601(a)(1)(i) and 5513(b) of the Civil Practice Law and rules because the Appellate Division order affirmed the order of the Family Court which finally determined the proceedings.

12. A photocopy of the decision and order of the Appellate Division and copies of the appellate briefs are submitted herewith.

WHEREFORE, it is respectfully requested that this Court issue an order pursuant to CPLR 5602(a) and 5513(b) granting appellant permission to appeal to the Court of Appeals.

Dated: August 13, 2018

_____
Del Atwell
Attorney for Appellant

THE STATE OF NEW YORK
COURT OF APPEALS

---

Marc Fishman                                             PROOF OF SERVICE

Jennifer Solomon

---

   Del Atwell, Esq., an attorney duly admitted to practice before the

Courts of the State of New York, affirms that on August 13, 2018, the

within documents were mailed via United States Postal Service upon the

following:

Marc Fishman
3200 Netherlands Avenue-apt G
Bronx, NY 10463

Legal Services of Hudson Valley
90 Maple Avenue
White Plains, NY 10601

Kathleen Hannon, Esq
6 Standish Drive
Scarsdale, NY 10583

             _____
               Del Atwell

THE COURT OF APPEALS
THE STATE OF NEW YORK

_____                    AFFIRMATION

Marc Fishman

Jennifer Solomon

_____

 Del Atwell, Esq., an attorney duly admitted to practice before the

Courts of the State of New York, affirms the following under the penalty of

perjury:

 1. I am appellate attorney for the appellant in the above captioned

action and am fully familiar with the facts and circumstances of this case.

 2. Service of the Appellate Division order was not affected pursuant to

*CPLR* 5513, 5514. Specifically, "a copy of the judgment or order appealed

from *and written notice of its entry*" was not served. *CPLR,* 5513(b);

(emphasis added).

 3. The time period within which to move has not been activated.

 WHEREFORE, it is respectfully requested that this court deem the

motion timely.

_____

Del Atwell
Attorney for Appellant

# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

D55819
Q/htr

_____AD3d_____

Argued - May 24, 2018

REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
LINDA CHRISTOPHER, JJ.

2017-07774

DECISION & ORDER

In the Matter of Jennifer S. Solomon, respondent,
v Marc H. Fishman, appellant.

(Docket No. O-7850-14/14A/15D/16H/16J)

Del Atwell, East Hampton, NY, for appellant.

Nicole E. Feit, White Plains, NY, for respondent.

Kathleen M. Hannon, Scarsdale, NY, attorney for the children.

In a family offense proceeding pursuant to Family Court Act article 8, the father appeals from an order of commitment of the Family Court, Westchester County (Michelle I. Schauer, J.), dated June 27, 2017. The order of commitment, in effect, confirmed a decision of the same court dated September 2, 2016, made after a hearing, determining that the father willfully violated a temporary order of protection and an interim order of visitation, and committed him to the custody of the Westchester County Correctional Facility for a period of 21 days unless sooner discharged according to law.

ORDERED that the appeal from so much of the order of commitment as committed the father to the Westchester County Correctional Facility for a period of 21 days is dismissed as academic, without costs or disbursements, as the period of incarceration has expired (*see Matter of Becker v Guenther*, 150 AD3d 985); and it is further,

ORDERED that the order of commitment is affirmed insofar as reviewed, without costs or disbursements.

The father and the mother have four children together. They have been divorced since

June 27, 2018

Page 1.

MATTER OF SOLOMON v FISHMAN

August 2012. There have been numerous post-matrimonial proceedings and motions made in both the Family Court and the Supreme Court since the parties' divorce, regarding a plethora of issues, including child support arrears, parental access, and the father's failure to comply with various court orders. In the course of a family offense proceeding commenced by the mother by a petition dated June 11, 2014, the Family Court issued a series of temporary orders of protection and interim orders on behalf of the mother and the subject children with respect to the father. Beginning in June 2014, the mother filed a series of petitions in the Family Court alleging that the father had violated certain provisions of the temporary orders of protection and interim orders. The court conducted a fact-finding hearing on the violation petitions that began on June 28, 2016, and concluded on September 2, 2016, at which time the court found that the father had willfully violated the terms of a temporary order of protection and an interim order of visitation, both dated April 6, 2016. After a dispositional hearing, the Family Court issued an order of commitment dated June 27, 2017, which, in effect, confirmed the court's decision that the father willfully violated the prior court orders, and committed the father to the custody of the Westchester County Correctional Facility for a period of 21 days unless sooner discharged according to law. The father appeals from the order of commitment.

The appeal from so much of the order of commitment as committed the father to the custody of the Westchester County Correctional Facility for a period of 21 days must be dismissed as academic, as the period of incarceration has ended (*see Matter of Savas v Bruen*, 154 AD3d 859, 860; *Matter of Becker v Guenther*, 150 AD3d 985, 985; *Matter of Pace v Douglas*, 141 AD3d 530, 530). However, in light of the enduring consequences which could flow from the determination that the father violated the subject temporary order of protection and interim order of visitation, the appeal from so much of the order of commitment as, in effect, confirmed the determination that the father was in willful violation of those orders, is not academic (*see Matter of Pace v Douglas*, 141 AD3d at 530).

Contrary to the father's contentions, it was not necessary for the Family Court to find that the father had committed a family offense or a crime prior to making the determination that he willfully violated the subject orders (*see Matter of Lisa T. v King E.T.*, 30 NY3d 548, 551; *Matter of Santiago v Santiago*, 158 AD3d 772, 773). Moreover, the court properly found, beyond a reasonable doubt, that the father willfully violated provisions of the subject orders, having freely admitted to engaging in conduct constituting such willful violations (*see Matter of Rubackin v Rubackin*, 62 AD3d 11, 15).

RIVERA, J.P., MALTESE, BARROS and CHRISTOPHER, JJ., concur.

ENTER:

*Aprilanne Agostino*
Aprilanne Agostino
Clerk of the Court

# EXHIBIT "B"

# NYS UNIFIED COURT SYSTEM
## DENIAL OF ACCOMMODATION FORM

**Person for whom accommodation is sought:** Marc Fishman

      Address: 3200 Netherland Ave., Apt. G, Bronx, NY 10463

      Email: rentdriver@gmail.com

      Phone Number: 914-837-3209

**Date of initial request:** June 7, 2018, June 11, 2018

**Person's Status:**
    ☐ Juror  ☑ Party  ☐ Witness  ☐ Attorney  ☐ Other (specify: _____)

**Court or court facility:** Westchester Family Court

**Judge** *(if applicable):* Support Magistrate Carol A. Jordan

**Case name and number** *(if applicable):* Solomon v. Fishman  (131794)

**Type of disability:** post-concussion syndrome"; tinnitus; occipatal neuralgia/TJM headaches.

**Accommodation(s) requested:**  See attached

_____

_____

_____

_____

**Reason(s) for Denial:**  *(Check all that apply and provide specific explanation)*

☑ Person is not disabled. *Explain:*


☐ Person is disabled, but the court is not required to provide an accommodation. *Explain:*


☐ Requested accommodation(s) would create undue financial or administrative burden. *Explain:*


☐ Requested accommodation(s) would fundamentally alter the nature of service, program, or activity. *Explain:*


☑ An alternative accommodation that would allow full participation in the proceeding is available. *Explain:*

**Person Denying Request:**
This request was denied by the undersigned in consultation with the office of the Statewide ADA Coordinator. (*District Executive and Chief Clerks only*)

| | | |
|---|---|---|
| _M J B_          _6/22/18_ | | NANCY J. BARRY |
| Signature          (Date) | | Name     [print] |

DISTRICT EXECUTIVE
Title [print]


**Administrative Review of this Denial**

This decision to deny your requested accommodation can be reviewed administratively. If you wish to appeal this decision, you must submit either a **Request for Reconsideration** form (obtainable from the Chief Clerk or District Executive) or a written statement seeking reconsideration. If the Request for Reconsideration form is not used, the written statement must contain the following minimum information:

- your name, address, e-mail address and telephone number
- the name/location of the court or court facility in which the accommodation was sought.
- the case name and number, if applicable
- the accommodation requested
- the basis for requesting reconsideration.
- the desired remedy or the solution requested.
- a copy of this Denial of Accommodation form.

You must submit the Request for Reconsideration form or written statement, along with a copy of this Denial of Accommodation form and any additional relevant written documentation you wish to include, by mail or e-mail no later than ten (10) days after the date of the written denial to:

> **New York State Office of Court Administration**
> **Professional and Court Services**
> **Statewide ADA Coordinator**
> **25 Beaver Street, Suite 809**
> **New York, NY 10004**

For good cause, the Statewide ADA Coordinator may extend the ten (10) day filing period.

*Administrative review is not available if your accommodation request was denied by a judge or judicial officer.*

[Copy to person requesting accommodation; copy to Statewide ADA Coordinator. This form is confidential.]



STATE OF NEW YORK
UNIFIED COURT SYSTEM
OFFICE OF THE ADMINISTRATIVE JUDGE
NINTH JUDICIAL DISTRICT
RICHARD J. DARONCO WESTCHESTER COUNTY COURTHOUSE
111 DR. MARTIN LUTHER KING JR. BOULEVARD
WHITE PLAINS, NEW YORK  10601
TEL: (914) 824-5100   FAX: (914) 995-4111

HON. LAWRENCE K. MARKS
Chief Administrative Judge

HON. MICHAEL COCCOMA
Deputy Chief Administrative Judge
(Outside NYC)

HON. KATHIE E. DAVIDSON
District Administrative Judge
Ninth Judicial District

NANCY J. BARRY, ESQ.
District Executive

June 22, 2018

Mr. Marc Fishman
3200 Netherland Ave., Apt. G
Bronx, NY 10463

Re: ADA Accommodation

Dear Mr. Fishman:

Attached please find the NYS Unified Court System Denial of Accommodation Form that I have completed, reviewed and signed.  Your request for the provision of realtime reporting services is denied, based on the information provided.

You stated that your disabilities are :"post-concussion syndrome"; tinnitus; occipatal neuralgia/TJM headaches. Additionally, you stated that these conditions: make it "difficult/near impossible for me to remember the spoken word," "effect[] immediate recall and short term memory greatly," and cause you "to not remember fully."

You have asked for realtime reporting as an ADA accommodation for what you describe as your cognitive disabilities, so that you can be reminded of oral instructions given by the court.

Please be advised that realtime reporting, the simultaneous textual transcription of spoken words on a screen, is used as an accommodation for those with hearing impairments.  Although you mention tinnitus, a condition which may in some people cause hearing loss, you have not provided any medical documentation that it has done so in your case. Nor does it appear that you were unable to hear the proceedings in any of your numerous prior court appearances. If you are able to provide medical documentation that you are hearing-impaired and that your ability to participate in court proceedings is thereby impacted, please submit it. We will then consider whether any assistive technologies might provide an accommodation for your hearing impairment, including assistive listening devices or realtime reporting, or whether any alterations in

courtroom practice or procedure that your physician might recommend could provide a suitable accommodation.

Realtime reporting cannot be provided to address your asserted short-term memory impairment. Transcripts of the official record can be obtained through the usual process upon request, and will provide a complete written record of the proceedings.  To the extent that you assert you must obtain an immediate transcript so that you will be able to remember an instruction given you by the court, you may also request from the judge, when given such an instruction, the opportunity to pause the proceedings while you write down what was instructed.  Alternatively, you may also for the same purpose make use of your attorney, or of the ADA advocate the trial court has permitted to accompany you during the proceedings, or of a neutral, non-witness notetaker the court has granted you permission to use during proceedings. In any event, the incident you cite regarding your failure to obey the court's written order – that gifts could only be sent to your children "on birthdays and major holidays" – appears to have been caused by your misinterpretation of the language of that written order (i.e. your apparent belief that Passover, Memorial Day and July Fourth could be construed as appropriate gift-giving holidays), not by any failure of memory.

Attached to the NYS Unified Court System Denial of Accommodation Form are the instructions for the administrative review of this matter.

Respectfully,

Nancy J. Barry
District Executive



## New York's Protection & Advocacy System and Client Assistance Program

*Via Email*

June 7, 2018

Honorable Michelle I. Schauer
Judge of the Westchester County Family Court
c/o Court Attorney Michelle D'Ambrosio
c/o Nicole Marcano
131 Warburton Avenue, 3rd Floor
Yonkers, New York 10701
mdambros@nycourts.gov
nmarcano@nycourts.gov

### RE: Jennifer Solomon v. Marc Fishman, Docket Nos. V-081887/8/9-14/15B

Dear Judge Schauer:

Disability Rights New York ("DRNY") is the Protection and Advocacy agency for New York State. Protection and Advocacy agencies are authorized by federal law to provide legal representation and other advocacy services to people with disabilities. We provide information and referrals, as well as training and technical assistance to service providers, state legislators and other policymakers.

DRNY was contacted by Marc Fishman in January 2018 regarding the lack of free transcription services available to him in the aforementioned proceedings. Your Honor informed Mr. Fishman repeatedly that the transcription services he was requesting were not available in the Westchester County Family Court courthouse located in Yonkers, NY.

However, according to multiple news sources and the New York State Unified Court System 2017 Annual Report, Yonkers Family Court has had advanced audiovisual technology in its courtrooms, including instant voice-to-text translations, since 2016. *See* New York State Unified Court System 2017 Annual Report, http://www.nycourts.gov/reports/annual/pdfs/2017_UCS-

725 Broadway, Suite 450
Albany, New York 12207
(518) 427-6561 (fax)

25 Chapel Street, Suite 1005
Brooklyn, New York 11201
(718) 797-1161 (fax)

44 Exchange Blvd, Suite 110
Rochester, New York 14614
(585) 348-9823 (fax)

mail@DRNY.org • www.DRNY.org

(800) 993-8982 (toll free) • (518) 432-7861 (voice) • (518) 512-3448 (TTY)

Page 2 of 2

Annual_Report.pdf 5 (2017) ; *see also* State of New York Unified Court System, "Press Release: High-Tech Courtroom Opens in Westchester County Supreme Court," http://www.courts.state.ny.us/PRESS/PDFs/PR17_19.pdf (Dec. 13. 2017); National Center for State Courts, "New York State Courts Announce High Tech Courtrooms," Court Technology Bulletin, https://courttechbulletin.blogspot.com/2017/12/new-york-state-courts-announce-high.html (Dec. 20, 2017).

The Yonkers courtrooms have instant voice-to-text services and Family Court could either electronic or paper copies of transcripts generated by those services at minimal if any cost. The provision of free transcripts therefore constitutes a reasonable modification of the kind required by the ADA to avoid disability discrimination. *See* 42 U.S.C. §§ 12131(1), 12132; 28 C.F.R. § 35.130(b)(7).

Disability Rights New York therefore respectfully requests that Your Honor implement usage of the voice-to-text translation technology for all Mr. Fishman's future appearances, and provide Mr. Fishman with electronic or paper transcripts generated by those services free of cost.

Please feel free to contact me if you have any additional questions or concerns. You can reach me at (518) 512-4952 or at sara.liss@drny.org.

Thank you for your consideration.

Very truly yours,


/s/ Sara Liss

Sara Liss, Esq.
Phone: (518) 512-4952
Email: sara.liss@drny.org

CC:    Nicole Feit, Esq., Attorney for Plaintiff: nfeit@lshv.org
       Ian Spier, Esq., Attorney for Defendant: legalease1@gmail.com


**New York's Protection & Advocacy System and Client Assistance Program**

# EXHIBIT "C"



# PRESS RELEASE

**New York State
Unified Court System**

**Hon. Lawrence K. Marks
Chief Administrative Judge**

Contact:
**Lucian Chalfen, Public Information Director
Arlene Hackel, Deputy Director
(212) 428-2500**

www.nycourts.gov/press

Date: **September 26, 2017**

### New Committee Aims to Promote Court Access for People with Disabilities

**New York** – As part of the State court system's initiative to achieve and maintain excellence throughout the judicial branch, Chief Judge Janet DiFiore and Chief Administrative Judge Lawrence K. Marks today announced the formation of an advisory panel charged with developing an action plan to improve access to the New York State courts for all persons, including those with visual, hearing, communication, mobility, cognitive and other disabilities.

The courts' Advisory Committee on Access for People with Disabilities comprises Unified Court System judges, clerks and administrators, as well as representatives from legal services providers, law firms and advocacy groups from around the State. The Committee will be led by Hon. Rosalyn H. Richter, Associate Justice of the Appellate Division, First Department.

The advisory panel will examine a broad scope of issues, including the procedures for requesting accommodations; the availability of sign language interpreters, as well as the quality of remote video interpreting services for the deaf and hard of hearing; the navigability for those with visual and other disabilities of online court programs and services; barriers faced by jurors who have a disability; and training and other needs to ensure best practices in providing access for court users with special needs. The Committee will submit its recommendations to the Chief Judge on these issues, among other topics of concern.

Court users are protected from disability discrimination by the American Disabilities Act (ADA) and other statutes. Each courthouse has a liaison to assist in providing reasonable accommodations to litigants, attorneys and other court users with special needs. The court system employs a statewide coordinator to oversee the facilitation of such requests, offering training, technical and other resources to the liaisons, as well as to judges and other court staff.

The new panel, which counts the courts' statewide coordinator, Dan Weitz, among its members, will explore how the New York State courts can more effectively respond to and manage accommodation requests and related inquiries.

Additionally, Deputy Chief Administrative Judge Edwina G. Mendelson, another member of the advisory group, who heads the courts' newly expanded Office for Justice Initiatives (OJI) – which works to ensure meaningful access to justice for all those who pass through New York's state courthouses – will work closely with the Committee members to seek ways the OJI can enhance accessibility for court users with special needs.

"Access to the courts is a fundamental right, protected by our state and federal constitutions. The advisory panel will work to identify and remove barriers to court facilities and services, wherever possible, ensuring that New York's state courts are readily accessible to all people, regardless of disability or any other factor. I am thankful to the Committee members for their deep understanding of that principle," said Chief Judge DiFiore.

"Chief Judge DiFiore and I look forward to working with the new advisory group as we strive to eliminate barriers to justice. I commend the Committee's members for their dedication to this critically important effort," said Chief Administrative Judge Marks.

"I am honored to be chairing the Committee, and thank the Chief Judge and Chief Administrative Judge for their commitment to ensuring full and equal access to our state courts. I know we can make a difference with the assistance of our knowledgeable Committee members," said Judge Richter.

A roster of the Advisory Committee members is attached.

## New York Courts' Advisory Committee on Access for People with Disabilities

*Chair*
Hon. Rosalyn H. Richter
Associate Justice, Appellate Division, First Department

*Members*
Maureen Belluscio
Staff Attorney, New York Lawyers for the Public Interest, Disability Justice Program

Anne Callagy
Director of Government Benefits, The Legal Aid Society - Civil Practice

Beth Diebel
District Executive, Third Judicial District, New York Courts

Hon. Vincent DiNolfo
County Court Judge, Monroe County

Hon. Sherry Klein Heitler
Chief of Office of Policy and Planning, NYS Office of Court Administration

Hon. Deborah Kaplan
Statewide Coordinating Judge for Family Violence Cases, NYS Office of Court Administration

Kleo King
Deputy Commissioner and General Counsel, NYC Mayor's Office for People with Disabilities

Eve Markewich
Partner, Markewich and Rosenstock LLP

Hon. Edwina G. Mendelson
Deputy Chief Administrative Judge, Office for Justice Initiatives, New York Courts

Hon. Juanita Bing Newton
Dean, New York State Judicial Institute

Charles Perreaud
Jury Commissioner and Court Interpreting Coordinator, Seventh Judicial District, New York Courts

Hon. Robert Pipia
District Court Judge, Nassau County

Michael Schwartz
Supervising Attorney and Director, Disability Rights Clinic, Office of Clinical Legal Education,
Syracuse University College of Law

Liz Sergi
Senior Social Worker, Helen Keller Services for the Blind

Charles Small
Chief Clerk for Civil Matters, Kings County Supreme Court

Nahid Sorooshyari
Senior Staff Attorney, Mobilization for Justice (formerly MFY Legal Services)

Dan Weitz
Director, Division of Professional & Court Services, NYS Office of Court Administration

*Counsel to the Committee*
Barbara Zahler-Gringer, NYS Office of Court Administration

# # #

# EXHIBIT "D"

*Courtroom and Hearing Rooms* The Court lacks adequate hearing rooms for Support Magistrates and Judicial Hearing Officers. The hearing rooms for both Magistrates and JHO's measure less than the 300 square foot minimum that is required by the Guidelines for Court Facilities. In addition, the JHO hearing room has only one entry point. Parties, attorneys, prisoner and witnesses must access this room through a congested internal corridor.

The clerk's work stations in the courtroom and in the Magistrate's hearing room lack sufficient space for performing routine paperwork and locating files and equipment. The clerk's desk in the courtroom measures less than seven square feet, making it uncomfortable and impossible to add any equipment to this area. In addition to the lack of space, these courtrooms and hearing rooms lack adequate data and power wiring to accommodate the technology that is needed.

*Chambers and Related Space* The Court's chamber is undersized and lacks adequate wiring and electrical outlets which, in turn, limit flexibility in use and positioning of the judge's staff and equipment.

*Children's Center* The Children's Center suffers from the same issues as Yonkers Children's Center: limited space (for only six children), no private restroom and no easy access to drinking water. As a result, children are often turned away and must wait with their parents in the crowded waiting rooms and hallways of the facility.

*Supply Room/Lunch Area* The Court's lunch area doubles as a storage closet where paper supplies, equipment and furniture occupy much of the space. This area does not have a sink and employees must clean their dishes and utensils in the restrooms.

## Parking

**The New Rochelle Court lacks both sufficient and secure parking.** The facility's parking lot, which serves the court users as well as other building tenants, has four spaces reserved for Judges and court staff. The parking lot is inadequate and undersized for the number of attorneys and litigants appearing in the Court during peak hours. The combined use of the lot by court users and the other building tenants and visitors results in a full and congested lot throughout the day. Court visitors and staff are required to park off-site using municipal parking garages and street parking located blocks away from the court facility.

## Miscellaneous

**Acoustics within the facility are poor.** Noise travels easily from the waiting rooms and lobby into nearby courtrooms thereby making it difficult to conduct proceedings. In addition, privacy and confidentiality between attorneys and their clients is often compromised due to lack of attorney/client conference rooms.

This facility has a long history of heating and cooling system failures. Water leaks are routine and window seals are failing. There are problems with the integrity of the building's roof as rainwater has penetrated into the courtroom and public access counter areas. This condition has become so bad that a portion of the ceiling in the courtroom has collapsed. In addition, when there is a heavy rain, the public access counter is rendered unusable due to leaking water. This situation has become so serious that the computer in the public counter is covered in plastic to protect it from such leaks.