**NEW YORK STATE**
Unified Court System

OFFICE OF COURT ADMINISTRATION

**LAWRENCE K. MARKS**
CHIEF ADMINISTRATIVE JUDGE

**JOHN W. McCONNELL**
COUNSEL

September 12, 2018

Hon. Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

> Re: Fishman v. Office of Court Administration New York Courts
> 18 CV 00282 KMK)

Dear Judge Karas:

This Office represents the defendant Office of Court Administration New York Courts [sic] ("OCA") in the above-referenced action. This response is submitted in opposition to plaintiff's motion for preliminary injunctive relief filed with the court on August 31, 2018 and entered on September 4, 2018.

## I. **Plaintiff's Allegations**

Plaintiff Marc Fishman brings this *pro se* action alleging claims of disability discrimination under the Americans with Disabilities Act ("ADA"), Rehabilitation Act ("RA"), and the New York State Human Rights Law ("NYSHRL"). Plaintiff's claims arise out of a proceeding in the Family Court of Westchester County, pursuant to Articles 6 and 8 of the Family Court Act, before Family Court Judge Michelle I. Schauer. Plaintiff is the respondent in that proceeding, brought against him by his ex-wife in June 2014. Numerous petitions brought by both parties are currently pending in that court.

In his amended complaint, plaintiff alleges that numerous rulings by Judge Schauer in the underlying proceeding constitute discrimination and/or retaliation on the basis of his alleged disabilities, including rulings: denying some of his accommodation requests; rejecting his defense that his disabilities caused him to violate a temporary order of protection; adjourning hearings; requiring him to be evaluated by doctors, social workers, and specialists who do not take his insurance; rejecting the live testimony of the

author of a medical report taken on submission; denying a request that reports by a court-appointed social worker be provided to his doctor to assist in his therapy; refusing substitution of one forensic report for another; denied him standing to seek ADA accommodations on behalf of a son, who was in mother's custody and represented by own counsel; and, setting terms of supervised visitation orders issued by the court.

In a previous motion for a preliminary injunction, plaintiff sought an order from this Court directing defendant to provide him with a qualified note taker in his underlying family court proceedings, a "court aide for court program visitation" and with large print court orders. That motion for preliminary injunctive relief was denied by Your Honor in court on June 11, 2018.

By this motion, plaintiff seeks a preliminary injunction directing defendant to provide him with realtime reporting services.[1] For the reasons set forth below, plaintiff's request for preliminary injunctive relief should be denied.

## II. **Plaintiff Is Not Entitled To Injunctive Relief**

Injunctive relief "is an extraordinary and drastic remedy which should not be routinely granted. Borev v. Nat'l Union Fire Ins. Co. of Pittsburgh, 935 F. 2d 30, 33 (2d Cir. 1991). It should be granted sparingly since it is "one of the most drastic tools in the arsenal of judicial remedies." Grand River Enter. Six Nations, Ltd. v. Pryor, 481 F. 3d 60, 66 (2d Cir. 2007).

The standard for interim injunctive relief requires plaintiff to demonstrate "a threat of irreparable injury and either (1) a probability of success on the merits or (2) sufficiently serious questions going to the merits of the claims to make them a fair ground of litigation, and a balance of hardships tipping decidedly in favor of the moving party."

---

[1] Plaintiff seeks relief in the form of an order directing the state court system to provide him, in all future court appearances, with CART assistance. CART (Communication Access Realtime Transcription, or, Computer Assisted Real-Time) provides an unedited real-time visual transcription of oral courtroom proceedings. It is deployed to permit program access for the deaf or hard-of-hearing, where sign language interpreting or assistive listening devices are insufficient to provide full access. The realtime feed is provided via a computer or projection screen visible to the person being accommodated. A transcript can be generated as a by-product of CART, but it does not constitute the official transcript that the court reporter prepares and certifies, and it cannot be used for purposes of appeal.

2

Motorola Credit Corp. v. Uzan, 322 F.3d 130, 135 (2d Dir. 2003).

Even if the plaintiff demonstrates irreparable harm and a likelihood of success on the merits, the remedy of preliminary injunctive relief may still be withheld if equity so requires. "An award of an injunction is not something a plaintiff is entitled to as a matter of right but rather it is an equitable remedy issued by a trial court, within the broad bounds of its discretion, after it weighs the potential benefits and harm to be incurred by the parties from the granting or denying of such relief." Ticor Title Ins. Co. v. Cohen, 173 F.3d 63, 68 (2d Cir. 1999).

Plaintiff cannot satisfy the standard for granting preliminary injunctive relief. He has not demonstrated any likelihood of success on the merits of his claims, nor that he is threatened with irreparable harm. Moreover, the balancing of hardships do not tip in his favor.

Plaintiff is seeking preliminary injunctive relief in the form of an order directing the Office of Court Administration to provide him with realtime reporting and free transcripts as a reasonable accommodation for his alleged cognitive impairment disability. See Plaintiff's Motion for Preliminary Injunctive Relief, etc., [Docket Document 29 ("Doc. 29")], p.1. Plaintiff previously made a request for realtime reporting via a letter dated June 7, 2018 to Judge Schauer, from Disability Rights New York, ("DRNY") an advocacy organization that provides legal representation and other advocacy services for people with disabilities. (See copy of Letter dated June 7, 2018, annexed hereto as Exhibit A.) Additionally, by letter dated June 11, 2018, plaintiff himself requested the use of realtime reporting in a letter addressed to Magistrate Jordan. (See copy of Letter dated June 11, 2018 annexed hereto as Exhibit B.)

Both of these letter requests for realtime reporting were taken under consideration by Nancy Barry, District Executive for the Ninth Judicial District (" District Executive Barry"), in accordance with the court system's protocol for handling disability accommodation requests. While some requests for reasonable accommodations are properly addressed to the judge presiding over a pending proceeding – those that bear on the exercise of judicial authority over the proceeding or parties – others can appropriately be responded to by court managers. Requests for auxiliary aids and services such as CART are primarily dealt with administratively rather than judicially. For every courthouse, the court system has designated non-judicial personnel – ADA liaisons – to assist court users in obtaining disability accommodations. In some cases involving an administratively provided accommodation, a judge or judge's staff may refer the person seeking the accommodation to the court's ADA liaison or chief clerk for assistance. Where an ADA liaison or clerk has some question as to whether the requesting person is

entitled to an accommodation, or whether the accommodation being requested is a reasonable one, the liaison or clerk will refer the request to a high ranking court manager (in New York City, a Chief Clerk of a court; in the judicial districts outside New York City, a District Executive).

A requested administrative accommodation cannot be denied in whole or part by an ADA liaison, but only by a District Executive (or, in New York City, a Chief Clerk). Such denials must be in writing, and can be appealed to OCA's Statewide ADA Coordinator. When such request for reconsideration is made to the ADA Coordinator, the person seeking reconsideration may submit additional relevant information in support that was unavailable at the time the request was made. The ADA Coordinator will issue a final decision in writing (or other appropriate format), and may affirm, modify or reverse the initial denial.

Here, both of plaintiff's letters requesting realtime reporting were initially considered by District Executive Barry, who denied the request in writing on June 22, 2018. Plaintiff requested reconsideration of that decision. By letter dated August 7, 2018, Statewide ADA Coordinator Dan Weitz denied his appeal.

Plaintiff's June 7, 2018 letter requesting realtime reporting

DRNY, on behalf of plaintiff, informed Westchester Family Court Judge Schauer that plaintiff had contacted them "regarding the lack of free transcription services available to him in the [   ] proceedings" before Judge Schauer.[2] DRNY, without addressing plaintiff's purported disability, argued that the "provisions of free transcripts therefore constitutes a reasonable modification of the kind required by the ADA to avoid disability discrimination." They requested that plaintiff be provided with electronic or paper transcripts generated by those services free of cost. The letter made no mention of plaintiff's asserted hearing impairment or that his ability to participate in court would be impacted if he was not provided free transcripts. See Exhibit A.

Plaintiff's June 11, 2018 letter requesting realtime reporting

In a June 11, 2018 letter addressed to Family Court Support Magistrate Carol Ann Jordan ("Magistrate Jordan"), plaintiff also requested realtime reporting for its ability to provide him with "same day" transcripts. He stated that his "Occipital Neuralgia, TBI, Tinnitus and other qualified disabilities [realtime reporting] was needed

---

[2]We should be note that plaintiff does not have any pending matters before Judge Schauer.

to visually see the words spoken to assist with my TBI/speech/organization disability and read same day transcript." Plaintiff asserted that realtime reporting services "can significantly assist me to have meaningful access and provide the same day printouts of transcripts to aid my cognitive memory difficulties and comprehension." The gravamen of plaintiff's request was that the court provide him with free same day transcripts. Plaintiff's letter did not claim to be hearing impaired to the extent that failing to provide realtime reporting would deprive him of his ability to participate in court proceedings. See Exhibit B.

### The District Executive's decision denying the realtime reporting requests

On June 22, 2018, District Executive Barry denied plaintiff's request for realtime reporting services as an accommodation for what plaintiff described as "cognitive disabilities so that [he] could be reminded of oral instructions given by the court." See copy of Decision, comprising Denial of Request Form and accompanying Letter dated June 22, 2018, ("June 22 Decision"), annexed hereto as Exhibit C. Plaintiff was informed that realtime reporting and the simultaneous textual transcription of spoken words on the screen is used for court users with hearing impairments. District Executive Barry informed plaintiff that realtime reporting would not be provided to address plaintiff's asserted short-term memory impairment.

That letter also informed plaintiff that even though he mentioned tinnitus, he did not submit any medical documentation that his condition had caused him to suffer from hearing loss. District Executive Barry noted that plaintiff did not appear unable to hear in any of his numerous prior court proceedings. Plaintiff was told that if he was able to provide medical documentation showing hearing-impairment and that his ability to participate in court proceeding was thereby impacted, then his request would be reconsidered to determine whether any assistive devices, realtime reporting or any alterations in courtroom practice or procedure that his doctor might recommend could provide a suitable accommodation.

The letter also provided plaintiff with instructions for seeking an administrative review of the denial. By e-mail dated July 2, 2018, plaintiff requested reconsideration of the June 22, 2018 denial of accommodation.

### The Statewide ADA Coordinator's decision denying plaintiff's appeal

By letter dated August 22, 2018, Daniel Weitz, ADA Coordinator for the Office of Court Administration, affirmed the denial of plaintiff's request for realtime reporting as an accommodation (August 22 Decision"). (A copy of the August 22 Decision is annexed

hereto as Exhibit D.)  In affirming, ADA Coordinator Weitz considered a one-paragraph doctor's memo dated July 2, 2018, that plaintiff had submitted, indicating plaintiff suffered from a head injury in 2013 and post-concussion syndrome. The memo also indicated that in 2017 a neurological evaluation screening showed that plaintiff was demonstrating cognitive deficits in various areas relating to memory. While acknowledging that the doctor's memo opined that plaintiff would "benefit" from realtime reporting as an aid due to his cognitive difficulties, ADA Coordinator Weitz found that the memo did not state "that [plaintiff's] difficulties are so substantial in comparison to the general population that they constitute a disability, nor does it explain how those cognitive deficits impact [plaintiff's] ability to participate in court proceedings or specify how the proposed accommodation would address those impacts." (Exhibit D, p.2 ¶2.)

The denial of the appeal also reiterated that realtime reporting is an accommodation provided to the hearing impaired, and that to the extent that plaintiff's request was based on a purported memory impairment, his request could not be granted. The denial noted that, despite having been given an opportunity to provide medical documentation that he was hearing impaired and that his ability to participate in court was impacted by that impairment, plaintiff failed to do so.

The June 22 Decision and August 18 Decision also noted alternatives that could address plaintiff's assertion of a memory or cognitive impairment. For instance, plaintiff could obtain the transcript though the usual process.  Similarly, with respect to his asserted difficulty in remembering instructions given him by the court, plaintiff could avail himself of several accommodations already granted to him by the court: the presence of an ADA Advocate and a non-witness note taker. In addition, plaintiff is represented by counsel in the proceedings who could explain to plaintiff what is occurring in the courtroom and plaintiff could ask the judge to momentarily pause the proceedings so that he could make written notations.  See Exhibits C and D.

### III. Preliminary Injunction Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat'l Res. Def. Council, Inc., 555 U.S. 7, 24, (2008)). "The party seeking the injunction carries the burden of persuasion to demonstrate, 'by a clear showing,' that the necessary elements are satisfied." Reckitt Benckiser Inc. v. Motomco Ltd., 760 F.Supp.2d 446, 452 (S.D.N.Y. 2011) (quoting Mazurek v. Armstrong, 520 U.S. 968, 972, 117 S.Ct. 1865, 138 L.Ed.2d 162 (1997)).

As a general matter, the party seeking preliminary relief must show: (1) a likelihood of success; (2) a likelihood of irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter, supra, 555 U.S. at 20.

However, in cases like this one, where the movant is not seeking to restore the status quo but rather requesting an order that commands an affirmative act or mandates a specific course of conduct, a heightened standard applies: this type of preliminary injunction should issue only "upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." Cacchillo v. Insmed, Inc., 638 F.3d 401, 406 (2d Cir. 2011) (citation omitted); see also N.Y. ex rel. Schneiderman v. Actavis PLC, 787 F.3d 638, 650 (2d Cir. 2015) (requiring a "clear" or "substantial" likelihood of success as well as a "strong showing" of irreparable harm); N.J. v. New York, 872 F.Supp.2d 204 (E.D.N.Y. 2011) ("This higher standard is particularly appropriate when a plaintiff seeks a preliminary injunction against a government body such as a school district.").


A. Plaintiff Cannot Demonstrate A Likelihood Of Success On The Merits

Plaintiff has not established any likelihood that he will prevail on the merits of his underlying lawsuit. Because his ADA claims arise out of allegedly erroneous ADA rulings made by the Family Court, he can only succeed if this Court were to conclude that the Family Court Judge and Support Magistrate ruled incorrectly. Thus, his case is dependent on this Court in essence vacating existing New York Family Court orders. Under the Rooker-Feldman doctrine, the federal court is without power to review state court decisions. See Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 475 (1983). This rule applies to both final and non-final state court decisions and to claims for injunctive relief. Sanchez-Preston v. Judge Luria, 1996 WL 738140 (E.D.N.Y. 1996). Where plaintiff's claims would necessarily require this Court to review the merits of the Family Court's determinations, no valid predicate for jurisdiction exists. See, e.g., Fariello v. Campbell, 860 F.Supp. 54, 66-67 (E.D.N.Y. 1994), and Levine v. County of Westchester, 828 F.Supp. 238, 242 (S.D.N.Y. 1993), aff'd 22 F.3d 1090 (2ⁿᵈ Cir. 1994) (discrimination claims based on allegedly incorrect state court rulings not properly within federal court's jurisdiction). Accordingly, in the absence of subject matter jurisdiction, there is no likelihood that plaintiff can succeed on the merits.

There is no likelihood of success of the merits here because the

principles of abstention counsel the Court to refrain from exercising jurisdiction over plaintiff's request for relief in this case. As first set forth in <u>Younger v. Harris</u>, 401 U. S. 37 (1971), abstention is rooted in the principles of "equity, comity and federalism," <u>Gibson v. Berryhill</u>, 411 U. S. 564, 575 (1973), and respects the State's "important interests in administering certain aspects of their judicial systems." <u>Pennzoil v. Texas</u>, 481 U. S. 1, 12-13 (1987); <u>see</u> also <u>Falco v. Justices of the Sup. Ct.</u>, 85 F. 3d 425, 427-428 (2d Cir. 2015). The Second Circuit re-affirmed in <u>Falco</u> that <u>Younger</u> requires the federal court to abstain where an action for injunctive relief or declaratory relief would interfere with "civil proceedings involving certain orders uniquely in furtherance of the state court's ability to perform their judicial functions. <u>Id</u> at 427 (quoting <u>Sprint Commc'ns v. Jacobs</u>, 134 S. Ct. 584, 592 (2013)). Plaintiff's claim, challenging family court rulings that determine the manner in which those proceedings are to be conducted, fits squarely within <u>Younger</u> abstention and requires dismissal of the action.

Nor has plaintiff established that he has a likelihood of success on the merits on his claim that defendant OCA wrongfully denied him realtime reporting. For the reasons set forth in the decisions rendered by the District Executive and the ADA Coordinator, plaintiff was not entitled to realtime reporting as an ADA accommodation.

### B. <u>Plaintiff Cannot Demonstrate Irreparable Injury.</u>

Irreparable harm is "the single most important prerequisite for the issuance of a preliminary injunction." <u>Bell & Howell: Mamiya Co. v. Masel Supply Co. Corp.</u>, 719 F.2d 42, 45 (2d Cir. 1983). "A plaintiff seeking injunctive relief bears the burden of demonstrating [he] will suffer real and imminent, not remote, irreparable injury in the absence of a remedy." <u>Henrietta D. v. Bloomberg</u>, 331 F. 3d 261, 290 ( 2d Cir. 2003) (quotation omitted). "Irreparable harm" is a "certain and imminent harm for which monetary award does not adequately compensate." <u>Wisdom Import Sales Co., LLC v. Labatt Brewing Co., Ltd</u>, 339 F. 3d 101, 113 (2d Cir. 2003) (citations omitted). Thus, "only harm shown to be non-compensable in terms of money damages provides the basis for awarding injunctive relief." <u>Id.</u>, at 113-114; <u>see</u> also <u>Kammerling v. Massanari</u>, 295 F. 3d 206, 214 (2d Cir. 2002) ("[A] party seeking preliminary injunctive relief must show that there is continuing harm which cannot be adequately redressed by final relief on the merits and for which money damages cannot provide compensation").

Plaintiff has not alleged a harm by the denial of realtime reporting service. He has not established, nor can he, that but for the use of realtime reporting, that he will not be able to participate in or have meaningful access to the court proceedings. Plaintiff's underlying family court proceedings commenced in 2014 and plaintiff has actively

participated in those proceedings without realtime reporting service. Plaintiff is represented by counsel, has an ADA Advocate and he has been granted permission to use a non-witness note taker, if he so desires. Plaintiff cannot demonstrate that he will suffer any irreparable harm as a result of not being provided realtime reporting.

To the extent that plaintiff alleges that he has suffered harm for want of free transcripts, that alleged harm is neither imminent nor irreparable, and can adequately be redressed by monetary compensation. If plaintiff prevails, he can be compensated for covering out of pocket the expense for services that he claims should have been provided at no cost as an accommodation. In any event, transcripts of the proceedings are available to him, and provide the same information regarding the proceeding. Plaintiff has not shown how the absence of realtime reporting as an accommodation will harm him, much less irreparably so.

C. The Balance Of Hardships Do Not Tip In Plaintiff's Favor.

Plaintiff has failed to establish that the balance of hardships tip decidedly in his favor and has also failed to sustain his burden of proving that the public interest would be best served through the grant of equitable relief. While this Court can "issue the injunction only if the balance of hardship tips in plaintiff's favor. . .[and] . . . the public interest would not be disserved by the issuance of a preliminary injunction," such relief does not lie here. Salinger v. Colting, 607 F. 3d 68, fn 18 (2d Cir. 2010).

Plaintiff alleges that "the broad public interest in providing protection against these vital anti-discrimination laws decidedly tips the balance of equities in favor of the entry of a preliminary injunction." See, Doc. 17, p. 25. Plaintiff's allegations focus primarily on his dissatisfaction with rulings made by the Judge and the Support Magistrate in his underlying family court proceedings, and the relief he seeks is aimed at overturning judicial determinations of the state court.

There is vital public interest in state court administration of core judicial functions, e.g., judicial decision making and the appeals process. As mentioned above, where as here, plaintiff's claims require this Court to review the merits of the underlying Family Court proceedings, no valid jurisdiction exists. See, e.g. Fariello at 860 F. Supp. at 66-67 (E. D. N. Y 1994). Were this Court to sit in review of the family court rulings, the balance of hardships would tip decidedly in defendant's favor where such interjection would alter the state court performance its judicial work.

With respect to the provision of realtime reporting, plaintiff does not face any hardship regarding his ability to challenge, in state court, the administrative denial of an

accommodation. To the extent that an administrative decision has been made denying CART, plaintiff has an adequate avenue for review via a CPLR Article 78 proceeding. By the present motion, plaintiff is essentially asking the Court to perform an Article 78 review function, but it is no hardship to deny him that opportunity in the extraordinary context of a preliminary injunction motion where the same relief could be sought in state court.

In sum, plaintiff has failed to establish a probability of success on the merits, that he will suffer certain and imminent irreparable harm and that the balance of hardships tip decidedly in his favor. Plaintiff's request for a preliminary injunction should be denied.

Respectfully submitted,

Lisa M. Evans
Assistant Deputy Counsel

cc: Marc Fishman, Plaintiff pro se
    (via overnight mail)

10