UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC FISHMAN,

                Plaintiff,

    -v-

OFFICE OF COURT ADMINISTRATION,
NEW YORK STATE COURTS, *et al.*,

                Defendants.

18-CV-282 (KMK)

ORDER TO AMEND

KENNETH M. KARAS, United States District Judge:

    On January 10, 2018, Plaintiff, pro se, filed a Complaint under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, alleging that the Family Court in Westchester County denied him access to the courts by failing to accommodate his disabilities. (Dkt. No. 2.) On July 9, 2018, Plaintiff filed an Amended Complaint. (Dkt. No. 26.) On September 7, 2018, Plaintiff purported to file a Second Amended Complaint, (Dkt. No. 32), without Defendants' written consent or the Court's leave. *See* Fed. R. Civ. P. 15(a)(2).

    The Court construes Plaintiff's September 7 filing as a motion for leave to file a Second Amended Complaint. Plaintiff is directed to file a Second Amended Complaint by November 8, 2018, or face dismissal of this Action without prejudice.

    Federal Rule of Civil Procedure 8 requires a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, "[e]ach allegation must be simple, concise, and direct." *Id.* 8(d)(1). Courts have held that "[c]omplaints that are rambling, repetitious, and unnecessarily voluminous fail to meet the minimum requirements of Rule 8(a), because unnecessary prolixity in pleading places an unjustified burden on the court and on the party who must respond to it because they are forced

to select the relevant material from a mass of verbiage." *Benzo v. New York State Div. of Human Rights*, No. 95-CV-5362, 1997 WL 37961, at *3 (S.D.N.Y. Jan. 31, 1997), *aff'd,* 141 F.3d 1151 (2d Cir. 1998) (alterations and internal quotation marks omitted). While "the [C]ourt has the power, on its own initiative or in response to a motion by the defendant . . . to dismiss the complaint, . . . [d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Plaintiff's September 7 filing, (Dkt. No. 32), fails to comply with Rule 8. It is a 91-page document, including exhibits, that is repetitious and voluminous. It contains paragraphs that run several pages in length, describe multiple events, and contain multiple claims against multiple Defendants. It does not clearly identify which allegations pertain to which Defendant. Simply put, it is not a "short and plain statement" of Plaintiff's claims that provides Defendants fair notice of the claims against them. *See* Fed. R. Civ. P. 8(a)(2); *Geisler v. Petrocelli*, 616 F.2d 636, 640 (2d Cir.1980).

Plaintiff must file a Second Amended Complaint complying with Rule 8 within 30 days of the date of this Order. Failure to abide by this 30-day deadline will result in dismissal of this Action without prejudice. Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each Defendant. To the greatest extent possible, Plaintiff's Second Amended Complaint must:

(a) give the names and titles of all relevant persons;

(b) describe all relevant events, stating the facts that support Plaintiff's case including what each Defendant did or failed to do;

(c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

(d) give the location where each relevant event occurred;

(e) describe how each Defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

(f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of the Second Amended Complaint must tell Defendants: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's Second Amended Complaint will completely replace, not supplement, all prior claims for relief (Dkt. Nos. 2, 26, 32), any facts or claims that Plaintiff wishes to maintain *must* be included in the Second Amended Complaint.

On August 31, 2018, Plaintiff filed a motion for preliminary injunctive relief. (Dkt. No. 29.) On September 7, 2018, Defendant filed a response in opposition to the motion. (Dkt. No. 34.) On September 26, 2018, the Court ordered Plaintiff file a reply to Defendant by October 11, 2018. (Dkt. 39; *see* Dkt. 36.) This briefing schedule is held in abeyance pending resolution of Plaintiff's filing of a Second Amended Complaint.

On September 12, 2018, the Court set a briefing schedule ordering Defendant's Motion To Dismiss be filed by October 15, 2018, Plaintiff's response by November 12, 2018, and Defendant's reply by November 26, 2018. (Dkt. No. 33.) This briefing schedule is held in abeyance pending resolution of Plaintiff's filing of a Second Amended Complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:   October 9, 2018
        White Plains, New York

_____
KENNETH M. KARAS
United States District Judge