UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARC FISHMAN,<br><br>                                    Plaintiff,<br><br>-against-<br><br>OFFICE OF COURT ADMINISTRATION,<br>NEW YORK STATE COURTS,<br><br>                                    Defendant. | 18-CV-282 (KMK)<br><br>ORDER OF SERVICE |

KENNETH M. KARAS, United States District Judge:

Plaintiff brings this pro se action under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, and Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.*, alleging that he was denied access to the courts by failure to accommodate his disability. By Order dated January 19, 2018, the Court granted Plaintiff's request to proceed IFP. (Dkt. No. 8.) On July 9, 2018, Plaintiff filed an Amended Complaint. (Dkt. No. 26.) On September 7, 2018, Plaintiff purported to file a second amended complaint, (Dkt. No. 32), without Defendants' written consent or the Court's leave, *see* Fed. R. Civ. P. 15(a)(2). On October 9, 2018, the Court directed Plaintiff file a second amended complaint that complies with Federal Rule of Civil Procedure 8. (Dkt. No. 41.) On November 8, 2018, Plaintiff filed his Second Amended Complaint. (Dkt. No. 42.)

Plaintiff's Second Amended Complaint names as Defendants: Office of Court Administration, New York State Courts; Judge Michelle I. Schauer, in her official capacity; Nancy J. Berry, District Executive, 9th Judicial District, New York Courts, in her official capacity; Dan Weisz, Professional Director, New York Courts, in his official capacity; Michelle D'Ambrosio, a court attorney with Westchester Family Court, in her official capacity; Magistrate Carol Jordan, in her official capacity; Judge Gordon Oliver, in his official capacity; Judge Kathy

Davidson, in her official capacity; Judge Hal Greenwald, in his official capacity; and Judge Alan Scheinkman, in his official capacity. (Second Am. Compl. 1.)

Plaintiff requests that "all the [D]efendants other than Office of Court Administration [be] served with the [Second] [A]mended [C]omplaint." (Dkt. No. 45.)[1]

## STANDARD OF REVIEW

The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe pro se pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## DISCUSSION

### A.   Judicial Immunity

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because "[w]ithout insulation from

---

[1] Service on the Office of Court Administration was effected on March 1, 2018. (Dkt. No. 11.)

liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Plaintiff brings suit against Judge Michelle I. Schauer, Judge Arlene Gordon-Oliver, Judge Kathie Davidson, Judge Hal Greenwald, and Magistrate Carol Jordan, all of Westchester County Family Court, and against Judge Alan Scheinkman, of the Appellate Division, Second Judicial Department. (Second Am. Compl. 1.) Plaintiff's claims concern actions taken within the scope of these judges' judicial responsibilities. (*Id.* at 2–3 ("All defendants have discriminated against me . . . by failing to reasonabl[y] accommodate my [disability] in court and court proceedings/programs . . . . [and by] retaliating against . . . me with deliberate intent.")). Accordingly, all claims against these Defendants are dismissed.

### B. Service on Named Defendants

Plaintiff also brings suit against Nancy J. Berry, District Executive for the 9th Judicial District; Dan Weisz, Professional Director for New York Courts; and Michelle D'Ambrosio, Associate Court Attorney, New York State Unified Court System. (Second Am. Compl. 1.) Each of these Defendants is sued in their official capacity. (*Id.*)

To allow Plaintiff to effect service on these Defendants through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for these Defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon these Defendants.

Rule 4(m) of the Federal Rules of Civil Procedure generally requires service of the summons and complaint to be completed within 90 days of the date the summons issues, and it is Plaintiff's responsibility to request, if necessary, an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

The Marshals Service shall notify the Office of Pro Se Litigation if service is returned unexecuted as to any Defendant. The Marshals Service shall also notify the Office of Pro Se Litigation when they have completed service of all Defendants. The Office of Pro Se Litigation shall notify the Court if service is not effected.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

The Court dismisses Plaintiff's claims against Judge Schauer, Judge Gordon-Oliver, Judge Davidson, Judge Greenwald, Judge Scheinkman, and Magistrate Jordan under 28 U.S.C. 1915(e)(2)(B)(iii).

The Clerk of Court is instructed to issue a summons and complete the USM-285 forms with the address for Defendants Berry, Weisz, and D'Ambrosio, and deliver to the U.S. Marshals Service all documents necessary to effect service on these Defendants.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: November 26, 2018,
White Plains, New York

KENNETH M. KARAS
United States District Judge

4

## DEFENDANTS AND SERVICE ADDRESSES

Nancy J. Berry
111 Dr. Martin Luther King Jr. Blvd.
White Plains, NY 10601 — 11th floor

Dan Weisz
New York State Unified Court System
25 Beaver Street
New York, NY 10004

Michelle D'Ambrosio
131 Warburton Avenue
Yonkers, New York 10701