UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC FISHMAN,

                Plaintiff,

-v-

OFFICE OF COURT ADMINISTRATION,
NEW YORK STATE COURTS, *et al.*,

                Defendants.

No. 18-CV-282 (KMK)

ORDER

KENNETH M. KARAS, United States District Judge:

    Mark Fishman ("Plaintiff") brings this pro se Action under the Rehabilitation Act, 29 U.S.C. § 701 *et seq.*, Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*, and the New York State Human Rights Law, N.Y. Exec. Law § 296, alleging that the Westchester County Family Court (the "Family Court") and its officers have denied him access to the courts by failing to accommodate his disability. (Second Am. Compl. (Dkt. No. 43).) Plaintiff filed an initial request for counsel on January 10, 2018, (Dkt. No. 5), which the Court denied without prejudice, (Dkt. No. 9). Before the Court is Plaintiff's second request for appointment of counsel. (Dkt. No. 52.) For the following reasons, Plaintiff's request is denied without prejudice.

    Although there is not a constitutional right to counsel in civil cases, the Court has the authority to appoint counsel for indigent parties. *See* 28 U.S.C. § 1915(e)(1). Yet, "[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). When analyzing whether appointment of counsel is appropriate, the Court undertakes a two-step inquiry. *See Ferrelli v. River Manor Health Care Ctr.*, 323 F.3d 196, 203 (2d Cir. 2003). First, the Court "determine[s] whether the indigent's position seems likely to be of substance." *Id.* (quoting *Hodge*, 802 F.2d at

61); *see also Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010) ("This Court considers motions for appointment of counsel by asking first whether the claimant has met a threshold showing of some likelihood of merit." (quotation marks omitted)). In other words, the claim must not be so "highly dubious" that the plaintiff appears to have no chance of success. *Hodge*, 802 F.2d at 60 (quotation marks omitted). In making this determination, the Court construes pleadings drafted by pro se litigants liberally, and interprets them to raise the strongest arguments that they suggest. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *Sommersett v. City of New York*, 679 F. Supp. 2d 468, 472 (S.D.N.Y. 2010).

If the threshold requirement is met, the Court proceeds to consider other prudential factors, such as Plaintiff's

> ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination.

*Ferrelli*, 323 F.3d at 203–04 (quoting *Hodge*, 802 F.2d at 61–62); *see also Garcia v. USICE (Dep't of Homeland Sec.)*, 669 F.3d 91, 98–99 (2d Cir. 2011) (listing *Hodge* factors).

"Additionally, the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" *Morris v. Moran*, No. 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting *Hodge*, 802 F.2d at 61); *see also Justice v. Kuhnapfel*, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that she is unable to obtain counsel before appointment will even be considered." (quotation marks omitted)); *Williams v. Nicholson*, No. 12-CV-8300, 2013 WL 1800215, at *2 (S.D.N.Y. Apr. 22, 2013) ("Where, in a civil action, an

applicant fails to make any effort to engage counsel, appointing counsel for the applicant is not appropriate and should not even be considered.").

Regarding the first prong of the two-step inquiry outlined in *Hodge*, the Court construes Plaintiff's Second Amended Complaint liberally and assumes — for purposes of this Order — that it has "some likelihood of merit" such that it satisfies the threshold requirement. *Johnston*, 606 F.3d at 41 (quotation marks omitted).

Turning to the second inquiry regarding prudential factors, however, the Court finds that Plaintiff has not shown why he needs counsel in this case. As an initial matter, it does not appear that the instant request for counsel is directed at this case. The application form does not name any Defendants in this case in the case caption. (*See* Dkt. No. 52, at 1.) Rather, it lists individuals and entities — Westchester County, the City of New Rochelle, and several of its police officers and officials — sued by Plaintiff in a separate case, No. 19-CV-265, filed by Plaintiff in January 2019 and currently before Judge Román.[1] Moreover, the claims in the two cases appear to be distinct. In this case, Plaintiff raises ADA claims relating to an alleged denial of disability accommodations in state court proceedings. (*See generally* Second Am. Compl.) In the case before Judge Román, Plaintiff raises ADA claims stemming from an alleged false arrest and denial of visitation rights. (*See generally* Compl. (No. 19-CV-265).)

Even construing Plaintiff's application as applying to this case, Plaintiff fails to sufficiently explain why he needs counsel. Plaintiff states:

> I am disabled with severe obstructive sleep apnea, cubital tunnel syndrome, tinnitus, occipital neurosis, post concussion syndrome, traumatic brain injury, peripheral neuropathy, TMJ and have 3 implants including 2 neurostimulators. I need legal assistance for my memory and organization problems [and] I have difficulty with cognition.

---

[1] Judge Román denied Plaintiff's request for counsel filed in that case — identical to the request here — on February 11, 2019. (No. 19-CV-265, Dkt. No. 9.)

3

(Dkt. No. 52, at 1.) He further states:

> [I] met with 5 attorneys who declined the assignment. Ask[ed] Disability Rights NY and Brain Injury Assoc[iation] for legal help and was declined. Many attorneys fear retaliation to represent me for my other case [before Judge Karas] against NY State Courts (18-CV-00282-KMK).

(*Id.* at 2.) Plaintiff's explanation fails to explain why appointment of counsel would lead to a more just result or that the legal and factual issues are too complex for a layperson. *See Mackey v. DiCaprio*, 312 F. Supp. 2d 580, 582 (S.D.N.Y. 2004) (denying application for counsel where the plaintiff "fail[ed] to state a reason why appointment of counsel would increase the likelihood of a just determination in this case"); *Martinson v. Menifee*, No. 02-CV-9977, 2003 WL 1878240, at *1 (S.D.N.Y. Apr. 11, 2003) (denying application for counsel where the plaintiff failed to explain "why he [was] unable to litigate this matter on his own"). Although Plaintiff states that he has cognition and organization problems, Plaintiff does not explain in any detail what those problems are or how they will affect his ability to prosecute this case. Indeed, as the Court noted in its recent denial of Plaintiff's application for a preliminary injunction, Plaintiff has had numerous appearances in both federal and state court, and has not pointed to instances in which his alleged cognition and organization problems rendered him unable to prosecute the case. (Dkt. No. 50, at 6–7.) To the contrary, Plaintiff's claims do not appear to be "so complex or unique that a person of Plaintiff's intelligence would be unable to handle them at this stage." *Mena v. City of New York*, No. 12-CV-28, 2013 WL 1165554, at *2 (S.D.N.Y. Mar. 19, 2013); *cf. Alston v. Parker* No. 95-CV-6158, 2010 WL 3283521, at *4 (D.N.J. Aug. 17, 2010) (concluding the plaintiff was "unable to present his own case" in light of the extensive record of the plaintiff's "mental illness, . . . lack of education and illiteracy, . . . own lack of confidence in his ability to present his case, and his confinement"). Nor has Plaintiff "indicated . . . what

additional facts . . . could be gathered and investigated only through the aid of counsel [which] might be crucial to [Plaintiff's] ability to substantiate his claim[s]." *Guzman v. Jacobson*, No. 98-CV-2865, 1999 WL 199068, at *1 (S.D.N.Y. Apr. 9, 1999).

Although the Court holds submissions from pro se parties "to less stringent standards than formal pleadings drafted by lawyers" and provides such solicitude as "a function of their necessary inexpertness in the law," *Hayes v. Dep't of Educ.*, 20 F. Supp. 3d 438, 446 (S.D.N.Y. 2014) (quotation marks omitted), Plaintiff has not provided the Court with sufficient grounds to determine that appointment of counsel would be more likely to lead to a just determination in this case.

For the reasons stated above, Plaintiff's request for assignment of counsel is denied without prejudice. Should circumstances materially change, Plaintiff may renew his request.

The Clerk is respectfully directed to terminate the pending motion, (*see* Dkt. No. 52), and mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: February 25, 2019
White Plains, New York

KENNETH M. KARAS
United States District Judge