

## STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8651

February 28, 2019

**By ECF**
Honorable Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re:   *Fishman v. Office of Court Admin.*, No. 18 Civ. 282 (KMK)

Dear Judge Karas:

This Office represents Defendant Michele A. D'Ambrosio, Esq., the court attorney to a judge of the New York State Unified Court System ("UCS"), who is sued in her official capacity. We respectfully request a pre-motion conference to discuss our anticipated motion to dismiss this action, with prejudice, based on absolute judicial immunity and other grounds.

### Background

Plaintiff *pro se* Marc Fishman ("Plaintiff") was a party to child custody proceedings before Judge Michelle I. Schauer in Westchester County Family Court. Ms. D'Ambrosio is Judge Schauer's court attorney – the equivalent of a federal judge's law clerk.

The Amended Complaint, filed November 9, 2018 (ECF No. 44-1) (the "Complaint"), alleges that certain judicial decisions by Judge Schauer constituted disability discrimination and retaliation. For example, Plaintiff alleges that in disregard of his disabilities,[1] Judge Schauer jailed him for violating a temporary order of protection, *id.* ¶ 60; barred him from filing family offense petitions against his former wife, *id.* ¶ 155; refused to schedule morning-only court sessions to accommodate Plaintiff's customary afternoon nap, *id.* ¶¶ 81-84 & 128; expected him to comply with unwritten orders issued from the bench, without the aid of a note-taker, *id.* ¶¶ 43-44 & 64; and denied his request for real-time computer-aided transcription services, *id.* ¶ 36.

---

[1] Plaintiff alleges that his "diagnosed physical disabilities include severe obstructive sleep apnea syndrome, occipital neuralgia, tinnitus, peripheral neuropathy, and traumatic brain injury, TMJ/TMD, cubital tunnel syndrome, and disabilities from hernia surgery and post concussion syndrome." Compl. ¶ 173.

Despite naming Ms. D'Ambrosio as a defendant, Plaintiff alleges that "the judge is the sole person in the court responsible for administering required [ADA] accommodations." *Id.* ¶ 158.

The Complaint alleges violations of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101-12102 (the "ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (the "Rehab Act"). *See* Compl. ¶ 1. The Complaint also refers in passing to the "New York Human Rights Act," presumably a reference to the New York State Human Rights Law, N.Y. Exec. L. §§ 290-301 (the "NYSHRL"). *Id.* at 59, ¶ C. In an Order of Service dated November 26, 2018 (ECF No. 46), the Court dismissed the action against Judge Schauer and several other State judicial officers on grounds of absolute judicial immunity.

The claims against Ms. D'Ambrosio should be dismissed on several independent grounds, including those discussed below.

### A. Judicial Immunity Bars All Claims Against Ms. D'Ambrosio

Just as Judge Schauer is entitled to absolute judicial immunity, ECF No. 46, at 2, Ms. D'Ambrosio is entitled to absolute judicial immunity as Judge Schauer's court attorney.

Judicial immunity extends to individuals "who perform functions closely associated with the judicial process." *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997). The Second Circuit has held that "for purposes of absolute judicial immunity, judges and their law clerks are as one." *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988). "Indeed, a law clerk is probably the one participant in the judicial process whose duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function. . . . Law clerks are simply extensions of the judges at whose pleasure they serve." *Id.*

Thus, it is well established that "the legal advisors to state and federal judges are entitled to judicial immunity." *Alfano v. Vill. of Farmingdale*, 693 F. Supp. 2d 231, 233 (E.D.N.Y. 2010). *See also Gollomp v. Spitzer*, 568 F.3d 355, 365 (2d Cir. 2009) (extending immunity to state judge's law secretary); *Clark v. Adams*, No. 10 Civ. 1263 (JG), 2010 WL 3123294, at *2-3 (E.D.N.Y. Aug. 8, 2010) (applying immunity to state judge's court attorney); *Bliven v. Hunt*, 418 F. Supp. 2d 135, 138 (E.D.N.Y. 2005) (dismissing claims against state court law clerks, *sua sponte*, as frivolous); *Puletti v. Patel*, No. 05 Civ. 2293 (SJ), 2006 WL 2010809, at *8-9 (E.D.N.Y. July 14, 2006) (state judge's court attorney); *Kashelkar v. MacCartney*, 79 F. Supp. 2d 370, 372 (S.D.N.Y. 1999), *aff'd*, 234 F.3d 1262 (2d Cir. 2000) (state judge's law secretary).

Plaintiff bases his claims against Ms. D'Ambrosio on her purported involvement in decisions issued by Judge Schauer in the course of the Family Court proceedings. His claims against Ms. D'Ambrosio must be dismissed on grounds of absolute judicial immunity.

### B. Plaintiff's ADA and Rehab Act Claims Should Be Dismissed

As an independent basis for dismissal, "[n]umerous courts in the Second Circuit have held that the ADA and Rehabilitation Act do not provide for liability against individual defendants in their official capacities." *Holly v. Cunningham*, No. 15 Civ. 284 (KMK), 2016 WL

8711593, at *4 (S.D.N.Y. June 17, 2016) (citations omitted). While in *Holly*, this Court noted that the law in this area is "unsettled," *id.*, the more recent and persuasive cases have held that official-capacity claims under the ADA and Rehab Act are precluded. *See, e.g., Walker v. City of N.Y.*, No. 17 Civ. 9414 (KPF), 2019 WL 568392, at *6 (S.D.N.Y. Feb. 12, 2019); *Askins v. N.Y. Transit*, No. 11 Civ. 6371 (PGG), 2013 WL 142007, at *4-5 (S.D.N.Y. Jan. 8, 2013); *Fox v. State Univ. of N.Y.*, 497 F. Supp. 2d 446, 451 (E.D.N.Y. 2007).

But even assuming the ADA and Rehab Act authorize official-capacity claims, the Second Circuit has held that the Eleventh Amendment bars such claims unless the alleged violation "was motivated by either discriminatory animus or ill will due to disability." *Holly*, 2016 WL 8711593, at *5 (citing *Garcia v. SUNY Health Sciences Ctr.*, 280 F.3d 98, 112 (2d Cir. 2001)). Plaintiff does not plausibly allege that Ms. D'Ambrosio harbored any such animus or ill will. Further, Plaintiff's official-capacity claims against Ms. D'Ambrosio should be dismissed as duplicative of his claims against UCS. *See, e.g., Scalercio-Isenberg v. Port Auth. of N.Y.*, No. 16 Civ. 8494 (VSB), 2018 WL 1633767, at *6 (S.D.N.Y. Mar. 31, 2018) (citing *Hallett v. N.Y.S. Dep't of Corr. Servs.*, 109 F. Supp. 2d 190, 200 (S.D.N.Y. 2000)).

Plaintiff cannot salvage his ADA and Rehab Act claims by invoking the doctrine established in *Ex parte Young*, 209 U.S. 123 (1908), which permits official-capacity suits against state officers seeking prospective injunctive relief. *Ex parte Young* does not authorize such suits against individuals who lack the authority to grant the relief sought. *See Walker*, 2019 WL 568392, at *6-7; *Williams v. UCS*, No. 16 2061 (VSB), 2017 WL 4402562, at *5 (S.D.N.Y. Sept. 30, 2017). Ms. D'Ambrosio has no authority to issue orders or grant accommodations to Family Court litigants, and in any event, Plaintiff no longer has any cases before Judge Schauer. Thus, the Eleventh Amendment bars Plaintiff's ADA and Rehab Act claims against Ms. D'Ambrosio.

## C. Sovereign Immunity Bars Plaintiff's NYSHRL Claims

Finally, the Eleventh Amendment bars any purported NYSHRL claims against Ms. D'Ambrosio. "New York State has neither waived, nor has Congress abrogated, [the State's] immunity with respect to claims arising from the … NYSHRL." *Watson v. N.Y.S. Dep't of Motor Vehicles*, No. 16 Civ. 7532 (RWS), 2017 WL 2377991, at *1 (S.D.N.Y. May 31, 2017). Moreover, the *Ex parte Young* doctrine does not apply to state law claims. *See Dube v. SUNY*, 900 F.2d 587, 595 (2d Cir. 1990). Thus, Plaintiff's NYSHRL claims must be dismissed.[2]

For the foregoing reasons, we respectfully request a pre-motion conference.

Respectfully submitted,

Michael A. Berg  
Assistant Attorney General

---

[2] As a non-lawyer proceeding *pro se*, Plaintiff is barred from litigating this case as a class action. *See Vapne v. Perdue*, No. 17 Civ. 2838 (AMD) (RLM), 2017 WL 4350428, at *2 (E.D.N.Y. May 24, 2017) (citing *Rodriguez v. Eastman Kodak Co.*, 88 Fed. App'x 470 (2d Cir. 2004); *Frank v. Aaronson*, 120 F.3d 10, 10 n.* (2d Cir. 1997)).

Hon. Kenneth M. Karas  
February 28, 2019

cc:   Mr. Marc Fishman  
　　　Lisa M. Evans, Esq.