**NEW YORK STATE**
Unified Court System

OFFICE OF COURT ADMINISTRATION

LAWRENCE K. MARKS
CHIEF ADMINISTRATIVE JUDGE

JOHN W. McCONNELL
COUNSEL

February 28, 2019

Hon. Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

Re: Fishman v. Office of Court Administration New York Courts
18-CV-00282 (KMK)

Dear Judge Karas:

This Office represents the following defendants in this action: the New York State Office of Court Administration ("OCA"); Nancy J. Barry, District Executive of the Ninth Judicial District, in her official capacity; and, Dan Weitz, OCA's Director of Professional and Court Services, in his official capacity (collectively, "the OCA Defendants").[1] On behalf of the OCA Defendants, I write this letter in accordance with Section II. A. of Your Honor's Individual Rules of Practice, to respectfully request a pre-motion conference to file a motion to dismiss the operative Second Amended Complaint ("SAC")

---

[1] By Order dated November 26, 2018, the Court dismissed all of Plaintiff's claims against: Judges Michelle I. Schauer, Arlene Gordon-Oliver, Kathie Davidson, and Hal Greenwald; Magistrate Carol Jordan; and, Justice Alan Scheinkman (Dkt. No. 46, at 3).

In addition, although named in the caption and referred to in passing in the SAC, it does not appear that the "New York State Unified Court System" has been separately served. The Unified Court System ("UCS") is the judicial branch of the New York State government, and OCA is the administrative arm of the Unified Court System. Although naming both entities is needlessly duplicative, to the extent that the Court may deem UCS as having been served, this Office would represent it as well; if so, this Office would also make the proposed motion on behalf of UCS, based on the grounds stated herein.

(Dkt. No. 44-1) in its entirety under Fed. R. Civ. P. 12 (b)(6). This letter summarizes the anticipated bases for such a motion.

### Plaintiff's Allegations

In his SAC, Plaintiff *Pro Se* Marc Fishman alleges disability discrimination causes of action pursuant to Title II of the Americans with Disabilities Act ("ADA") (Dkt. No. 44-1 at 8 - 35), and the Rehabilitation Act ("RA") (Dkt. No. 44-1 at 35 - 57). Plaintiff's claims arise out of a proceeding brought against him by his ex-wife in June 2014 in the Family Court of Westchester County, pursuant to Articles 6 and 8 of the Family Court Act. Plaintiff alleges that numerous rulings by Family Court Judge Michelle I. Schauer and Support Magistrate Carol Jordan constitute discrimination and/or retaliation on the basis of his alleged disabilities. Plaintiff also alleges that rulings by the Appellate Division, Second Department discriminated against him on the basis of disability. In addition, plaintiff complains about inadequate administrative responses to his ADA accommodation requests.[2]

Plaintiff seeks, inter alia: a declaration that the denial of various of his accommodation requests was discriminatory, and that his state court proceeding violated his rights by punishing or retaliating against him for being disabled; injunctive relief directing that various accommodations be provided and that plaintiff be reimbursed various court-related expenses; a stay of his Family Court proceeding pending defendants' compliance with the ADA and Rehabilitation Act; and, unspecified compensatory damages. (Dkt. No. 44-1 at 57 - 59).

### Plaintiff's Claims Against the OCA Defendants

The only claims against Defendants Nancy Barry and Dan Weitz are that they denied Plaintiff's accommodation request for computer-aided real time transcription, a.k.a. CART, and that they declined to grant him accommodations that Judge Schauer, Court Attorney Michele D'Ambrosio, and Magistrate Jordan had allegedly previously denied him. SAC ¶¶ 36, 76 -77.

---

[2] In the course of prior proceedings in this case, Plaintiff has filed copies of numerous judicial and administrative determinations that he considers discriminatory. *See, e.g.*, Plaintiff's Motion for Preliminary Injunctive Relief (Dkt. No. 17, at Exhibits C, G, L, M and N [judicial determinations]; at Exhibits B, H, I, and K [administrative determinations]). *See also* Plaintiff's Amended Complaint, filed September 7, 2018 (Dkt. No. 32, at ECF-generated pages 65-66 [judicial] and 79-82 [administrative]).

As against Defendant OCA, Plaintiff's claims of allegedly discriminatory acts fall into two categories. One consists of allegations that OCA denied him a requested accommodation (CART) that allegedly would have enabled access to his judicial proceedings. SAC ¶¶ 36, 50, 53, 56-57, 76-77, 103-104, 148-150, 184-185. The second consists of allegations that the process and procedures the state court system uses to address ADA accommodation requests violate the ADA or Rehabilitation Act. SAC ¶¶ 17-32, 113, 115, 117, 119-121, 141-142, 219.

## Anticipated Motion to Dismiss

***Defendants Barry and Weitz are immune from suit for money damages.*** Sued in their official capacities, there is no liability for money damages for these individual defendants. Keitt v. NYS Dept. of Corrections and Community Supervision, 2015 WL 2383687 (W.D.N.Y.); Myers v. NYS Dept. of Motor Vehicles, 2013 WL 3990770 (E.D.N.Y); Fox v. State University of New York, 497 F.Supp.2d (E.D.N.Y. 2007); Winokur v. NYS Office of Court Administration, 190 F.Supp.2d 444 (E.D.N.Y. 2002). In any event, a claim for damages against them does not lie in the absence of plausible allegations of individual discriminatory animus or ill will. Garcia v. State University of New York, 280 F.3d 98 (2d Cir. 2001).

***Defendants Barry and Weitz should be dismissed because the claims against them are redundant of those against Defendant OCA.*** The claims against the individual defendants in their official capacities regarding an alleged failure to reasonably accommodate Plaintiff are duplicative and indistinguishable from the same claims against defendant OCA. Accordingly, there is no reason to allow Plaintiff to assert those claims against the individual defendants. Hallett v. NYS Dept. of Correctional Services, 109 F.Supp.2d 190 (S.D.N.Y. 2000); Candelaria v. Cunningham, 2000 WL 798636 (S.D.N.Y.)

***The Second Amended Complaint fails to state a claim.*** As against the OCA defendants, the SAC fails to allege facts showing that Plaintiff was denied access to the Family Court by reason of disability. The allegations of the SAC do not establish any nexus between Plaintiff's alleged disabilities and the requested accommodation such that failure to provide it could be deemed unreasonable. The SAC fails to adequately allege that failure to provide the requested accommodation caused Plaintiff to be excluded from or unable to participate in the Family Court proceedings. The SAC fails to offer more than threadbare and conclusory allegations that Plaintiff's rights under the ADA and Rehabilitation Act were violated, and therefore it cannot survive a motion to dismiss. Ashcroft v. Iqbal, 556 U. S. 662 (2009). Similarly, the SAC's conclusory allegations that OCA's ADA accommodation procedures violate the ADA fail to state claim, and can be

rebutted by reference to Plaintiff's previous submissions to the Court and material integral to the pleadings, including public records and documents that are otherwise appropriate for the taking of judicial notice.

Accordingly, we request a pre-motion conference on behalf of the OCA Defendants.

Respectfully submitted,

Lisa M. Evans
Assistant Deputy Counsel


cc: Marc Fishman, Plaintiff pro se
    (via overnight mail)
    Michael A. Berg, Assistant Attorney General