# Marc Fishman
## 3200 Netherland Avenue
## Apartment G
## Bronx, NY 10463
## (914) 837 – 3209
## Facsimile (347) 843 - 6894

Via Hand Delivery and Facsimile

March 31, 2019

Honorable Judge Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

Re: 7-18-CV-00282-KMK Civil Rights Case Fishman vs. "State" Office
Of Court Administration New York Courts ~~Request for Injunctive Relief
To Order New York state to use the Auxiliary aide OF CART REAL-TIME
Transcription in all of my "State" Court proceedings~~



Dear Honorable Judge Karas:

I strongly urge the court to REJECT the requests for a dismissal hearing or permission to submit dismissal papers. My case should go to a jury as there is ample evidence of willful/intention disability discrimination by state court administrators and the state court institution. The opposing counsel arguments that Rooker Feldman exclusion does not apply in this case. Congress specifically allowed the piercing of state immunity against officers and the state itself for access to the state court and court programs (see Tennessee versus Lane. 504 US 529 2004 and Foley v. City of Lafayette, 359 F. 3d 925, 928 7th cir 2004.) The Younger exemption does not apply because state court officers and administrators can be held liable and granted injunctive relief against for enforcement of title two of the ada and section 504 of the rehabilitation act in their official capacity. Under case Prakal v. Indiana 100 F. supp. 3d 661 (2015), administrators and judicial officers are liable under ADA for violations of title two of the ADA in access to state courts.

Judge Schauer/Michelle D'ambrosio 1/25/17 order purposely denied a note taker and large print court orders for me. D'ambrosio has printed larger print court orders for other litigants and even allowed note takers for my ex-wife(who is not disabled), but not for me. There was zero cost to the state for allowing my note taker into the state Schauer court proceedings in 2015, 2016, and 2017, but the requests were denied by Judge Schauer and, Michelle D'ambrosio as administrator. The denial was willful because the D'ambrosio directed my note takers/aides to leave the court room or denied entry, while allowing my ex-wife's note takers' with court funded Legal Services of the Hudson Valley. When New York State Office of Court administration Head legal counsel Barbara Gringer Zahler was informed of the note taker and large print denial by me, I was told, "that judge schauer was wrong, but there is nothing they could do but appeal." Barbara stated she could not interfere with a judges decision EVEN WHEN THE JUDGE INTERFERED AND DENIED THE ACCOMMODATIONS GRANTED ME BY WILLIAM CURRY ADA LIASION ADMINISTRATOR WHO TOLD ME "I COULD HAVE A NOTETAKER IN THE ROOM." I could not appeal immediately as required under the ada because article 6 and 8 family cases are not appealable as of right in New York State. That lack of appeals right/ability alone is grounds to

bring this case to trial with a jury. That lack of prompt appeal right and ability violates the ADA and rehabilitation act. Both require a state entity to have a prompt appeals process under ada(for denial of reasonable accommodations) see attorney general regulations under 28 CFR 35.

Under Foley, 359 F. 3d at 928 I have shown I have been discriminated against by establishing, 1. I was a protected person under title two of the ADA, that 2. I was subject to discrimination by the state/city entity and 3. the discrimination was by reason of disability.

There is no legitimate argument to not having a prompt appeals process like in other states for denial of ada administrative accommodations to be timely heard. Many states resolves problems in weeks. My attempts to appeal the denial of note taker and large print orders have still not been finally heard or resolved in 2019 for a January 2017 and ongoing ada accommodations denial.

I implore the court to reject the discriminatory arguments against providing the CART REAL time transcription Service, REAL Time closed Captioned services, large print court orders, morning only court appearances, and note takers in the "State" courtroom. Judicial and Administrative employees of the court are not protected in purposely denying reasonable ADA accommodations to the qualified disabled, see Prakal v. Indiana.

Michelle D'ambrosio, as the court administrator for my New Rochelle and Yonkers family court cases where my case was heard, could have easily printed larger print court orders for me without additional time or expense involved. Michelle routinely printed orders for years. Michelle was never told in open court what size print to provide me by the judge. Instead, Michelle D'ambrosio purposely ignored the disability accommodation requests of large print court orders and continued to printout ½ and 1centimeter size printed court orders instead of 12 bold print size or higher. Administrator Michelle D'ambrosio was seen by my aide and I mocking me in the New Rochelle court room hallway. My aide and I heard Michelle D'ambrosio state how she felt my accommodation requests were "ridiculous." Attempting to have meaningful communication with a state court given my traumatic brain injury, post concussion syndrome, occipital neuralgia, memory impairments, speech impairment, TMD, sleep apnea and other disabilities is not unreasonable and is not "ridiculous" Michelle D'ambrosio repeatedly acted with purposeful and willful disregard for my disabilities and denied ada accommodations to me in the court but also court programs. As an example, please see the attached letter to me from Ms. D'ambrosio in her ADMINISTATIVE capacity as the point of contact for me communicating with the schauer court. In the letter dated November 17, 2015 (attached Exhibit "A", Michelle D'ambrosio communicated that a court visitation service would not allow my aide to attend visits in my home(both recommended by my doctors.) Michelle D'ambrosio was not acting in a judicial capacity, but an administrative one in this communication. Michelle D'ambrosio supported a vendor, in the case SVE, to violate the law and discriminate against me. Administrator D'ambrosio was ignoring the law that since SVE took federal and state funds to operate COURT PROGRAM of supervised visitation, THAT THEY COULD NOT DENY HOME VISITS. SVE performed home visits for others, but denied for me. In case law Radaszewski v. Maram, 383 F. 3d 599, 607(7th circuit 2004) a plaintiff seeking to establish a section 504 violation must show that the entity like the court or SVE(Supervision Visitation company) took accepted Federal and or State Funds federal entities. The discriminated party must also show as I have that the discrimination was result of disability. As D'ambrosio allowed SVE home visits with other nondisabled litigants in other court cases, but denied me in her administrative capacity the same accommodation, said discrimination was solely result of disability see Washington v. Indiana High school Athletic Association Inc,., 181 F 3d 840, 845 (7th circuit 1999). By administrator D'ambrosio ignoring the law on accommodations, Administrator D'ambrosio willfully interfered and obstructed court ordered visitation for four months in 2015 and 2016. As visitation never happened with SVE at all, because SVE disallowed the reasonable accommodations of home visits and an aide helping me with four kids, D'ambrosio participated in willful deliberate disability discrimination.

Administrators D'ambrosio, Barry and Weitz violated 28 CFR 35.160. All these administrators acted with deliberate intent to deny me the accommodations of auxiliary aides and services for meaningful access to the courts and meaningful communications. By ignoring and in D'ambrosio's case, mocking the accommodations requested of large print court orders, these administrators acted with deliberate indifference by willfully denying the accommodations that could have easily been granted. This constitutes disability discrimination in Duvall, 260 F. 3d at

1138-39; and Barber, 562 F. 3d at 1229. Thus there is no judicial umbrella protection for D'ambrosio, Weitz or Barry as they were acting as administrators and are not protected by a judges immunity for their administrative tasks as court attorney, court printer, court executive, court ada liaison, and or court scheduler( See Prakal v. Indiana case 4:12-cv-45-SEB-WGH.)Barry, D'ambrosio and Weitz administrators and NY State Courts could have easily operated CART as the technology is already in the courtroom. All three officials chose not to. Turning on CART would not have interfered with any part of the Family court judge's judicial authority or operation in her courtroom. Federal court must send a strong message that failing to grant needed auxiliary aides is a clear violation of ADA and the Rehabilitation act.

Under attorney general regulation 28 CFR 35.160, " A State entity shall take appropriate steps to ensure that communications with applicants, members of the public with disabilities are AS EFFECTIVE AS COMMUNICATIONS WITH OTHERS." Under 28 CFR 35.160 it states, " A state entity shall furnish appropriate auxiliary aids (including real-time computer-aided transcription services, open and closed captioning, including real time captioning) and services where necessary to afford individuals with disabilities, including applicants, participants, and members of the public an equal opportunity to participate in and enjoy the benefits of a service, program, or activity of a state entity." (see page 10 of enclosure entitled " Procedures for Implementing Reasonable Accommodation in Programs and Services for Individuals with Disabilities Dept of State New York State previously submitted to federal court.")

Numerous Studies show that closed captioned helps those with learning disabilities like traumatic brain injury and post concussion syndrome. CART Real time transcripts and Closed captioning aide the disabled like me and assist to provide meaningful communication in the court room. The Supreme Court mandated "Meaningful access and Communication" for the disabled in the decision in Tennessee versus Lane 504 US 509 in 2004.

No where has NEW YORK STATE OFFICE OF COURT ADMINISTRATION shown that providing CART would be a hardship to them or effect the normal operation of the courtroom under 28 CFR 35.164. Auxiliary AIDS including CART must be provided to the hearing impaired with tinnitus and Occipital Neuralgia FOR PROGRAM ACCESSIBILITY PER ATTORNEY GENERAL MANADTATE UNDER 28 CFR 35.149-150. No where in New York State's papers does it dispute that I have a hearing disability called tinnitus and occipital neuralgia. My neurostimulator stimulation cord implant runs within inches of the ear and sometimes effects my hearing. The ringing in my ear from tinnitus affects my hearing and communication. Administrator Dan Weitz, Administrator Nancy Barry and Administrator Michelle D'ambrosio could have granted this request as the court already has CART technology and cart operators. They simply chose not to and to willfully discriminate against me. The court even ignored by advocates at Disability Rights New York who wrote to court requesting CART. DRNY was never even responded to.

The question for this court and a federal jury, is as a society, do we want court administrators to impeded and deny disability accommodations in state court? Or do we want the disabled to be accommodated, reasonably for their disabilities in state court and court programs? Am not the only case of willful disability discrimination. My friend Caner Demeriayak was just granted certiorari to have his case hear by the U.S. Supreme Court (Demirayak v. City of New York 1-17-cv-05205). Caner who is a disabled attorney in a wheelchair is repeatedly denied physical access to multiple Brooklyn court rooms because OCA administrators like Dan Weitz and NY Courts OCA staff will not make wider doors to allow access in the court(required under ADA.) Caner cannot physically gain entry into the law library or 40 percent of the courtrooms and OCA and staff have deaf ears to the cries and requests/calls for reasonable accommodations and modifications to the court facilities to allow for access by the disabled.

This Federal Court needs to please support ADA/Rehabilitation Act and force the state court to comply. Without Federal enforcement and protection of ADA, New York Court administrators will continue to violate the law with multiple disabled people like others and me.

As the Federal Court is aware I have numerous qualified ADA disabilities including Tinnitus, Traumatic Brain Injury, Occipital Neuralgia, TMJ, Peripheral Neuropathy, Sever Obstructive Sleep apnea, Cubital Tunnel Syndrome and Post Concussion Syndrome. These "qualified disabilities" effect the major bodily functions of but not limited to hearing, learning, sleeping,

remembering, eating, breathing, use of arm, organizing and writing. The courts need to accommodate, and not discriminate.

New York courts are regularly discriminating and Federal enforcement is the only effective means to make meaningful change.

I pray the court will deny any motion to dismiss and allow the case to proceed to trial by jury.

Thank you for your assistance.

Very Truly Yours,

Marc Fishman
Qualified Ada Disabled Litigant, Pro se

Enclosures

C: USDOJ, Disability Rights Section
   Kathy Davidson, Chief Administrative Court Supervising Judge 9th district.
   Donna Drumm, Ada Advocate
   S. Liss, DRNY
   Judge Egetto, Chief Administrative Judge Family Court



# FAMILY COURT OF THE STATE OF NEW YORK
## COUNTY OF WESTCHESTER
420 NORTH AVENUE, THIRD FLOOR
NEW ROCHELLE, NEW YORK 10801-4137
(914) 831-6587
Fax: (914) 831-6588

**Honorable Lawrence K. Marks**
Chief Administrative Judge

**Honorable Michael V. Coccoma**
Deputy Chief Administrative Judge

**Honorable Alan D. Scheinkman**
Administrative Judge
Ninth Judicial District

**Honorable Kathie E. Davidson**
Acting Supreme Court Justice
Supervising Judge of Family Courts
Ninth Judicial District

**Honorable Michelle I. Schauer**
Family Court Judge

"Exhibit 'A'"

November 17, 2015

Marc Fishman
3200 Netherland Avenue
Apartment G
Bronx, NY 10463
*via facsimile service (347) 843-6894*

Re: *Solomon v. Fishman*
*Fishman v. Solomon*
F/U: 131794

Dear Mr. Fishman,

In response to your letters dated November 12, 2015 and November 16, 2015, Judge Schauer requested that I follow up with Carmen Candelaria the director of Supervised Visitation Experts ("SVE") regarding your allegations that SVE is unable to schedule visitation with you and your children until December. According to the director, the delay in scheduling supervised visitation is because you are making demands to have your intake scheduled at times and places that are contrary to Supervised Visitation Experts' guidelines and policies. Judge Schauer is not in a position to modify SVE's policies and you are advised to comply with these requirements. Alternatively, as stated in my letter sent to you dated October 21, 2015, if a draft of an interim order which demonstrates that all counsel and parties are consenting to modifying the current order is filed with the clerks' office for Judge Schauer's signature Judge Schauer will so order same.

Sincerely,

Michele A. D'Ambrosio
Associate Court Attorney to the
Honorable Michelle I. Schauer

Cc: Nicole Feit, Esq. via pdf. attachment
Kathleen Hannon, Esq. via pdf. attachment

*[Handwritten annotation:] Judge Schauer's Failure to Accomodate Reasonable Accomodations*