# Exhibit A

NOTICE OF ENTRY

PLEASE TAKE NOTICE that the within
is a true copy of an order entered in
the office of the Clerk of the Family
Court of the State of New York in the
County of Westchester.

Date: ...... 1/25/17 ....

~~Chief Clerk of the Court~~

Order
  Distributed      ☒ P    ☐ P-ATY
  ☐ DSS/SCU        ☐ R    ☐ R-ATY
  ☐ OTHER .........        ☐ C-ATY
                           ☐ N

At a Term of the Family Court of the
State of New York, held in and for
the County of Westchester, at 131
Warburton Avenue, Yonkers, New York
10701 on January 25, 2017

PRESENT: HON. MICHELLE I. SCHAUER

FAMILY COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------X
In the Matter of  Proceedings under Article 6 and
Article 8 of the Family Court Act

JENNIFER SOLOMON,

                                    Petitioner,

MARC FISHMAN,

                                    Respondent.
------------------------------------------------------------------X

DECISION AND ORDER
UPON APPLICATION
FOR ADA
ACCOMMODATIONS

Docket Nos.:
O-7850-14 et al

File No.   131794

        The parties in this proceeding are the parents of four children.  The parties were
divorced in August 2012.  In June 2014, Ms. Solomon filed a family offense petition on
behalf of herself and the children, as well as a petition to modify an order of visitation
between the father and the children.  Those petitions are currently pending before this
Court, as well as eighteen other petitions including the mother's petitions alleging
violations of the Temporary Order of Protection and petitions filed by both parents
seeking modification, enforcement, or alleging violations, of a custody order.[1]
        On June 28, 2016, this Court commenced a fact-finding proceeding on Ms.
Solomon's petitions alleging that Mr. Fishman violated, on numerous occasions, the
temporary orders of protection which had been in effect continuously since June 11,

---

[1]In October 2012, the parties began post-judgment modification proceedings in Family Court. That
initial wave of Family Court matters concluded in July 2013, and the petitions currently pending before this
Court are a fraction of the petitions that have been filed in this Court since then, many of which have been
previously disposed.  In addition, Mr. Fishman also had related matters pending before a Supreme Court
Judge and a Support Magistrate, and both parties currently have petitions pending before a Support
Magistrate.

2014.[2]  The fact-finding continued for several days, concluding on September 2, 2016. On that date, this Court found that Mr. Fishman had violated the temporary orders of protection in several respects.  The matter was adjourned for a dispositional hearing. Due to Mr. Fishman's representation that he was having hernia surgery in October and required six to seven weeks recovery time, this Court granted his request to schedule the disposition for a date after his recovery.  Accordingly, the dispositional hearing  was scheduled for December 22, 2016.

On December 13, 2016, the Deputy Chief Clerk of this Court received an email from Donna Drumm stating that she had been retained by Mr. Fishman to be his ADA (Americans with Disabilities Act) Advocate and attaching a "Confidential Document - For Americans with Disabilities Act (ADA) Accommodation purposes only" that indicated that no one besides the clerk of the court had been sent a copy of the document, including Mr. Fishman's assigned counsel.[3]  Ms. Drumm also sent a few follow up ex parte e-mails to this Court's Court Attorney, requesting various ADA accommodations. The disabilities are stated to be largely the result of two automobile accidents suffered by Mr. Fishman - one in June 2013 and one in November 2013.

Although this Court did not issue a formal Order, this Court granted Ms. Drumm's request for a 90 day adjournment of court proceedings scheduled for December 22, 2016.[4]  Ms. Drumm also requested that she be permitted to be present with Mr. Fishman during his court appearances at his expense, as his "Americans with Disability Advocate."  In support of the request, she asserted that Mr. Fishman needed the assistance of such an advocate to "'cue' him when he begins engaging in tangential speech to slow down or take a break.  This will assist the judge, court reporter[5] and attorneys to understand what Mr. Fishman is saying when his speech becomes garbled. The ADA Advocate will also work with Mr. Fishman's therapist's suggested strategies for coping with impulsivity and tangential speech in the courtroom."  This Court granted her request to be present, although it should be noted that in Mr. Fishman's approximately 14 appearances before this Court between January 2015 and September 2016, neither this Court nor the other attorneys have ever raised a problem of not understanding Mr. Fishman.

The matter is again before this Court based upon another e-mail request made

---

[2]Although a Temporary Order of Protection has continuously been in effect throughout these proceedings, the terms and conditions have been modified on several occasions so as to accommodate various access plans for Mr. Fishman and the children.

[3]Mr. Fishman has had numerous changes in counsel throughout these proceedings.  He had three separate retained attorneys in the past and in the interests of justice was also assigned four separate attorneys all of whom requested to be relieved or were discharged by Mr. Fishman.  His current attorney is his fifth assigned counsel in these proceedings.

[4]The matters were adjourned, after coordinating amenable dates with all counsel, to March 14, 2017 at 9:00.

[5]Family Court does not use court reporters.  Proceedings are recorded by the use of digital voice recorders.

by Ms. Drumm on January 11, 2017, to this Court's Court Attorney renewing requests for accommodations, and the Court issues this Order formally addressing the accommodation requests. Although some information about Mr. Fishman's asserted disabilities were disclosed to all counsel through his assigned attorney in connection with that attorney's request for an adjournment of the dispositional hearing, this Court is keeping the medical information confidential at this juncture.[6]

As an accommodation to Mr. Fishman's asserted disabilities, this Court permits (and has permitted at prior proceedings), Mr. Fishman to wear sunglasses, as he deems necessary, in the courtroom. Mr. Fishman's requests to hire a note taker and use a tape recorder during court proceedings is denied. Instead, Mr. Fishman may continue to order transcripts at his expense, as he has done for almost every court proceeding, other than in camera interviews between the Court and the children. To the extent that Ms. Drumm is requesting certain "accommodations" on behalf of one of the subject children, that relief is denied, as she has no standing to demand such relief.[7] Ms. Drumm's remaining requests deal with specific visitation issues and are denied as they do not concern court programs, services or activities. They involve a judicial determination of legal rights based upon the facts of the case and will not be determined by an ex parte request made in the guise of an accommodation but, rather, as the case proceeds in court with all parties. At such time Mr. Fishman's physical condition will be given due weight.

Accordingly, it is hereby

ORDERED, that the branch of Donna Drumm's ADA accommodation request for an adjournment of the matters pending before this Court on December 22, 2016, is granted and those matters are adjourned to March 14, 2017 at 9:00 a.m.; and it is further

ORDERED, that the branch of Donna Drumm's ADA accommodation request that she be permitted to be present with Marc Fishman, at his expense, as his ADA Advocate during court appearances at times when the parties are present in the courtroom is granted; and it is further

ORDERED, that the branch of Donna Drumm's ADA accommodation request that Marc Fishman be permitted to wear sunglasses during proceedings at his discretion is granted; and it is further

---

[6]This Court recognizes that some of Mr. Fishman's claimed disabilities may have an impact on his ability to parent the subject children and to that extent, may become relevant during subsequent custody and visitation proceedings.

[7]This Court questions the actions of Ms. Drumm, who although representing to be an ADA Advocate, is also an attorney, in requesting relief and making unsupported and conclusory allegations about a child who is represented by his own attorney and who is in the sole legal and physical custody of Ms. Solomon. This Court has no reason to believe that Ms. Drumm has ever even met the child.

ORDERED, that the branch of Donna Drumm's ADA accommodation request that Marc Fishman be permitted to have a note taker present and to personally record the proceedings is denied; and it is further

ORDERED, that the branch of Donna Drumm's ADA accommodation request that seeks an ex parte order of visitation is denied; and it is further

ORDERED, that the branch of Ms. Drumm's ADA accommodation request seeking accommodations on behalf of one of the subject children is denied.

This constitutes the Decision and Order of this Court.

Dated: January 25, 2017
      Yonkers, New York

**Hon. Michelle I. Schauer**
**Judge of the Family Court**

**PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT, AN APPEAL FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.**