UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARC FISHMAN, INDIVIDUALLY, and on behalf
of all others similarly situated

                               Plaintiff,

   – against –

Office of Court Administration New York State
Courts, Judge Michelle I. Schauer in her
administrative and official capacity, Nancy J. Barry,
District Executive 9th District NY Courts in her
administrative and official capacity, Dan Weisz,
Professional Director In his administrative and
official capacity New York Courts, Michelle
D'ambrosio in her administrative and official
capacity, Magistrate Carol Jordan in Her
administrative and official capacity Capacity, Judge
Gordon Oliver in her Administrative and Official
Capacity and Judge Kathy Davidson, Chief
Administrative Judge 9th circuit and former Chief
Judge of the Westchester Family Court in her
administrative and official capacity and the New York
State Unified Court System, and Judge Hal
Greenwald, in his administrative and official capacity
Judge Alan Scheinkman in his administrative and
official capacity as Chief Administrative Judge of the
9th Circuit courts

                            Defendants.

No. 18 Civ. 282 (KMK)

---

## MEMORANDUM OF LAW IN SUPPORT OF
## MICHELE D'AMBROSIO'S MOTION TO DISMISS

LETITIA JAMES
Attorney General
State of New York
28 Liberty Street
New York, New York 10005
(212) 416-8651
*Attorney for Defendant*
*Michele D'Ambrosio*

Michael A. Berg
Assistant Attorney General

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL AND PROCEDURAL BACKGROUND.......................................................... 3

A. The Parties ............................................................................................................. 3
B. Plaintiff's Ongoing Child Custody Proceedings .................................................. 3
C. Plaintiff's Requests for Accommodations in Family Court ................................ 4
D. Plaintiff's Failure to Establish Any Disability ................................................... 5
E. Procedural Background ......................................................................................... 5

ARGUMENT ...................................................................................................................... 7

I. LEGAL STANDARDS ............................................................................................. 7

    A. Motions to Dismiss Pursuant to Rules 12(b)(1) & (6)..................................... 7
    B. The Elements of Plaintiff's Claims................................................................... 8

II. JUDICIAL IMMUNITY BARS ALL CLAIMS AGAINST D'AMBROSIO...................... 9

III. *YOUNGER* ABSTENTION AND THE DOMESTIC RELATIONS
EXCEPTION TO FEDERAL JURISDICTION BAR THIS ACTION .............................. 13

    A. *Younger* Abstention Bars this Action ........................................................... 13
    B. The Domestic Relations Exception Bars this Action....................................... 15

IV. THE ELEVENTH AMENDMENT BARS PLAINTIFF'S ADA AND
NYSHRL CLAIMS AGAINST D'AMBROSIO ............................................................. 17

    A. The Law of Sovereign Immunity...................................................................... 17
    B. Sovereign Immunity Bars Plaintiff's ADA Claims For Damages................... 18
    C. Sovereign Immunity Bars Plaintiff's Claims For Injunctive Relief ............... 21
    D. Sovereign Immunity Bars Plaintiff's NYSHRL Claims.................................. 22

V. PLAINTIFF CANNOT PURSUE CLASS OR REPRESENTATIVE CLAIMS ................ 23

    A. The Law Bars *Pro Se* Plaintiffs From Bringing Class Actions ..................... 23
    B. Plaintiff Is Precluded From Asserting Claims On Behalf Of His Sons ........... 24

CONCLUSION.................................................................................................................... 25

# TABLE OF AUTHORITIES

CASES                                                                                      Page(s)

*Adler v. Pataki,*
    204 F. Supp. 2d 384 (N.D.N.Y. 2002) .................................................................................21

*Alexander v. Choate,*
    469 U.S. 287 (1985) ...........................................................................................................8

*Alfano v. Vill. of Farmingdale,*
    693 F. Supp. 2d 231 (E.D.N.Y. 2010) .............................................................................12

*Aliksanyan v. Verizon,*
    No. 17 Civ. 394 (MKB), 2017 WL 5054733 (E.D.N.Y. Apr. 10, 2017) ...............................24

*Am. Airlines, Inc. v. Block,*
    905 F.2d. 12 (2d Cir. 1990) (per curiam)...........................................................................15

*Ankenbrandt v. Richards,*
    504 U.S. 689 (1992)...........................................................................................................15

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)...........................................................................................................8

*Balkanli v. Brodie,*
    No. 18 Civ. 4178 (AMD) (LB), 2018 WL 3862689 (E.D.N.Y. Aug. 14, 2018) ....................11

*Barnes v. N.Y.S. Div. of Human Rights,*
    No. 14 Civ. 2388 (LTS), 2016 WL 5477737 (S.D.N.Y. Sept. 29, 2016), *aff'd*
    *in part,* 710 F. App'x 30 (2d Cir. 2018)...........................................................................15, 25

*Bey v. City of N.Y.,*
    No. 01 Civ. 8906, 2010 WL 3910231 (S.D.N.Y. Sept. 21, 2010), *aff'd,* 454 F.
    App'x 1 (2d Cir. 2011)........................................................................................................4

*Bliven v. Hunt,*
    418 F. Supp. 2d 135 (E.D.N.Y. 2005) ..........................................................................11-12

*Bradley v. Fisher,*
    80 U.S. 335 (1871)...........................................................................................................10

*Butz v. Economou,*
    438 U.S. 478 (1978)...........................................................................................................11

*Catone v. Spielmann,*
    149 F.3d 156 (2d Cir. 1998)...........................................................................................22

*Chambers v. Wright,*
  No. 05 Civ. 9915 (WHP), 2007 WL 4462181 (S.D.N.Y. Dec. 19, 2007) ........................ 19-20

*Clark v. Adams,*
  No. 10 Civ. 1263 (JG), 2010 WL 3123294 (E.D.N.Y. Aug. 8, 2010).....................................12

*Clay v. Lee,*
  No. 13 Civ. 7662 (KMK), 2019 WL 1284290 (S.D.N.Y. Mar. 20, 2019) .......................18, 20

*Cleavinger v. Saxner,*
  474 U.S. 193 (1985)..............................................................................................................11

*Combier v. New York,*
  No. 09 Civ. 5314 (RJH) (FM), 2010 WL 3785130 (Aug. 25, 2010), *report and
  recommendation adopted,* 2010 WL 3835030 (S.D.N.Y. Oct. 1, 2010) ................................12

*Corrado v. Freundlich,*
  No. 15 Civ. 5389 (SJF) (AYS), 2016 WL 2962206 (E.D.N.Y. May 20, 2016) .......................9

*Davis v. Collado,*
  No. 16 Civ. 7139 (KMK), 2018 WL 4757966 (S.D.N.Y. Sept. 30, 2018) .............................18

*Dean v. Univ. at Buffalo Sch. of Med. & Biomedical Scis.,*
  804 F.3d 178 (2d Cir. 2015).............................................................................................. 8-9, 20

*Deem v. DiMella-Deem,*
  No. 18 Civ. 11889 (KMK), 2019 WL 1958107 (S.D.N.Y. May 2, 2019)......................... 15-16

*Diamond "D" Constr. Corp. v. McGowan,*
  282 F.3d 191 (2d Cir. 2002)............................................................................................... 13-14

*DiPizio v. Empire State Dev. Corp.,*
  745 F. App'x 385 (2d Cir. 2018) ........................................................................................... 7-8

*Doe v. City of N.Y.,*
  No. 05 Civ. 5439 (RRM) (SMG), 2009 WL 7295358 (E.D.N.Y. Nov. 10,
  2009), *report and recommendation adopted,* 2011 WL 37131 (E.D.N.Y. Jan.
  5, 2011), *aff'd,* 473 F. App'x 24 (2d Cir. 2012) ....................................................................19

*Donkor v. City of N.Y. Human Res. Admin. Special Servs. for Children,*
  673 F. Supp. 1221 (S.D.N.Y. 1987)......................................................................................14

*Ex Parte Young,*
  209 U.S. 123 (1908).........................................................................................................21, 23

*Falco v. Justices of the Matrimonial Parts of Supreme Court,*
  805 F.3d 425 (2d Cir. 2015)...................................................................................................13

*Falcon v. City Univ. of N.Y.*,
   No. 15 Civ. 3421 (ADS) (ARL), 2016 WL 3920223 (E.D.N.Y. July 15, 2016)....................21

*Fields v. Soloff*,
   920 F.2d 1114 (2d Cir. 1990)............................................................................................10

*Finch v. N.Y.S. Office of Children's and Family Servs.*,
   No. 10 Civ. 9691 (VB), 2012 WL 2866253 (May 30, 2012) ..................................................21

*Gan v. City of N.Y.*,
   996 F.2d 522 (2d Cir. 1993)..............................................................................................17

*Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*,
   280 F.3d 98 (2d Cir. 2001)................................................................................ 17-18, 20

*Gollomp v. Spitzer*,
   568 F.3d 355 (2d Cir. 2009)..............................................................................................11

*Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*,
   206 F. Supp. 3d 869 (S.D.N.Y. 2016)..............................................................................23

*Hamm v. United States*,
   483 F.3d 135 (2d Cir. 2007)................................................................................................7

*Harris v. Mills*,
   572 F.3d 66 (2d Cir. 2009)..................................................................................................9

*Hayden v. Paterson*,
   594 F.3d 150 (2d Cir. 2010)................................................................................................8

*Henrietta D. v. Bloomberg*,
   331 F.3d 261 (2d Cir. 2003)............................................................................................8-9

*Holly v. Cunningham*,
   No. 15 Civ. 284, 2016 WL 8711593 (S.D.N.Y. June 17, 2016)....................................... 18-20

*Iannoccone v. Law*,
   142 F.3d 553 (2d Cir. 1998)..........................................................................................23-24

*In re Charter Oak Assocs.*,
   361 F.3d 760 (2d Cir. 2004)..............................................................................................17

*J.S. ex rel. N.S. v. Attica Cent. Schs.*,
   386 F.3d 107 (2d Cir. 2004)................................................................................................7

*Jackson v. Pfau*,
   523 F. App'x 736 (2d Cir. 2013) .......................................................................................11

*Jones v. Ng*,
    No. 14 Civ. 1350, 2015 WL 998467 (S.D.N.Y. Mar. 5, 2015) ..............................................18

*Kashelkar v. MacCartney*,
    79 F. Supp. 2d 370 (S.D.N.Y. 1999), aff'd, 234 F.3d 1262......................................................12

*Khalid v. Sessions*,
    904 F.3d 129 (2d Cir. 2018)..............................................................................................15

*LaFleur v. Whitman*,
    300 F.3d 256 (2d Cir. 2002)........................................................................................15, 25

*Lees v. Graduate Ctr., City Univ. of N.Y.*,
    No. 16 Civ. 6303, 2016 WL 9649914 (S.D.N.Y. Dec. 21, 2016)............................................22

*Levine v. Lawrence*,
    No. 03 Civ. 1694 (DRH) (ETB), 2005 WL 1412143 (E.D.N.Y. June 15, 2005) ...................10

*Lewittes v. Lobis*,
    No. 04 Civ. 155 (JSR) (AJP), 2004 WL 1854082 (S.D.N.Y. Aug. 19, 2004),
    aff'd, 164 F. App'x 97 (2d Cir. 2006).................................................................................10

*Livingston v. Adirondack Beverage Co.*,
    141 F.3d 434 (2d Cir. 1998).............................................................................................10

*Mabry v. Fischer*,
    No. 11 Civ. 2887 (LBS), 2011 WL 6034368 (S.D.N.Y. Dec. 5, 2011)..............................23-24

*Makarova v. United States*,
    201 F.3d 110 (2d Cir. 2000)................................................................................................7

*Manko v. Steinhardt*,
    No. 11 Civ. 5430 (KAM) (LB), 2012 WL 213715 (E.D.N.Y. Jan. 24, 2012).........................11

*Martinez v. Santamaria*,
    No. 14 Civ. 7634 (RWS), 2015 WL 4241398 (S.D.N.Y. July 13, 2015) ...............................20

*Matter of Solomon v. Fishman*,
    80 N.Y.S.3d 449 (2d Dep't 2018), *leave to appeal denied*, 32 N.Y.3d 1086
    (2018)..................................................................................................................5, 14

*McKeown v. N.Y. State Comm'n on Judicial Conduct*,
    377 Fed. App'x 121 (2d Cir. 2016)......................................................................................11

*Migra v. Warren City Sch. Dist. Bd. of Ed.*,
    465 U.S. 75 (1984).............................................................................................................24

*Mireles v. Waco*,
   502 U.S. 9 (1991) ................................................................................................................9

*Monroe v. Gerbing*,
   No. 16 Civ. 2818 (KMK), 2017 WL 6614625 (S.D.N.Y. Dec. 27, 2017) .............................18

*Moultry v. Rockland Psych. Ctr.*,
   No. 17 Civ. 4063 (NSR), 2018 WL 5621485 (S.D.N.Y. Oct. 30, 2018) ...............................22

*Myers v. N.Y.-Dep't of Motor Vehicles*,
   No. 06 Civ. 4583 (NG), 2013 WL 3990770 (E.D.N.Y. Aug. 5, 2013) ...................................18

*N.Y. State Court Clerks Ass'n v. Unified Court Sys. of the State of N.Y.*,
   25 F. Supp. 3d 459 (S.D.N.Y. 2014) ....................................................................................17

*Nails v. Laplante*,
   596 F. Supp. 2d 475 (D. Conn. 2009) ...................................................................................20

*Natofsky v. City of N.Y.*,
   921 F.3d 337 (2d Cir. 2019) .................................................................................................20

*Oliva v. Heller*,
   839 F.2d 37 (2d Cir. 1988) .....................................................................................9, 11, 13

*Pennhurst State Sch. & Hosp. v. Halderman*,
   465 U.S. 89 (1984) ...........................................................................................................22-23

*Pierce v. Fordham Univ., Inc.*,
   692 F. App'x 644 (2d Cir. 2017) ..........................................................................................20

*Powell v. Nat'l Bd. of Med. Exam'rs*,
   364 F.3d 79, *corrected by* 511 F.3d 238 (2d Cir. 2004) ......................................................8-9

*Puletti v. Patel*,
   No. 05 Civ. 2293 (SJ), 2006 WL 2010809 (E.D.N.Y. July 14, 2006) ..............................12, 14

*Pungitore v. Barbera*,
   506 F. App'x 40 (2d Cir. 2012) .............................................................................................8

*Ranney v. Bauza*,
   No. 10 Civ. 7519, 2011 WL 405896 (S.D.N.Y. Aug. 31, 2011) ...........................................15

*Razzoli v. Exec. Office of U.S. Marshals*,
   No. 10 Civ. 4269 (CBA), 2010 WL 5051083 (E.D.N.Y. Dec. 2, 2010) .................................24

*Renelique v. Goord*,
   No. 03 Civ. 525 (FJS) (GJD), 2006 WL 2265399 (N.D.N.Y. Aug. 7, 2006) ...................19-20

*Reno v. Flores,*
   507 U.S. 292 (1993)...................................................................................................15

*Rodal v. Anesthesia Grp. of Onondaga,*
   369 F.3d 113 (2d Cir. 2004)..........................................................................................9

*Romanello v. Shiseido Cosmetics Am.,*
   No. 00 Civ 7201, 2002 WL 31190169 (S.D.N.Y. Sept. 30, 2002)..........................................9

*Ruane v. Cont'l Cas. Co.,*
   No. 96 Civ 7153 (LBS), 1998 WL 292103 (S.D.N.Y. June 3, 1998)......................................19

*Russo v. Dilieto,*
   566 Fed. App'x 85 (2d Cir. 2014).................................................................................7

*Schwartz v. N.Y.S. Ins. Fund,*
   No. 17 Civ. 8973 (LGS), 2018 WL 3442962 (S.D.N.Y. July 17, 2018) .................................22

*Seminole Tribe of Fla. v. Fla.,*
   517 U.S. 44 (1996)...................................................................................................17

*Siani v. S.U.N.Y. at Farmingdale,*
   7 F. Supp. 3d 304 (E.D.N.Y. 2014) ...............................................................................21

*Soloviev v. Goldstein,*
   104 F. Supp. 3d 232 (E.D.N.Y. 2015) ........................................................................21-22

*Spargo v. N.Y. State Comm'n on Judicial Conduct,*
   351 F.3d 65 (2d Cir. 2003)..........................................................................................13

*Springer v. Hynes,*
   No. 05 Civ 2859 (FB), 2005 WL 1521196 (E.D.N.Y. June 27, 2005)....................................9

*Stadnick v. Vivint Solar, Inc.,*
   861 F.3d 31 (2d Cir. 2017)............................................................................................8

*Steinberg v. Elkman,*
   666 F. App'x 26 (2d Cir. 2016) ....................................................................................21

*Stephens v. Shuttle Assocs.,*
   547 F. Supp. 2d 269 (S.D.N.Y. 2008)............................................................................9

*Sunnen v. N.Y.S. Dep't of Health,*
   No. 17 Civ. 1014 (VSB), 2018 WL 3611978 (S.D.N.Y. July 27, 2018)................................22

*Tail v. Powell,*
   241 F. Supp. 3d 372 (E.D.N.Y. 2017) .............................................................................16

*Tennessee v. Lane*,
   541 U.S. 509 (2004)..................................................................................................17

*Tucker v. Outwater*,
   118 F.3d 930 (2d Cir. 1997)......................................................................................9

*Weiss v. City Univ. of N.Y.*,
   No. 17 Civ. 3557 (VSB), 2019 WL 1244508 (S.D.N.Y. Mar. 18, 2019)................22

*Williams v. N.Y.S. Unified Court Sys. Office of Court Admin.*,
   No. 16 Civ. 2061 (VSB), 2017 WL 4402562 (S.D.N.Y. Sept. 30, 2017)..............21

*Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*,
   466 F.3d 232 (2d Cir. 2006).....................................................................................17

*Younger v. Harris*,
   401 U.S. 37 (1971)....................................................................................2, 7, 13-14

*Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*,
   215 F.3d 247 (2d Cir. 2000)......................................................................................7

**CONSTITUTIONAL PROVISIONS**

U.S. Const., amend. XI .................................................................................... passim

**FEDERAL STATUTES**

28 U.S.C.
   § 1654.......................................................................................................................23
   § 1915(e)(2)(B) ........................................................................................................10

29 U.S.C.
   § 794..........................................................................................................................6
   § 794(a) .....................................................................................................................8

42 U.S.C.
   § 1983.......................................................................................................................16
   § 12131 *et seq.* .........................................................................................................6
   § 12132......................................................................................................................8

Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 et seq..................... *passim*

Individuals with Disabilities in Education Act, 20 U.S.C.
   § 1400 *et seq.* ........................................................................................................24

Rehabilitation Act of 1973
   § 504........................................................................................... 1, , 8-9, 18, 20

**RULES**

Fed. R. Civ. P. 12(b) .............................................................................................................4

Fed. R. Civ. P. 12(b)(1)........................................................................... 1, 7, 13, 17, 22-23

Fed. R. Civ. P. 12(b)(6).............................................................................. 1, 7-8, 17, 20

**STATE STATUTES**

New York State Human Rights Law,
    N.Y. Exec. L. §§ 290-301 ................................................................................. *passim*

Defendant Michele D'Ambrosio respectfully submits this memorandum of law in support of her Motion to Dismiss this action brought by Plaintiff *pro se* Marc Fishman ("Plaintiff") for lack of subject matter jurisdiction and failure to state a claim. Fed. R. Civ. P. 12(b)(1) & (6).

## PRELIMINARY STATEMENT

Plaintiff is a party to ongoing child custody proceedings against his former wife in the New York State Courts. In this action, Plaintiff claims that in the course of the child custody proceedings, he was denied reasonable accommodations for his asserted disabilities. For example, Plaintiff alleges that Judge Michelle I. Schauer of the Westchester County Family Court unreasonably denied his requests for a note-taker, large-print court orders, free real-time transcription services, and morning-only court sessions to accommodate his customary afternoon nap. Plaintiff brings this action alleging disability discrimination under the Americans with Disabilities Act of 1990 (the "ADA") and Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"). His pleading also refers to the New York State Human Rights Law (the "NYSHRL").

Plaintiff initially filed this action against the New York State Office of Court Administration ("OCA"). His Amended Complaint dated November 9, 2018 (ECF No. 44-1) sought to add several individual defendants in their official capacity, including Judge Schauer and her court attorney, Michele D'Ambrosio, Esq. In an Order of Service dated November 26, 2018 (ECF No. 46) (the "Order of Service"), the Court, *sua sponte*, dismissed the action against Judge Schauer and several other State judges on grounds of absolute judicial immunity. The same doctrine – and several other unassailable legal principles – mandate dismissal of the action against D'Ambrosio as well.

*First*, a state judge's court attorney – the equivalent of a federal judge's law clerk – is entitled to the same absolute immunity as the judge she serves. Indeed, controlling Second Circuit precedent holds that judge and law clerk are "as one" for purposes of judicial immunity. The doctrine of judicial immunity, as enforced by the Court in its Order of Service, bars this action against D'Ambrosio. *See* Argument, Part II, *infra.*

*Second*, in an Order denying Plaintiff's motion for a preliminary injunction against OCA dated January 9, 2019 (ECF No. 50) (the "January 9 Order"), the Court held that the *Younger* abstention doctrine bars federal court jurisdiction over this case. That holding compels the dismissal of the action against D'Ambrosio. *See* Argument, Part III.A. The domestic relations exception to federal jurisdiction provides a separate and independent basis for dismissal. *See* Argument, Part III.B.

*Third*, the doctrine of sovereign immunity enshrined in the Eleventh Amendment bars Plaintiff's ADA and NYSHRL claims against D'Ambrosio. The Second Circuit has held that any official-capacity claim for damages under Title II of the ADA must plead that the defendant acted with discriminatory animus or ill will based on the plaintiff's disability. Plaintiff has not alleged facts establishing that D'Ambrosio harbored the requisite discriminatory intent. *See* Argument, Part IV.A-B. Further, D'Ambrosio has no authority to grant the injunctive relief Plaintiff seeks. *Id.*, Part IV.C. And any putative NYSHRL claim is barred because New York State has not waived sovereign immunity to allow such claims. *Id.*, Part IV.D.

*Fourth*, Plaintiff is not an attorney and thus is not permitted to bring claims on behalf of a class of similarly situated individuals. *See* Argument, Part V.A. Finally, his attempt to assert claims on behalf of his minor children was already denied by the state court. *Id.*, Part V.B.

## FACTUAL AND PROCEDURAL BACKGROUND

### A.    The Parties

Plaintiff is a divorced father of four minor children. *See* Am. Compl. ¶ 1 (referring to his

four children); *id.* ¶ 155 (identifying his former wife). Plaintiff alleges he is disabled as the result

of several medical conditions, "including Severe Obstructive Sleep Apnea, Traumatic Brain

Injury, Post Concussion Syndrome, Cubital Tunnel Syndrome, Disabilities from Hernia Surgery

and TMJ caused by two car accidents in 2013 and related prescription drug interactions." *Id.* ¶ 1.

D'Ambrosio is an attorney in good standing, who was admitted to the bar in the State of

New York in 2005. *See* http://iapps.courts.state.ny.us/attorney/AttorneySearch. She is employed

as Judge Schauer's court attorney. Am. Compl. ¶¶ 1, 84, 113 & 183. The Amended Complaint

also refers to D'Ambrosio as a court "administrator," *see id.* ¶ 76, but it does not allege any facts

suggesting that D'Ambrosio has any administrative duties relevant to Plaintiff's claims. Judge

Schauer's publicly accessible Part Rules identify D'Ambrosio by the title, "Associate Court

Attorney." *See* https://www.nycourts.gov/LegacyPDFS/courts/9jd/PartRules/PR_MlSchauer.pdf

(last accessed May 16, 2019). D'Ambrosio is sued solely in her official capacity. *See* Am.

Compl. at 1 (Caption); Order of Service at 1.

### B.    Plaintiff's Ongoing Child Custody Proceedings

The Amended Complaint does not summarize the procedural history of Plaintiff's

divorce and subsequent State Court proceedings. As set forth in a Decision and Order Upon

Application for ADA Accommodations, issued by Judge Schauer on January 25, 2017, Plaintiff

and his wife were divorced in August 2012 and began post-judgment litigation in Family Court

two months later. *See* Declaration of Michael A. Berg, Ex. A, at 1 & n.1.[1] In that Decision and

Order, Judge Schauer noted there were 20 petitions pending before her in Plaintiff's cases, and

that those were merely "a fraction of the petitions that have been filed in this Court" since an

"initial wave" of post-divorce litigation ended in 2013. *Id.* Among other things, Plaintiff and his

former wife alleged violations of a custody order, and sought modification and enforcement of

the order. *Id.*

      The Amended Complaint makes clear that Plaintiff's child custody proceedings are

ongoing in State Court. The pleading not only refers to those proceedings in the present tense,

but also requests injunctive relief governing the future conduct of the State Court proceedings.

*See* Am. Compl. at 58-59, ¶¶ B, F, G & H. This Court, in its January 9 Order, noted that Plaintiff

sought "a mandatory injunction relating to ongoing state-court proceedings[.]"

      The Amended Complaint does not (and cannot) allege that any of Plaintiff's ongoing

State Court proceedings are pending before Judge Schauer. Plaintiff has numerous ongoing State

Court proceedings concerning child custody and related matters, but those matters are pending

before Judge Susan Capeci in the Westchester County Integrated Domestic Violence Part.[2]

**C.**    **Plaintiff's Requests for Accommodations in Family Court**

      The Amended Complaint alleges that Plaintiff sought numerous accommodations in

Family Court for his alleged disabilities. For example, Plaintiff alleges that Judge Schauer and

D'Ambrosio denied Plaintiff the use of the so-called "CART" system to obtain "same day real

---

[1] The Court may take judicial notice of "docket sheets, complaints and court decisions associated with Plaintiffs' related prior actions" without converting a Rule 12(b) motion to a motion for summary judgment. *Bey v. City of N.Y.*, No. 01 Civ. 8906, 2010 WL 3910231, at *4 (S.D.N.Y. Sept. 21, 2010), *aff'd*, 454 F. App'x 1 (2d Cir. 2011).

[2] *See* Index Nos. V-00009-19/19D, V-00008-19/19D, V-00007-19/19D, V-00009-19/19C, V-00008-19/19C, V-00007-19/19A, V-00010-19/19D, V-00008-19/19E, V-00007-19/19D, V-00009-19/19E, V-00007-19/19C, V-00010-19/19F, V-00010-19/19A, V-00008-19/19G, V-00009-19/19G, V-00007-19/19E, V-00009-19/19B, V-00008-19/19B, O-00006-19/19A, V-00010-19/19C, V-00009-19/19A, V-00008-19/19A, V-00007-19/19G, V-00010-19/19B, F-00018-19/19A.

time transcripts," Am. Compl. ¶ 36; denied him the use of note takers, *id.* ¶ 43; delayed the

production of transcripts, *id.* ¶ 49; refused to pay for Plaintiff's transcripts or provide him free

transcripts, *id.* ¶ 57; "expected [Plaintiff] to remember words stated at a hearing without a note

taker," including orders issued from the bench by Judge Schauer, *id.* ¶ 64; and scheduled

afternoon court proceedings that conflicted with Plaintiff's afternoon nap, *id.* ¶ 81.

 **D.**  <u>Plaintiff's Failure to Establish Any Disability</u>

  On June 27, 2017, Judge Schauer issued an order of protection directing Plaintiff to stay

away from his ex-wife for two years. *See Matter of Solomon v. Fishman*, 80 N.Y.S.3d 449, 450

(2d Dep't 2018). Plaintiff appealed, seeking to vacate the order of protection "based upon the

Family Court's alleged failure to provide reasonable accommodations for his alleged disabilities,

in violation of the [ADA]." *Id.* The Appellate Division affirmed the order of protection on the

ground that Plaintiff "failed to submit sufficient evidence in support of his claim that he was

disabled." *Id.* (citation omitted). The Appellate Division further held that Judge Schauer, "despite

the absence of an adequate showing by the father of any such disability, nonetheless acceded to

all of the father's reasonable requests for accommodations." *Id.* The Appellate Division held,

*inter alia*, that the "Family Court providently exercised its discretion in denying [Plaintiff's]

request for the use by him of a personal note-taker or tape recorder at court proceedings, as [he]

had the ability to order official transcripts of the proceedings." *Id.* at 450-51 (internal citations

omitted), *leave to appeal denied*, 32 N.Y.3d 1086 (2018).

 **E.**  <u>Procedural Background</u>

  On November 9, 2018, Plaintiff filed the Amended Complaint against OCA, several New

York State judges including Judge Schauer, D'Ambrosio, and two court administrators, District

Executive Nancy J. Barry of the 9th Judicial District and Daniel M. Weitz, identified as Director of Court Professional Services. *See* Am. Compl. ¶ 36.[3]

In relevant part, the Amended Complaint alleges that certain judicial decisions issued by Judge Schauer in the Family Court proceedings constituted disability discrimination and retaliation. For example, Plaintiff alleges that in disregard of his disabilities, Judge Schauer jailed him for violating an order of protection, Am. Compl. ¶ 60; barred him from filing family offense petitions against his former wife, *id.* ¶ 155; refused to schedule morning-only court sessions, *id.* ¶¶ 81-84 & 128; expected him to remember and comply with court orders, *id.* ¶¶ 43-44 & 64; and denied his request for computer-aided transcription services, *id.* ¶ 36.

The Amended Complaint alleges violations of the ADA, 42 U.S.C. § 12131 *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 794. *See* Am. Compl. ¶ 1; *id.* at 8 & 35. It also cites the "New York Human Rights Act," presumably a reference to the NYSHRL, N.Y. Exec. L. §§ 290-301. *Id.* at 59, ¶ C. The Amended Complaint seeks damages, a declaration that non-party the State of New York discriminated against Plaintiff, a stay of the child custody proceedings, and an order directing OCA to schedule morning-only appearances and to issue large-print orders in those proceedings. Am. Compl. at 57-59.

Plaintiff does not allege any facts concerning D'Ambrosio except in connection with her duties a Judge Schauer's court attorney. In particular, Plaintiff does not allege that D'Ambrosio herself denied Plaintiff any accommodations or had any authority to issue the decisions that Plaintiff seeks to challenge in this action. To the contrary, Plaintiff expressly alleges that "the judge is the sole person in the court responsible for administering required [ADA] accommodations." *Id.* ¶ 158.

---

[3] OCA, Barry, and Weitz are represented by Lee A. Adlerstein and Lisa M. Evans of the OCA Counsel's Office.

In its Order of Service, the Court, *sua sponte*, dismissed the action against all of the State judges named as defendants on grounds of judicial immunity, and authorized service of process on D'Ambrosio, Barry, and Weitz. In its January 9 Order, the Court denied Plaintiff's motion for a preliminary injunction. In relevant part, the Court held that Plaintiff is unlikely to succeed on the merits because *Younger* "abstention is mandatory and its application deprives the federal court of jurisdiction in the matter." Jan. 9 Order at 12.

D'Ambrosio now moves to dismiss the action on several grounds, including judicial immunity, *Younger* abstention, and Eleventh Amendment sovereign immunity.

## ARGUMENT

### I.    LEGAL STANDARDS

#### A.    <u>Motions to Dismiss Pursuant to Rules 12(b)(1) & (6)</u>

"A complaint must be dismissed 'when the district court lacks the statutory or constitutional power to adjudicate it.'" *Russo v. Dilieto*, 566 Fed. App'x 85, 86 (2d Cir. 2014) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). "The plaintiff has the burden of establishing by a preponderance of the evidence that subject matter jurisdiction exists." *Hamm v. United States*, 483 F.3d 135, 137 (2d Cir. 2007). In reviewing a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court "must accept as true all material factual allegations in the complaint, but [is] not to draw inferences from the complaint favorable to plaintiffs." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004). In deciding a Rule 12(b)(1) motion, the Court may consider matters outside the pleadings. *See, e.g., Zappia Middle E. Const. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must provide sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *DiPizio v. Empire State Dev. Corp.*, 745 F. App'x 385, 390 (2d Cir. 2018)

7

(internal citations and quotation marks omitted). "A complaint does not state a 'plausible' claim

if it merely asserts 'a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements," are not entitled to the presumption of truth.

*Iqbal*, 556 U.S. at 678; *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010). Moreover, the

Court is not required to accept the truth of legal conclusions asserted in a complaint. *Stadnick v.*

*Vivint Solar, Inc.*, 861 F.3d 31, 35 (2d Cir. 2017). In deciding a Rule 12(b)(6) motion, a court

may consider "facts stated on the face of the complaint, in documents appended to the complaint

or incorporated ... by reference, and ... matters of which judicial notice may be taken[.]"

*Pungitore v. Barbera*, 506 F. App'x 40, 42 (2d Cir. 2012).

### B. <u>The Elements of Plaintiff's Claims</u>

Title II of the ADA "proscribes discrimination against the disabled in access to public

services." *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 84-85, *corrected by* 511 F.3d 238

(2d Cir. 2004). It provides that "no qualified individual with a disability shall, by reason of such

disability, be excluded from participation in or be denied the benefits of the services, programs,

or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C.

§ 12132. To satisfy those requirements, a "reasonable accommodation" may have to be provided

to the qualified individual. *Henrietta D. v. Bloomberg*, 331 F.3d 261, 273-74 (2d Cir. 2003).

Similarly, the Rehabilitation Act requires that "otherwise qualified" disabled individuals receive

reasonable accommodations from programs receiving federal funding. 29 U.S.C. § 794(a);

*Alexander v. Choate*, 469 U.S. 287, 301 (1985); *Henrietta D.*, 331 F.3d at 273.

"As the standards for actions under these provisions of the ADA and the Rehabilitation

Act are generally equivalent, [courts] analyze such claims together." *Dean v. Univ. at Buffalo*

8

*Sch. of Med. & Biomedical Scis.*, 804 F.3d 178, 187 (2d Cir. 2015) (citing *Harris v. Mills*, 572 F.3d 66, 73-74 (2d Cir. 2009)). A plaintiff asserting such a claim must plead "'(1) that [he] is a 'qualified individual' with a disability; (2) that the defendants are subject to one of the Acts; and (3) that [he] was 'denied the opportunity to participate in or benefit from defendants' services, programs, or activities, or was otherwise discriminated against by defendants, by reason of [his] disability.'" *Id.* (quoting *Powell*, 364 F.3d at 85 (quoting *Henrietta D.*, 331 F.3d at 272)).

Claims under the NYSHRL are subject to the same legal standards as Plaintiff's ADA and Rehabilitation Act claims. *Stephens v. Shuttle Assocs.*, 547 F. Supp. 2d 269, 278-79 (S.D.N.Y. 2008) (citing *Rodal v. Anesthesia Grp. of Onondaga*, 369 F.3d 113, 117 n.1 (2d Cir. 2004); *Romanello v. Shiseido Cosmetics Am.*, No. 00 Civ. 7201, 2002 WL 31190169, at *7 (S.D.N.Y. Sept. 30, 2002)).

## II.     JUDICIAL IMMUNITY BARS ALL CLAIMS AGAINST D'AMBROSIO

Plaintiff's claims against D'Ambrosio arise entirely out of her duties as court attorney to Judge Schauer, who presided over Plaintiff's child custody proceedings in Family Court. As such, the doctrine of judicial immunity bars Plaintiff's claims against D'Ambrosio.

"Judges are granted absolute immunity from liability for acts taken pursuant to their judicial power and authority." *Oliva v. Heller*, 839 F.2d 37, 39 (2d Cir. 1988). *See also Mireles v. Waco*, 502 U.S. 9, 12 (1991); *Corrado v. Freundlich*, No. 15 Civ. 5389 (SJF) (AYS), 2016 WL 2962206, at *3 (E.D.N.Y. May 20, 2016). Judicial immunity provides judicial officers with "an immunity from suit, not just from the ultimate assessment of damages[.]" *Mireles*, 502 U.S. at 11 (citations omitted), *quoted in Springer v. Hynes*, No. 05 Civ. 2859 (FB), 2005 WL 1521196, at *1 (E.D.N.Y. June 27, 2005). A judicial officer's "cloak of immunity is not pierced by allegations of bad faith or malice." *Tucker v. Outwater*, 118 F.3d 930, 932 (2d Cir. 1997). Nor

9

is judicial immunity abrogated by virtue of an incorrect decision that may have violated state law, *see Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990), an act in excess of the court's authority, *see Bradley v. Fisher,* 80 U.S. 335, 352 (1871), or allegations that a decision was "biased and prejudicial," *Levine v. Lawrence*, No. 03 Civ. 1694 (DRH) (ETB), 2005 WL 1412143, at *5 (E.D.N.Y. June 15, 2005) (citation omitted).

Courts have recognized the importance of judicial immunity in the context of family law. "Not surprisingly, disgruntled ex-spouses often bring claims against state court judges who have presided over divorce and child custody issues. . . . Given the inherently emotional nature of their work, family court judges may be particularly susceptible to harassment." *Lewittes v. Lobis*, No. 04 Civ. 155 (JSR) (AJP), 2004 WL 1854082, at *5 (S.D.N.Y. Aug. 19, 2004) (citations omitted), *aff'd*, 164 F. App'x 97 (2d Cir. 2006).

Applying the doctrine of absolute judicial immunity, the Court, *sua sponte*, dismissed this action against all of the State judges and magistrates who were named as defendants in the Amended Complaint, including Judge Schauer. The Order of Service held that "[j]udges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities," and that Plaintiff's claims "concern actions taken within the scope of these judges' judicial responsibilities." Order of Service at 3. Accordingly, the Court dismissed Plaintiff's claims against the judge defendants as "frivolous or malicious, fail[ing] to state a claim on which relief may be granted, or seek[ing] monetary relief from a defendant who is immune from such relief." *Id.* at 2 (quoting 28 U.S.C. § 1915(e)(2)(B); also citing *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)).

The same reasoning compels dismissal of Plaintiff's claims against D'Ambrosio. Absolute immunity is not limited to judges and magistrates, but "also extends to 'certain others

who perform functions closely associated with the judicial process.'" *McKeown v. N.Y. State Comm'n on Judicial Conduct*, 377 Fed. App'x 121, 124 (2d Cir. 2016) (quoting *Oliva*, 839 F.2d at 39 (quoting *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985))). "Thus, officials whose responsibilities are 'functionally comparable' to those of a judge are also absolutely immune from liability." *Bliven v. Hunt*, 418 F. Supp. 2d 135, 138 (E.D.N.Y. 2005) (quoting *Butz v. Economou*, 438 U.S. 478 (1978)).

In *Oliva*, the Second Circuit held that a judge's law clerk, "who was clearly assisting the judge in carrying out judicial functions, was covered by the doctrine of absolute immunity." *Oliva*, 839 F.2d at 40. As the court explained: "[A] law clerk generally performs discretionary acts of a judicial nature. Indeed, a law clerk is probably the one participant in the judicial process whose duties and responsibilities are most intimately connected with the judge's own exercise of the judicial function." *Id.* The Second Circuit found that "the work of judges' law clerks is entirely [judicial in nature]. Law clerks are closely connected with the court's decision-making process." *Id.* (quoting *Oliva*, 670 F. Supp. at 526). The Second Circuit determined that "the work done by law clerks is supervised, approved, and adopted by the judges who initially authorized it. A judicial opinion is not that of the law clerk, but of the judge. Law clerks are simply extensions of the judges at whose pleasure they serve." *Id.* (quoting *Oliva*, 670 F. Supp. at 526).

The Second Circuit concluded that "for purposes of absolute judicial immunity, judges and their law clerks are as one." *Id. See also Jackson v. Pfau*, 523 F. App'x 736, 737-38 (2d Cir. 2013) (holding that judicial law clerk was entitled to absolute judicial immunity); *McKeown*, 377 Fed. App'x at 124 (same); *Gollomp v. Spitzer*, 568 F.3d 355, 365 (2d Cir. 2009) (holding judge's law secretary immune); *Balkanli v. Brodie*, No. 18 Civ. 4178 (AMD) (LB), 2018 WL 3862689, at *2 (E.D.N.Y. Aug. 14, 2018); *Manko v. Steinhardt*, No. 11 Civ. 5430 (KAM) (LB), 2012 WL

11

213715, at *3 (E.D.N.Y. Jan. 24, 2012); *Combier v. New York*, No. 09 Civ. 5314 (RJH) (FM), 2010 WL 3785130, at *8 (Aug. 25, 2010), *report and recommendation adopted,* 2010 WL 3835030 (S.D.N.Y. Oct. 1, 2010); *Alfano v. Vill. of Farmingdale*, 693 F. Supp. 2d 231, 233 (E.D.N.Y. 2010) (reaffirming that "the legal advisors to state and federal judges are entitled to judicial immunity"); *Clark v. Adams*, No. 10 Civ. 1263 (JG), 2010 WL 3123294, at *2-3 (E.D.N.Y. Aug. 8, 2010) (holding that court attorney "perform[ed] acts of a judicial nature," and was "therefore entitled to absolute immunity"); *Puletti v. Patel*, No. 05 Civ. 2293 (SJ), 2006 WL 2010809, at *8-9 (E.D.N.Y. July 14, 2006) (same); *Bliven*, 418 F. Supp. 2d at 138 (dismissing, *sua sponte*, as frivolous, claims against law clerks); *Kashelkar v. MacCartney*, 79 F. Supp. 2d 370, 372 (S.D.N.Y. 1999), *aff'd*, 234 F.3d 1262 (holding judges' law secretaries immune).

As noted above, the Court dismissed Plaintiff's claims against Judge Schauer on grounds of judicial immunity. Order of Service at 3. Plaintiff's claims against D'Ambrosio arise entirely out of her performance of duties as Judge Schauer's court attorney. *See, e.g.*, Am. Compl. ¶ 49 (alleging Judge Schauer, D'Ambosio, and others denied Plaintiff's requests for digital recordings of court proceedings); *id.* ¶ 57 (alleging Judge Schauer, D'Ambosio, and others denied Plaintiff's requests for free transcripts); *id.* ¶ 64 (alleging Judge Schauer and D'Ambrosio "expected" Plaintiff to remember orders issued from the bench); *id.* ¶ 71 (alleging Judge Schauer, D'Ambrosio, and others denied Plaintiff the use of a note taker during court proceedings); *id.* ¶¶ 81 & 84 (alleging Judge Schauer, D'Ambrosio, and others denied Plaintiff's requests for morning-only court sessions to allow for his customary afternoon nap); *id.* ¶¶ 87 & 90 (alleging Judge Schauer and D'Ambrosio "had" Plaintiff purchase expensive court transcripts by denying his requests for a "low cost note taker or low cost tape/video recording[s]").

In fulfilling her duties as court attorney, D'Ambrosio functioned as an "extension" of

Judge Schauer. *Oliva*, 839 F.2d at 40. Accordingly, this action should be dismissed against D'Ambrosio, with prejudice, on grounds of absolute judicial immunity.

## III. *YOUNGER* ABSTENTION AND THE DOMESTIC RELATIONS EXCEPTION TO FEDERAL JURISDICTION BAR THIS ACTION

Both the *Younger* abstention doctrine and the domestic relations exemption to federal court jurisdiction mandate dismissal of this action against D'Ambrosio. Fed. R. Civ. P. 12(b)(1).

### A. *Younger* **Abstention Bars this Action**

In its January 9 Order, this Court held that Plaintiff is unlikely to prevail on the merits because abstention is mandated by *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). The Court's abstention analysis compels the dismissal of the action.

"*Younger* abstention provides that 'federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings.'" January 9 Order at 10 (quoting *Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 74 (2d Cir. 2003)). The Supreme Court has held that *Younger* abstention applies to "civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions.'" *Id.* (quoting *Falco v. Justices of the Matrimonial Parts of Supreme Court*, 805 F.3d 425, 427 (2d Cir. 2015)). This Court further noted that "'*Younger* abstention is *required* when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims.'" *Id.* at 10 (emphasis added by the Court) (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)).

Applying those legal standards to the circumstances of this case, the Court held that "the *Younger* abstention conditions are clearly met." Jan. 9 Order at 10. First, the Court held that as Plaintiff himself has acknowledged, "state-court proceedings regarding the appropriate child

custody arrangement are ongoing." *Id.* at 10-11 (citing Pl.'s Letter to the Hon. Kenneth M. Karas at 2, dated December 12, 2018 (ECF No. 49)).

Second, the Court held that "child custody disputes are a matter rightfully reserved for state courts." *Id.* at 11 (citing *Puletti v. Patel*, No. 05 Civ. 2293, 2006 WL 2010809, at *4 (E.D.N.Y. July 14, 2006)). As discussed in Part B, *infra*, well-established Supreme Court precedent bars the federal courts from exercising jurisdiction over domestic relations matters. Thus, the Court held that Plaintiff's state court proceedings "undoubtedly" implicate an important state interest. *Id.* (citing *Diamond "D" Constr. Corp.*, 282 F.3d at 198).

Third, the Court held that Plaintiff will have "an adequate opportunity for judicial review" of his asserted federal constitutional claims in State court. *Id.* (citing *Donkor v. City of N.Y. Human Res. Admin. Special Servs. for Children*, 673 F. Supp. 1221, 1226 (S.D.N.Y. 1987) ("[The Second] Circuit has often recognized the obligation and competence of state courts to decide federal constitutional questions.") (internal citations omitted)).

Finding that "the *Younger* factors are met," the Court held that "abstention is mandatory and its application deprives the federal court of jurisdiction in the matter." *Id.* at 12 (citation omitted). Based on the Court's analysis and the precedents cited in the January 9 Order, *Younger* abstention mandates the dismissal of this action against D'Ambrosio.

The principles of federal-state comity underlying the *Younger* doctrine are especially important here because Plaintiff seeks to relitigate and reverse state court decisions concerning his requests for accommodations. The Appellate Division, Second Department, expressly held that Plaintiff failed to demonstrate in Family Court that he had a disability within the meaning of the ADA, and that in any event Judge Schauer "acceded to all of [Plaintiff's] reasonable requests for accommodations." *Matter of Solomon*, 80 N.Y.S.3d at 450. Allowing this action to proceed

would not only intrude on New York State's interests, but also would allow Plaintiff to relitigate issues decided in the State Courts, violating principles of collateral estoppel (issue preclusion). *See Barnes v. N.Y.S. Div. of Human Rights*, No. 14 Civ. 2388 (LTS), 2016 WL 5477737, at *3 (S.D.N.Y. Sept. 29, 2016) (defining collateral estoppel under New York law), *aff'd in part*, 710 F. App'x 30 (2d Cir. 2018) (citing *LaFleur v. Whitman*, 300 F.3d 256, 271 (2d Cir. 2002)).

### B.    The Domestic Relations Exception Bars this Action

The domestic relations exception to federal jurisdiction provides a separate and independent basis to dismiss this action. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992); *Khalid v. Sessions*, 904 F.3d 129, 133 (2d Cir. 2018). As the Court noted in its January 9 Order, the U.S. Supreme Court "has long recognized that the whole subject of the domestic relations of ... parent and child[] belongs to the laws of the States and not to the laws of the United States." Jan. 9 Order at 11 (citation omitted)). "Indeed, the Supreme Court has long recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Id.* (quoting *Ankenbrandt*, 504 U.S. at 703; also citing *Reno v. Flores*, 507 U.S. 292, 310 (1993); *Khalid*, 904 F.3d at 133 ("Family law, after all, is an area of law that federal courts and Congress leave almost exclusively to state law and state courts.").

The domestic relations exception provides that "even in cases where the Court may properly exercise original subject matter jurisdiction, '[a] federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts.'" *Deem v. DiMella-Deem*, No. 18 Civ. 11889 (KMK), 2019 WL 1958107, at *12 (S.D.N.Y. May 2, 2019) (quoting *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (*per curiam*); also citing *Ranney v. Bauza*, No. 10 Civ. 7519, 2011 WL 405896, at *3 (S.D.N.Y.

15

Aug. 31, 2011) ("distinguishing the narrow domestic relations exception from the broader '*American Airlines*' abstention doctrine upon which courts in the Second Circuit routinely rely")). As this Court explained in *Deem*, "courts in the Second Circuit have abstained from controversies that, regardless of how a plaintiff characterizes them, 'begin and end in a domestic dispute.'" *Id.* (quoting *Tail v. Powell*, 241 F. Supp. 3d 372, 377 (E.D.N.Y. 2017) (citation and quotation marks omitted)).

In *Deem*, the plaintiff brought claims under 42 U.S.C. § 1983 against the Family Court judge who presided over the couple's child custody proceedings and a supervisory judge. *Id.* at 1-2. The Court dismissed the claims against both judges based on the domestic relations exception. *Id.* at 23-27. The Court held that "it must abstain from exercising jurisdiction over Plaintiff's federal claims because Plaintiff presents issues that are, or are on the verge of being, about child custody and divorce." *Id.* at 26. The mere fact "[t]hat Plaintiff invoke[d] rights guaranteed him by the federal Constitution and federal law [did] not change the fact that all the alleged violations occurred during the course of his state divorce and child-custody proceedings." *Id.* at 26.

Similarly, in the present case, Plaintiff's claims arise out of his Family Court proceedings and seek to challenge the validity of decisions rendered in those proceedings. Moreover, Plaintiff's claims against D'Ambrosio are based entirely on her alleged involvement in the Family Court proceedings. Like *Deem*, this action presents issues that are, or are on the verge of, being about Plaintiff's child custody dispute. As such, the Court should dismiss Plaintiff's claims against D'Ambrosio for lack of subject matter jurisdiction.

IV.    **THE ELEVENTH AMENDMENT BARS PLAINTIFF'S
ADA AND NYSHRL CLAIMS AGAINST D'AMBROSIO**

Principles of sovereign immunity require dismissal of Plaintiff's ADA and NYSHRL

claims against D'Ambrosio. Fed. R. Civ. P. 12(b)(1) & (6).

A.    <u>The Law of Sovereign Immunity</u>

"Sovereign immunity as guaranteed by the Eleventh Amendment to the Constitution bars

suits for damages in federal court against states, state agencies and state officials acting in their

official capacity, absent the state's waiver of Eleventh Amendment immunity or Congressional

abrogation of that immunity by an unequivocal and valid exercise of its power under section 5 of

the Fourteenth Amendment[.]" *N.Y. State Court Clerks Ass'n v. Unified Court Sys. of the State of

N.Y.*, 25 F. Supp. 3d 459, 465 (S.D.N.Y. 2014) (citing *Woods v. Rondout Valley Cent. Sch. Dist.

Bd. of Educ.,* 466 F.3d 232, 236 (2d Cir. 2006); *Tennessee v. Lane,* 541 U.S. 509, 517-18

(2004)). When "'a state official is sued for damages in his official capacity, [the] suit is deemed

to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment

immunity[.]'" *Id.* at 467 (quoting *Gan v. City of N.Y.,* 996 F.2d 522 (2d Cir. 1993)). "The Second

Circuit and Southern District courts have repeatedly enforced this jurisdictional bar" to dismiss

official-capacity claims against State officers and employees. *See id.* (citing cases).

"The Eleventh Amendment effectively places suits by private parties against states

outside the ambit of Article III of the Constitution." *In re Charter Oak Assocs.*, 361 F.3d 760,

765 (2d Cir. 2004) (citing *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 54 (1996)). The

amendment's "ultimate guarantee" is that "nonconsenting States may not be sued by private

individuals in federal court." *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107

(2d Cir. 2001) (citation omitted).

**B.    Sovereign Immunity Bars Plaintiff's ADA Claims For Damages**

Plaintiff's ADA claims seeking damages from D'Ambrosio are subject to dismissal on

grounds of sovereign immunity, as "numerous district courts in this [C]ircuit have persuasively

held that there is no individual liability under Title I or Title II of the ADA, regardless of

whether the claim is brought in an individual or official capacity." *Myers v. N.Y.-Dep't of Motor

Vehicles*, No. 06 Civ. 4583 (NG) (VMS), 2013 WL 3990770, at *9 (E.D.N.Y. Aug. 5, 2013).

This Court has noted that the law is "unsettled" as to whether Congress validly abrogated

the states' sovereign immunity to allow official-capacity claims for damages under Title II of the

ADA. *See, e.g., Davis v. Collado*, No. 16 Civ. 7139 (KMK), 2018 WL 4757966, at *7 (S.D.N.Y.

Sept. 30, 2018) (citing *Monroe v. Gerbing*, No. 16 Civ. 2818 (KMK), 2017 WL 6614625, at *15

(S.D.N.Y. Dec. 27, 2017)); *Holly v. Cunningham*, No. 15 Civ. 284, 2016 WL 8711593, at *4

(S.D.N.Y. June 17, 2016) (citing *Jones v. Ng*, No. 14 Civ. 1350, 2015 WL 998467, at *10 n.20

(S.D.N.Y. Mar. 5, 2015)).[4] But assuming such claims are cognizable at all, Plaintiff has failed to

plead facts sufficient to overcome sovereign immunity in this action.

The Second Circuit has clearly held that to survive Eleventh Amendment scrutiny, the

plaintiff must plead and eventually prove that the alleged "'violation was motivated by either

discriminatory animus or ill will due to disability.'" *Holly*, 2016 WL 8711593, at *5 (quoting

*Garcia*, 280 F.3d at 112). Moreover, an official-capacity claim will not withstand a motion to

dismiss if it relies on conclusory assertions that the defendant acted with discriminatory intent.

Courts routinely dismiss such claims where the complaint fails to allege facts showing that the

---

[4] Plaintiff does not sue D'Ambrosio in her individual capacity. "'It is well settled that individuals in their personal capacities are not proper [d]efendants on claims brought under the ADA or the Rehabilitation Act.'" *Holly*, 2016 WL 8711593, at *4 (collecting cases), *quoted in Clay v. Lee*, No. 13 Civ. 7662 (KMK), 2019 WL 1284290, at *7 (S.D.N.Y. Mar. 20, 2019).

defendant discriminated "by reason of" the plaintiff's disability. *See, e.g., Holly*, 2016 WL 8711593, at *5 (dismissing official-capacity claims for failure to sufficiently plead animus or ill will) (citing *Chambers v. Wright*, No. 05 Civ. 9915 (WHP), 2007 WL 4462181, at *4 (S.D.N.Y. Dec. 19, 2007) (dismissing ADA claim where the "[p]laintiff d[id] not make any allegations concerning [the] [d]efendants' discriminatory animus or ill will"); *Renelique v. Goord*, No. 03 Civ. 525 (FJS) (GJD), 2006 WL 2265399, at *11 (N.D.N.Y. Aug. 7, 2006) (same)).

Here, the Amended Complaint does not allege any facts establishing that D'Ambrosio acted with the requisite discriminatory animus or ill will based on Plaintiff's asserted disabilities. For example, there is no allegation that D'Ambrosio ever commented on Plaintiff's condition, disparaged Plaintiff, or expressed any disrespect to individuals with disabilities. *Cf. Ruane v. Cont'l Cas. Co.*, No. 96 Civ. 7153 (LBS), 1998 WL 292103, at *9 (S.D.N.Y. June 3, 1998) (noting "disability-related comments" by plaintiff's supervisor). Nor is there any allegation that D'Ambrosio treated Plaintiff differently from any similarly situated person based on his alleged disabilities. *See Doe v. City of N.Y.*, No. 05 Civ. 5439 (RRM) (SMG), 2009 WL 7295358, at *11 (E.D.N.Y. Nov. 10, 2009) (holding plaintiff failed to raise fact issue as to discriminatory animus by failing to identify similarly situated non-disabled individuals), *report and recommendation adopted*, 2011 WL 37131 (E.D.N.Y. Jan. 5, 2011), *aff'd*, 473 F. App'x 24 (2d Cir. 2012).

Instead, Plaintiff uses conclusory labels in an attempt to characterize Judge Schauer's and D'Ambrosio's purported state of mind. *See* Am. Compl. ¶ 79 (asserting, without factual support, that Judge Schauer and D'Ambrosio "deliberately interfered" with Plaintiff's efforts to obtain accommodations from OCA); *id.* ¶ 82 (asserting that they "intentionally" prevented Plaintiff from taking an early evening airline flight); *id.* ¶¶ 87 & 90 (asserting that they "purposely and intentionally" caused Plaintiff to purchase expensive court transcripts by Judge Schauer's denial

of his requests for note-takers or recordings).

"These conclusory allegations fail to allege that [D'Ambrosio] acted with 'discriminatory animus or ill will' at all, let alone 'due to' Plaintiff's alleged … 'health issues.'" *Clay v. Lee*, No. 13 Civ. 7662 (KMK), 2019 WL 1284290, at *7 (S.D.N.Y. Mar. 20, 2019) (citing *Holly*, 2016 WL 8711593, at *5 (holding plaintiff failed to allege defendants "acted with discriminatory animus or ill will based on [the] [p]laintiff's visual impairment"); *Chambers*, 2007 WL 4462181, at *4; *Renelique*, 2006 WL 2265399, at *11). *See also Pierce v. Fordham Univ., Inc.*, 692 F. App'x 644, 646 (2d Cir. 2017) (affirming dismissal of ADA claims because plaintiff did "not sufficiently allege[ ] that [the defendant] (and its employees) harbored any discriminatory animus against her"); *Martinez v. Santamaria*, No. 14 Civ. 7634 (RWS), 2015 WL 4241398, at *5 (S.D.N.Y. July 13, 2015) (dismissing ADA claim because plaintiff failed "to provide a single non-conclusory or non-speculative factual allegation from which it can be inferred that any adverse action taken against him was motivated by anti-disability discriminatory animus"); *Nails v. Laplante*, 596 F. Supp. 2d 475, 481-82 (D. Conn. 2009) (complaint did "not include any non-conclusory allegations of discriminatory animus or ill will based on his disability").

Plaintiff's failure to plead facts showing that D'Ambrosio acted with discriminatory animus or ill will mandate dismissal of his ADA claims on grounds of sovereign immunity. *See* U.S. Const., amend. XI; *Garcia*, 280 F.3d at 112; *Holly*, 2016 WL 8711593, at *5. This same failure to allege that D'Ambrosio took any action "by reason of [a] disability" is grounds for dismissal of both Plaintiff's ADA and Rehabilitation Act claims for failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Dean*, 804 F.3d at 187. *See also Natofsky v. City of N.Y.*, 921 F.3d 337, 345 (2d Cir. 2019) (holding that causation standard under ADA and Rehabilitation Act are the same).

20

### C.    Sovereign Immunity Bars Plaintiff's Claims For Injunctive Relief

Plaintiff's claims for injunctive relief are also subject to dismissal.  Under *Ex Parte Young*, 209 U.S. 123 (1908), "sovereign immunity does not bar suit when the litigant seeks prospective relief based on an ongoing violation of federal law that the state official has some connection with enforcing." *Steinberg v. Elkman*, 666 F. App'x 26, 27-28 (2d Cir. 2016) (citations omitted). "This exception, however, 'only applies in circumstances where the state official has the authority to perform the required act[.]'" *Adler v. Pataki*, 204 F. Supp. 2d 384, 390 (N.D.N.Y. 2002). *Accord Siani v. S.U.N.Y. at Farmingdale*, 7 F. Supp. 3d 304, 317 (E.D.N.Y. 2014); *Finch v. N.Y.S. Office of Children's and Family Servs.*, No. 10 Civ. 9691 (VB), 2012 WL 2866253, at *4 (May 30, 2012). Absent any allegation that the defendant is empowered to grant the relief sought, the *Ex Parte Young* doctrine does not apply and the Eleventh Amendment mandates dismissal. *See Williams v. N.Y.S. Unified Court Sys. Office of Court Admin.*, No. 16 Civ. 2061 (VSB), 2017 WL 4402562, at *5 (S.D.N.Y. Sept. 30, 2017); *Falcon v. City Univ. of N.Y.*, No. 15 Civ. 3421 (ADS) (ARL), 2016 WL 3920223, at *9 (E.D.N.Y. July 15, 2016); *Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 245 (E.D.N.Y. 2015).

The Amended Complaint does not allege that D'Ambrosio has any authority to approve Plaintiff's requested accommodations, revamp OCA's policies, or grant any of the prospective injunctive relief that Plaintiff seeks. To the contrary, as noted above, the Amended Complaint unequivocally alleges that Judge Schauer is "the sole person in the court responsible for administering required [ADA] accommodations." Am. Compl. ¶ 158. Moreover, Plaintiff does not (and cannot) allege that he has any proceedings pending before Judge Schauer. Thus, D'Ambrosio has no ongoing involvement with Plaintiff's Family Court proceedings, nor the authority to grant relief in such cases. As such, the Eleventh Amendment bars Plaintiff's ADA

claims against D'Ambrosio in their entirety, regardless of the relief sought.

**D.    Sovereign Immunity Bars Plaintiff's NYSHRL Claims**

The Amended Complaint refers only once, in its Prayer for Relief, to the "New York State Human Rights Act," presumably a reference to the NYSHRL. Am. Compl. at 59, ¶ C. To the extent that Plaintiff seeks to assert a state law claim against D'Ambrosio, New York State's sovereign immunity precludes any such claim. U.S. Const., amend. XI. Thus, the Court should dismiss any putative NYSHRL claim against D'Ambrosio for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). *See Weiss v. City Univ. of N.Y.*, No. 17 Civ. 3557 (VSB), 2019 WL 1244508, at *4 (S.D.N.Y. Mar. 18, 2019).

The Eleventh Amendment bars federal courts from asserting jurisdiction over state law claims against non-consenting states and their officials. *See Schwartz v. N.Y.S. Ins. Fund*, No. 17 Civ. 8973 (LGS), 2018 WL 3442962, at *4 (S.D.N.Y. July 17, 2018) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 119-21 (1984); *Catone v. Spielmann*, 149 F.3d 156, 160 n.1 (2d Cir. 1998)) (additional citations omitted). The case law uniformly holds that New York State has not consented to suit in federal court for claims brought under the NYSHRL. *See, e.g., Lees v. Graduate Ctr., City Univ. of N.Y.*, No. 16 Civ. 6303, 2016 WL 9649914, at *2 (S.D.N.Y. Dec. 21, 2016); *Soloviev*, 104 F. Supp. 3d at 244; *Moultry v. Rockland Psych. Ctr.*, No. 17 Civ. 4063 (NSR), 2018 WL 5621485, at *2 (S.D.N.Y. Oct. 30, 2018); *Sunnen v. N.Y.S. Dep't of Health*, No. 17 Civ. 1014 (VSB), 2018 WL 3611978, at *4 (S.D.N.Y. July 27, 2018).

This Constitutional restraint on the federal courts' jurisdiction applies to claims for injunctive relief as well as claims for damages. Indeed, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst*, 465 U.S. at 106. As discussed above, the

22

doctrine of *Ex Parte Young* permits federal court jurisdiction over claims seeking to compel a state official with the requisite authority to comply with **federal law**. But the *Ex Parte Young* doctrine does not extend federal jurisdiction to claims alleging violations of **state law**. *See, e.g., Gym Door Repairs, Inc. v. Young Equip. Sales, Inc.*, 206 F. Supp. 3d 869, 914 (S.D.N.Y. 2016) (citing *Pennhurst*, 465 U.S. at 103).

Here, D'Ambrosio is a state official who is sued solely in her official capacity. *See* Am. Compl. at 1 (Caption); Order of Service at 1. As such, she is immune from suit in federal court under state law, and any putative NYSHRL claim against her should be dismissed for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).

## V.    PLAINTIFF CANNOT PURSUE CLASS OR REPRESENTATIVE CLAIMS

As a non-attorney proceeding *pro se*, Plaintiff is not permitted to bring a class action. Moreover, Plaintiff is collaterally estopped from challenging the Family Court's determination that he lacks standing to assert claims on behalf of his minor children.

### A.    The Law Bars *Pro Se* Plaintiffs From Bringing Class Actions

Plaintiff purports to bring this action in his own right and on behalf of "all others similarly situated." Am. Compl. at 1 (Caption); *id.* at ¶¶ 1, 25, 33, 37, 42, 46, 48, 51, 54, 55, 59, 65, 72, 74, 76, 87, 89, 92, 97, 102, 105, 107, 120, 125, 131, 148, 152, 159, 195 & 203. The Amended Complaint expressly seeks a declaratory judgment that non-party New York State has discriminated against plaintiff "and others similarly situated for our qualified ADA disabilities," and seeks an injunction dictating how OCA must administer requests for accommodations on a statewide basis. *Id.* at 57-58, ¶¶ A & B (Prayer for Relief).

Plaintiff's class claims must be dismissed because "[n]on-attorneys cannot represent others or prosecute class actions." *Mabry v. Fischer*, No. 11 Civ. 2887 (LBS), 2011 WL 6034368, at \*2, n.3 (S.D.N.Y. Dec. 5, 2011) (citing 28 U.S.C. § 1654; *Iannoccone v. Law*, 142

F.3d 553, 558 (2d Cir. 1998)). As the Second Circuit has held, an individual litigant's right to represent himself does "not extend to representing anyone else." *Id.* (citing *Ianoccone*, 142 F.3d at 558). *Accord Aliksanyan v. Verizon*, No. 17 Civ. 394 (MKB), 2017 WL 5054733, at *1 (E.D.N.Y. Apr. 10, 2017) ("[A] *pro se* plaintiff may not seek to represent the interests of third-parties."); *Razzoli v. Exec. Office of U.S. Marshals*, No. 10 Civ. 4269 (CBA), 2010 WL 5051083, at *2 (E.D.N.Y. Dec. 2, 2010) ("[N]on-attorneys cannot represent anyone other than themselves and cannot prosecute class actions on behalf of others.").

Thus, as a matter of law, the Court should dismiss Plaintiff's purported class claims.

### B.    Plaintiff Is Precluded From Asserting Claims On Behalf Of His Sons

Plaintiff is collaterally estopped from asserting claims on behalf of his two allegedly disabled sons.

Plaintiff alleges that his two sons are disabled within the meaning of the Individuals with Disabilities in Education Act, 20 U.S.C. § 1400 *et seq.* Am. Compl. ¶ 191. The Amended Complaint expressly alleges that the Family Court rejected Plaintiff's assertion of standing to sue on their behalf. *See, e.g.*, Am. Compl. ¶ 183 (alleging the Family Court, "on grounds of standing, refused even to consider that portion of my ADA Requests that seeks to address the disabilities of my minor son"). Under well-established principles of collateral estoppel (issue preclusion), this Court is barred from reconsidering the issue. *See Migra v. Warren City Sch. Dist. Bd. of Ed.*, 465 U.S. 75, 81 (1984) (holding that "a federal court must give to a state court judgment the same preclusive effect as would be given that judgment under the law of the state in which the judgment was rendered").

"Under New York law, collateral estoppel bars a subsequent action if (1) the issue raised in the second action is identical to an issue raised and decided in the first action and (2) the

Plaintiff had a 'full and fair opportunity to litigate the issue' in the earlier proceeding." *Barnes v. N.Y.S. Div. of Human Rights*, No. 14 Civ. 2388 (LTS), 2016 WL 5477737, at *3 (S.D.N.Y. Sept. 29, 2016), *aff'd in part*, 710 F. App'x 30 (2d Cir. 2018) (quoting *LaFleur*, 300 F.3d at 271).

Here, the Amended Complaint clearly alleges that the Family Court denied Plaintiff's claim of standing to sue on behalf of his minor children, and does not allege any facts that plausibly suggest he was denied a full and fair opportunity to litigate the matter. Thus, this Court is barred from revisiting the issue, and any claims asserted on behalf of Plaintiff's children in this action are subject to dismissal on grounds of collateral estoppel.

## CONCLUSION

For the foregoing reasons, the Court should grant D'Ambrosio's motion to dismiss the action against her in its entirety, with prejudice, and should grant such other and further relief as the Court deems proper.

Dated: New York, New York
      May 23, 2019

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant*
*Michele D'Ambrosio*


By: _____
Michael A. Berg
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8651
michael.berg@ag.ny.gov

25