# Marc Fishman
## 3200 Netherland Avenue
## Apartment G
## Bronx, NY 10463
## (914) 837 – 3209
## Facsimile (347) 843 - 6894

Via Hand Delivery and Facsimile

July 24, 2019

Honorary Judge Ken Karas
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

RECEIVED SDNY DOCKET UNIT 2019 JUL 24 PM 3:18

Re: 7-18-CV-00282-KMK
   Request to file for Injunctive relief against defendant's Michelle D'ambrosio, Nancy Barry and Dan Weitz and opposition to defendant's motion to dismiss

Dear Honorable Judge Karas:

I am writing in opposition of defendant's motion to dismiss. Defendant D'ambrosio(acting in her administrative capacity) told me directly in the entrance of Yonkers Family Court that my notetaker could not enter the courtroom in May of 2016, June 2016, July 2016 and August 2016. This action outside of the physical courtroom was an administrative act, not a judicial one. This act of willful, purposefull, intentional and direct administrative disability discrimination violates the ADA, Section 504 of the 1973/74 rehabilitation Act, The New York Family Court Act and New York State Human Rights Laws.

The ada under USC 12131-12165 provides that "no qualified individual with a disability shall by reason of such disability, be excluded from participation in it denied the benefits of services, programs or activity of a public entity or be subject to discrimination by any such entity." While defendant dambrosio, denied my notetaker entry, she allowed defendant's legal services of the Hudson valley notetakers entry into the court for my ex-wife. Defendant dambrosio knew I had writing, hearing and memory disabilities associated with occipital neuralgia, tbi and post concussion syndrome. As I handed her my medical documents multiple times. To allow opposing counsel notetakers into the courtroom for my ex-wife who is not disabled, but deny me is the definition of discrimination in an

administrative capacity. The NY state court's own website or Ada accessibility states that scribes are allowed in the court as an "Administrative accommodation to the disabled." These denials of my notetaker to the courtroom was before the Schauer 1/25/17 state court order denying me notetakers access to the court. The physical administrative blocking entry of my notetakers and administrative denial of access to state courts in 2016 was a violation of the ada.

See Exhibit "A" Attached

Michelle D'ambrosio, As the court administrator is not protected by judicial immunity for disability discrimination. Neither Nancy Barry nor Dan Weiss are protected for their administrative acts in denying reasonable accommodations including a notetaker, transcripts or use of Cart closed captioned system that prints out free transcripts. The younger abstention does not apply to state court officers acting in their administrative capacity( see Injunctive relief can be obtained against state officers acting in their administrative capacity.) "Title two of the ADA as it applies to fundamental right of access to the state courts constitutes a valid exercise of Congress authority to enforce the guarantees of the Fourteenth amendment," see majority last line of opinion in Tennessee versus Lane.

See Exhibit "B"

Denying my notetakers entry to court was an administrative denial of Ada. Dambrosio acted in her administrative authority outside a courtroom to violate the ada and rehabilitation act in 2016. My notetaker aide helps me communicate and understand. With post concussion syndrome it is hard to remember. Since there is no stenographer in family court, reading back or remembering is hard or impossible without a notetaker. Taking notes myself with left cubital tunnel syndrome is too difficult. My arm hurts taking notes for hours.

There is no immunity for the Office of Court Administration or the Unified Court system of New York to be sued as sovereign immunity was waived by Congress in Tennessee versus Lane. In addition in Prakal v. Indiana a state court system can be sued for money damages for disability discrimination see 2013 WL 3287691 SD Inf. June 28, 2013. In addition judges and administrators can be sued for disability discrimination see Ramon Badilloi Santiago MD vs. Hon Jose Andrei Garcia ET Al civil no 98-1993 ( SEC.) In this case with a deaf man needed hearing help in court. The federal court determined the judge and administrator did not have immunity in their administrative operation of the court, and allowed suit to continue against Judge and Administrator.

As I have made a Prima facie case of discrimination under title two of ada, a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that there is no set of facts that plaintiff could prove would entitle me to relief(see Conley v. Gibson, 355 US 41, 46,78 S. CT. 99, 102 (1957) |Fed civ p. 12(b) (6). Defendant's admitted the schauer court and dambrosio denied the notetaker. As I am qualified disabled under meaning of Ada, said denial of this aide is disability discrimination. Having me pay for transcripts violates Ada as the auxiliary aide is required to be provided for free to the disabled party. The reimbursement for the transcripts is clearly a compensatory damage under the ada. Cart real time transcription prints out free transcripts. For all defendant's to deny me cart and a notetaker, denies me meaningful communication and is discriminatory under Ada.

As The federal court has clearly stated clearly that I am qualified disabled under Ada, I meet the threshold of being a disabled person under title two of the ada.

See Exhibit A Attached

*See Exhibit "C" letter from Doctor Brown*

As a disabled person am required to have auxiliary aides including a scribe or notetaker see 28 cfr 35.160. As the state court and defendant dambrosio, Weitz and Barry denied me aides of real time transcription, notetaker, scribe and cart, they discriminated under Ada. Their discrimination was intentional, as none of these accommodations effected the courts judicial decision making, and the Court System was already installed in court. I offered my own notetaker, so there would be no expense to court for notetaker presence in court.

Am requesting federal court deny motion to dismiss. In Forrester v. White, 484 US 219, 224-225 (1988) the federal court refused to attach judicial immunity to an administrative act by a judge. According to the court in decision, is nature of act performed, not who performed it that determines if act is administrative instead of judicial. This was also the case in Morrison v Lipscomb, 877 F.2d 463 (6th cit. 1989.) in Morrison, the court note the judges act was administrative, not judicial.

Also requesting permission to file Injunctive relief motion against Dambrosio as court administrator in her official capacity. As seven judges in family court have recused (including judges Rice, Oliver Gordon, Hahn, Horowitz, Katz, and Greenwald ). Judge schauer and Administrator Dambrisio are the only Westchester County judges left in this case to hear it, so injunctive relief does apply. Judge Capeci has withdrawn from a portion of the Family court case and will not be hearing it, so injunctive Relief does apply to D'ambrosio court which will hear case going forward as other judges recused themselves.

All state individual and court system defendant's are not immune to disability discrimination lawsuits in federal court under the doctrine of sovereign immunity. Under Tennessee v. Lane ET Al 541 US 509 (2004,)
Congress and supreme court specified there is no sovereign immunity to state court and court administrator for denying meaningful access and meaningful communications to the court. In Lane the Supreme Court specified that Congress did not exceed it's right to waive state immunity under the 14th amendment. As both the state and state court administrators receive federal funds, they cannot discriminate under Section 504 of the Rehabilitation Act or My Human rights Laws.

Please allow injunctive relief to be filed against dambrosio and deny defendant's motion to dismiss.

Thank you for your consideration and assistance.

Very Truly Yours,

Marc Fishman, Pro Se
Plaintiff,

C: Lisa Evans, OCA
Latisha, Atty General

Exhibit "A"

# ADA

## AMERICANS WITH DISABILITIES ACT *and the* COURTS

  **NEW YORK STATE UNIFIED COURT SYSTEM**  

## ENSURING PEOPLE WITH DISABILITIES FULL AND EQUAL ACCESS TO THE COURTS
## A GUIDE FOR JUDGES AND COURT PERSONNEL

The New York State Unified Court System is committed to ensuring that all persons have access to and can fully participate in court proceedings, regardless of disabilities.

### WHAT IS THE ADA?
The Americans with Disabilities Act (ADA) is a federal law that prohibits discrimination against qualified individuals with disabilities. 42 UCS 12101, et seq. Title II of the ADA applies to the programs, services, and activities of state and local governments, including the judicial branch.

A person is considered disabled for purposes of the ADA if he or she has a physical or mental impairment that substantially limits a major life activity. "Major life activities" include, but are not limited to: performing manual tasks, seeing, hearing, walking, standing, sitting, speaking, breathing, reading, communicating, and the operation of a major bodily function. 28 CFR 35.108(c)(1)(i, ii). "Substantially limits" is to be construed broadly and is not intended to be a demanding standard. 28 CFR 35.108(d)(1)(i).

The ADA also protects people who have a record of such an impairment or who are regarded as having such an impairment, if being perceived as having a disability results in discrimination.

It is important to remember that not all disabilities are obvious. "Invisible disabilities," such as certain chronic illnesses, or psychological or cognitive conditions, can substantially limit a person's ability to engage in major life activities.

### WHO CAN REQUEST AN ADA ACCOMMODATION?
Any individual with an interest in participating in or attending any proceeding before any court of this state may make a request for ADA accommodations. This includes jurors, parties, attorneys, witnesses, and spectators.

### HOW CAN ADA REQUESTS BE MADE?
Requests can be made in any form, including orally, in writing, by telephone, e-mail, or fax.

### WHAT ACCOMMODATIONS ARE AVAILABLE?
Under the ADA, courts must provide **"reasonable accommodations"** to enable a qualified person with a disability to fully participate in or benefit from a program or service. There are a wide range of accommodations that the court system may provide, including modifications in practices and procedures, or furnishing auxiliary aids, services, equipment, devices, or materials.

The appropriate accommodation depends on the circumstances of each case. Among the common accommodations are:

- Assistive listening devices, sign language interpreters, or real time computer-aided transcription services (CART) for persons who are deaf or hard of hearing
- Audio recordings, Braille or large-print materials, magnification software, or a reader for persons who are blind or visually impaired
- Assistance with filling out forms for persons who have manual impairments
- Use of a service animal
- Relocation of a proceeding to an accessible courtroom
- Modification of court procedures, such as allowing remote appearances and extensions of time for filing papers

An accommodation must meet the specific needs of the particular disabled person. Therefore, it is important to be flexible and creative in determining what accommodation is appropriate. Always consult the individual seeking the accommodation, and give first consideration to that person's preference.

### WHAT TYPE OF ACCOMMODATIONS MUST BE ORDERED BY A JUDGE AND WHAT TYPES MAY BE MADE ADMINISTRATIVELY?
While many accommodations may be arranged by the court's ADA liaison (see below), or other court employees, certain accommodations can only be ordered by the judge or judicial officer presiding in a case.

**Judicial accommodations:**
Only the judge or judicial officer presiding in a pending case may order an accommodation that would implicate the rights of parties to the proceeding or the judge's inherent power to manage the courtroom and proceeding. Such "judicial accommodations" may include, for example, extensions of time for the filing of papers, taking frequent breaking during court

*Exhibit "A"* (handwritten)

proceedings, and remote appearances. While only a judge may order such an accommodation, non-judicial court personnel may be called upon to facilitate the accommodation.

<u>Administrative accommodations:</u>
In contrast, accommodations that do not affect the rights of parties to the proceeding or the judge's inherent authority over the courtroom and proceedings may be arranged by non-judicial court personnel. Such <u>"administrative accommodations" include, for example, providing assistive listening devices or scribes, arranging for a court service to be provided in an accessible location,</u> and permitting the entry of a service animal into a courthouse.

### WHAT IS THE PROCESS FOR DENYING A REQUEST FOR AN ACCOMMODATION AND HOW IS A DENIAL APPEALED?

The procedures for obtaining an accommodation, and for appealing the denial of an accommodation, differ for judicial and administrative accommodations.

**Judicial accommodations:**
Accommodations affecting the procedures in a particular case in a manner that may impact the rights of the parties or the exercise of judicial authority can only be granted by the presiding judge. Such requests for judicial accommodation should be made in writing or on the record, and the denial of a request for a judicial accommodation should also be on the record or in written form sufficient to permit appropriate judicial review of the denial. There is no administrative review of the denial of a judicial accommodation. Review of the denial must be sought through the regular process of judicial review.

**Administrative accommodations:**
A request for an administrative accommodation may only be denied by an executive-level manager: in New York City, a Chief Clerk of a court; in the judicial districts outside of New York City, a District Executive. The denial must be in writing, on a Denial of Accommodation Form. The denial of an administrative accommodation can be appealed by submitting a Request for Reconsideration Form or other written statement to the Statewide ADA Coordinator within ten (10) days of the written denial. The Statewide Coordinator may extend the filing deadline for good cause, and may permit an alternative means of filing, such as via an audio format, upon request. Additional relevant information or documents may be submitted with the Request for Reconsideration. The Statewide Coordinator will issue a decision in writing, or, as appropriate, in a format accessible to the person requesting reconsideration, within 30 days.

### WHAT IS THE ROLE OF THE ADA LIAISON?

For each court, at least one liaison has been designated to assist court users in obtaining accommodations. The list of ADA Liaisons may be found at: http://www.nycourts.gov/accessibility/listbycounty.shtml

Among the duties of an ADA liaison are to:

- receive requests for accommodation, communicate with the person making the request to clarify the nature of the accommodation needed, and facilitate the implementation of the accommodation;
- provide information about and arrange for the use of appropriate auxiliary aids and devices and other accommodations;
- consult with and advise judges or judicial officers to whom ADA accommodation requests have been or should be directed;
- ensure that ADA-related signage and other information is in place and accurate;
- ensure that auxiliary aids and other ADA-related devices and equipment are in place and in good working order;
- regularly monitor the courthouse for ADA-related issues or problems, such as physical barriers, and report problems to the appropriate office; and
- suggest or assist in making modifications to court operations and practices to ensure that court programs and services are fully accessible.

ADA Liaisons do not have the authority to deny an accommodation request. As explained above, only a Chief Clerk or a District Executive may deny a request for an administrative accommodation, and only a judge may deny a request for a judicial accommodation.

Court personnel who become aware of a need for an accommodation may consult with or refer the court user to the ADA Liaison for assistance.

### WHAT IS THE ROLE OF THE ADA OFFICE AND THE STATEWIDE ADA COORDINATOR?

The ADA Office within OCA's Division of Professional and Court Services was established to assist courts in complying with the ADA and to ensure that all persons with disabilities have full and equal access to the courts. Among the services provided by the ADA Office are advice on fashioning appropriate accommodations in particular cases, assistance in obtaining auxiliary aids and devices, and training for court personnel and judges. In addition, as explained above, appeals of denials of an administrative accommodation are made to the Statewide ADA Coordinator. The ADA Office may be contacted at:

25 Beaver Street, 8th Floor
New York, NY 10004
(212) 428-2760
ADA@nycourts.gov

For more information on ADA and the Courts, please visit the ADA website:
http://inside-ucs.org/oca/professional-ct-services/ADA/index.shtml

 AMERICANS WITH DISABILITIES ACT *and the* COURTS 

Exhibit "B"

Where the prosecution (i.e Judge Schauer and Administrator Dembrosio <u>knew</u> I was innocent of <u>child abuse</u> yet convicted me of it in 6/13/18 Final order decision (even though child protective services declared False abuse charges untrue and unfounded) then a Younger exception applies — As State Court and State Court administrator <u>knew</u> I was innocent See Dombrowski v. Pfister 380 U.S 479 (1965)

*Exhibit "B"* — *Unfounded letter of "no evidence of abuse"*

NEW YORK STATE
OFFICE OF CHILDREN AND FAMILY SERVICES
CHILD ABUSE AND MALTREATMENT REGISTER
P.O. BOX 4480, ALBANY, NY 12204-0480

Sheila J. Poole
Acting Commissioner

August 22, 2014
Re: Case ID     : 25878530
Intake Stage ID : 29673643
Date of Intake  : 06/11/2014

Marc Fishman
3200 Netherland Ave
Apt G
Bronx, NY 10463-3417

Dear Marc Fishman:

Recently you were notified of the existence of a report of suspected child abuse or maltreatment under the above Case ID. The original notification explained that the matter was under investigation.

We can now inform you that as a result of the assessment made by the local child protective service, no credible evidence was found to believe that the child(ren) has been abused or maltreated. Therefore, the report has been determined "unfounded".

In accordance with the Section 422(5) of the Social Services Law, all information that in any way would identify persons named in this report has been legally sealed from the New York State Child Abuse and Maltreatment Register (State Central Register). The local child protective service has also been notified to legally seal all identifying information from the local Child Abuse and Maltreatment Register.

Please note : If you had previously been informed by the local Department of Social Services that a different report under the above referenced Case ID had been "indicated", then that report will remain on record with the State Central Register. Additionally the sealing of this particular report will not affect any eligibility for services you may be currently receiving as a result of being the subject or an other person named in a previously indicated report.

An "unfounded" report will remain legally sealed and may only be made available under limited circumstances including: to a local child protective service or State agency investigating a subsequent report of abuse or maltreatment involving the same subject of the report, or child named in the legally sealed unfounded report, or the child's sibling; or to the subject of the report where the subject requests access to the unfounded report. Legally sealed "unfounded" reports will be expunged 10 years after the receipt of the report.

The expungement of information is done routinely and does not require any action by you. However, if you have any questions concerning this letter please contact the New York State Child Abuse and Maltreatment Register and provide the Case ID and Intake Stage ID given in the upper right-hand corner of this letter.

Sincerely,

Linda A. Joyce, Director
State Central Register
Child Welfare
and Community Services

AN EQUAL OPPORTUNITY/AFFIRMATIVE ACTION EMPLOYER

*Exhibit "C" Letter from Dr Brown that I am disabled and need cc somedh.*



**CENTER FOR COGNITION AND COMMUNICATION**
952 Fifth Avenue, New York, NY 10075
(212) 535-8932  Fax: (212) 535-5443

4/19/18

**Patient's Name:**       Marc Fishman
**Date of Birth:**         8/21/72
**Date of Evaluation:**    4/28/17
**Date of Injury:**        11/20/13

To Whom It May Concern:

Mr. Fishman is a 44 year old male, who was referred for a neuropsychological evaluation. He is currently a patient under my care at Center for Cognition and Communication. Mr. Fishman needs someone to help him with note taking in court.

If there are any other questions, you can contact my office at 212-535-8932.

Respectfully Submitted,

Jason Brown, M.D.
Clinical Professor, Neurology (ret.)
New York University Medical Center