
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARC FISHMAN, INDIVIDUALLY, and on behalf of all others similarly situated

                Plaintiff,

– against –

Office of Court Administration New York State Courts, Judge Michelle I. Schauer in her administrative and official capacity, Nancy J. Barry, District Executive 9th District NY Courts in her administrative and official capacity, Dan Weisz, Professional Director In his administrative and official capacity New York Courts, Michelle D'ambrosio in her administrative and official capacity, Magistrate Carol Jordan in Her administrative and official capacity Capacity, Judge Gordon Oliver in her Administrative and Official Capacity and Judge Kathy Davidson, Chief Administrative Judge 9th circuit and former Chief Judge of the Westchester Family Court in her administrative and official capacity and the New York State Unified Court System, and Judge Hal Greenwald, in his administrative and official capacity Judge Alan Scheinkman in his administrative and official capacity as Chief Administrative Judge of the 9th Circuit courts

                Defendants.

No. 18 Civ. 282 (KMK)

**REPLY MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MICHELE D'AMBROSIO'S MOTION TO DISMISS</u>**

                        LETITIA JAMES
                        Attorney General
                        State of New York
                        28 Liberty Street
                        New York, New York 10005
                        (212) 416-8651
                        *Attorney for Defendant*
                        *Michele D'Ambrosio*

Michael A. Berg
Assistant Attorney General

Defendant Michele D'Ambrosio, the court attorney for Westchester County Family Court Judge Michelle I. Schauer, respectfully submits this reply memorandum of law in support of her Motion to Dismiss this action for lack of subject matter jurisdiction and failure to state a claim.[1]

## PRELIMINARY STATEMENT

Defendant's Memorandum established four separate and independent grounds for dismissal of this action against D'Ambrosio: (1) absolute judicial immunity; (2) *Younger* abstention; (3) the domestic relations exception to federal jurisdiction; and (4) as to Plaintiff's ADA and NYSHRL claims, Eleventh Amendment sovereign immunity.

Plaintiff's Opposition fails to establish the Court's subject matter jurisdiction over his claims. Plaintiff addresses *Younger* in a single conclusory sentence, and does address the Court's prior holding that "the *Younger* abstention conditions are clearly met" in this case. *See* Jan. 9 Order at 10 (ECF No. 50). Further, Plaintiff cites no case law, and gives no cogent response, rebutting the Court's determination that abstention is mandatory. Moreover, Plaintiff's Opposition does not address the domestic relations exception at all, effectively conceding that this action concerns family court matters that lie outside the scope of federal jurisdiction.

Similarly, Plaintiff's response to D'Ambrosio's claim of absolute judicial immunity fails to acknowledge this Court's prior holding that judicial immunity barred his claims against Judge Schauer. As a court attorney, D'Ambrosio serves as a mere extension of Judge Schauer. She has no independent authority to render decisions, and she is entitled to the same absolute immunity that the Court recognized in its Order of Service dated November 26, 2018 (ECF No. 46).

---

[1] Capitalized terms and abbreviations are defined in the Memorandum of Law in Support of Defendant Michele D'Ambrosio's Motion to Dismiss, dated May 23, 2019 (ECF No. 69) ("Defendant's Memorandum"). Plaintiff's Letter to the Court dated July 24, 2019 (ECF No. 79) is cited as "Plaintiff's Opposition."

1

**ARGUMENT**

I.  **PLAINTIFF HAS FAILED TO ESTABLISH THAT
THE COURT HAS SUBJECT MATTER JURISDICTION**

Defendant's Memorandum demonstrated that both the *Younger* abstention doctrine and the domestic relations exemption to federal jurisdiction mandate dismissal of this action against D'Ambrosio. Def.'s Mem. at 13-15 (*Younger*); *id.* at 16-17 (domestic relations). Plaintiff does not address the substance of the first argument, and does not respond to the second argument at all. Further, the Eleventh Amendment bars Plaintiff's ADA and NYSHRL claims. *Id.* at 17-23.

A.  *Younger* **Abstention Bars this Action**

In its January 9 Order, the Court held that Plaintiff is unlikely to prevail on the merits because abstention is mandated by *Younger v. Harris*, 401 U.S. 37, 43-44 (1971). "*Younger* abstention provides that 'federal courts should generally refrain from enjoining or otherwise interfering in ongoing state proceedings.'" January 9 Order at 10 (citation omitted). The Court held that the requirements for Younger abstention "are clearly met" in this case.[2]

Plaintiff's Opposition fails to grapple with the Court's prior holding or its reasoning. Instead, Plaintiff's entire argument against the application of the *Younger* doctrine states:

> The *[Y]ounger* abstention does not apply to state court officers acting in their administrative capacity (see Injunctive relief can be obtained against state officers acting in their administrative capacity.)

Pl.'s Opp. at 2. Plaintiff does not explain this assertion and does not cite any supporting authority.[3]

---

[2] "'*Younger* abstention is *required* when three conditions are met: (1) there is an ongoing state proceeding; (2) an important state interest is implicated in that proceeding; and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of the federal constitutional claims.'" *Id.* at 10 (emphasis added by the Court) (quoting *Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002)).

[3] In context, Plaintiff appears to be invoking the doctrine of *Ex Parte Young*, 209 U.S. 123 (1908), which is not responsive to the merits of D'Ambrosio's *Younger* abstention argument.

Contrary to Plaintiff's assertion, federal district courts routinely rely on *Younger* to dismiss claims against state officials who are sued in their official or administrative capacity. *See, e.g.*, *Davis v. Baldwin*, 594 F. App'x 49, 51 (2d Cir. 2015) (affirming, on *Younger* abstention grounds, dismissal of official-capacity claims against state agency commissioner, judge, and case worker); *Schorr v. Dopico*, 205 F. Supp. 3d 359, 365 (S.D.N.Y. 2016) (holding that *Younger* barred claims against state bar disciplinary officials in their official capacity), *aff'd*, 686 F. App'x 34 (2d Cir. 2017); *Leibovitz v. Barry*, No. 15 Civ. 1722 (KAM), 2016 WL 5107064, at *6 (E.D.N.Y. Sept. 20, 2016) (holding that *Younger* barred claims against state court officers in their official capacity in action alleging First Amendment claims and false arrest).

Accordingly, for substantially the reasons set forth in the January 9 Order, the Court should abstain under *Younger* for lack of subject matter jurisdiction.

### B. The Domestic Relations Exception Bars this Action

Defendant's Memorandum established that "[a] federal court presented with matrimonial issues or issues on the verge of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." Defs.' Mem. at 15 (quoting *Deem v. DiMella-Deem*, No. 18 Civ. 11889 (KMK), 2019 WL 1958107, at *12 (S.D.N.Y. May 2, 2019) (citations and internal quotation marks omitted)). This case stems from Plaintiff's Family Court proceedings, and raises issues that are, or are on the verge of being, about his child custody dispute. *Id.* Plaintiff makes no contrary argument. Thus, the domestic relations exception bars the exercise of subject matter jurisdiction over this case.

### C. The Eleventh Amendment Bars Plaintiff's ADA and NYSHRL Claims

Plaintiff argues that sovereign immunity does not bar his claims alleging disability discrimination under the Rehabilitation Act and NYSHRL because New York State and its

3

officials allegedly "receive federal funding." Pl.'s Opp. at 3. But D'Ambrosio has moved to dismiss Plaintiff's Rehabilitation Act claim pursuant to the *Younger* doctrine, the domestic relations exception, and judicial immunity – not sovereign immunity. Conversely, sovereign immunity plainly bars Plaintiff's NYSHRL claim, as the State has not consented to suit in federal court under the NYSHRL. *See* Defs.' Mem. at 22 (citing cases). Nor has Congress abrogated New York's sovereign immunity to permit suit in federal court under the NYSHRL. *Watson v. New York State Dep't of Motor Vehicles*, No. 16 Civ. 7532 (RWS), 2017 WL 2377991, at *1 (S.D.N.Y. May 31, 2017). Thus, Plaintiff's attempt to salvage his NYSHRL claim is meritless.

Finally, Plaintiff's argues that sovereign immunity does not bar his ADA claim because he seeks the fundamental right of access to the courts. Pl.'s Opp. at 2. Plaintiff's argument fails because the Court has already determined that the alleged denial of Plaintiff's accommodation requests did not impede his meaningful participation in the Family Court proceedings. *See* Jan. 9 Order at 6-7. Thus, the right of access to court is not at issue here, and in the absence of this asserted fundamental right, sovereign immunity bars Plaintiff's ADA claim.

## II.  D'AMBROSIO IS ENTITLED TO JUDICIAL IMMUNITY

Plaintiff's claims against D'Ambrosio arise entirely out of her service as court attorney to Judge Schauer, who previously presided over Plaintiff's child custody proceedings.[4] As such, the doctrine of absolute judicial immunity bars Plaintiff's claims against D'Ambrosio.

Plaintiff's Memorandum neither acknowledges nor responds to the Court's holding that judicial immunity bars his claims against Judge Schauer. *See* Order of Service at 3. Nor does Plaintiff respond to the cases holding that "for purposes of absolute judicial immunity, judges

---

[4] The Amended Complaint does not allege, and Plaintiff's Opposition does not assert, that Plaintiff currently has any legal matters pending before Judge Schauer.

4

and their law clerks are as one," because "[l]aw clerks are simply extensions of the judges at whose pleasure they serve." *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988).

Instead, Plaintiff argues that the Family Court's denial of his request to have a note-taker present in the courtroom was administrative in nature and not shielded by judicial immunity.[5] Pl.'s Opp. at 1. Plaintiff's argument is belied by the Court's holding that all of his claims against Judge Schauer and the other judge defendants "concern actions taken within the scope of these judges' judicial responsibilities." Order of Service 3. Significantly, the Amended Complaint alleges that D'Ambrosio acted in tandem with Judge Schauer in purportedly denying Plaintiff's various requests for accommodations. *See, e.g.*, Am. Compl. ¶ 71 (alleged denial of note-taker); *see also id*. ¶¶ 49, 57, 64, 81, 84, 87 & 90. It defies logic to suggest that the alleged denial of a note-taker was judicial in nature when decided by Judge Schauer, but administrative in nature when attributed (erroneously) to D'Ambrosio, Judge Schauer's court attorney.

In a further attempt to overcome absolute judicial immunity, Plaintiff's Opposition asserts for the first time that D'Ambrosio "told me directly in the entrance of Yonkers Family Court that my notetaker could not enter the courtroom." Pl.'s Opp. at 1. That assertion should be disregarded, as no such incident is alleged in the Amended Complaint. Even if the Court were to consider it, the mere allegation that D'Ambrosio conveyed Judge Schauer's decision to Plaintiff does not suggest she was acting in any capacity other than as Judge Schauer's court attorney. As such, D'Ambrosio is fully entitled to absolute judicial immunity. *See Oliva*, 839 F.2d at 40.

Accordingly, the action should be dismissed with prejudice against D'Ambrosio. Fed. R. Civ. P. 12(b)(1) & 12(b)(6).

---

[5] Plaintiff does not argue that any of Judge Schauer's other decisions, such as the denial of his request for morning-only court sessions and real-time transcription services, were administrative rather than judicial in nature.

5

## CONCLUSION

For the foregoing reasons and those set forth in Defendant's Memorandum, the Court should grant D'Ambrosio's motion to dismiss the action against her in its entirety, with prejudice, and should grant such other and further relief as the Court deems proper.

Dated: New York, New York  
       August 2, 2019

LETITIA JAMES  
Attorney General  
State of New York  
*Attorney for Defendant*  
*Michele D'Ambrosio*

By: _____/s/_____  
Michael A. Berg  
Assistant Attorney General  
28 Liberty Street  
New York, New York 10005  
(212) 416-8651  
michael.berg@ag.ny.gov