**NEW YORK STATE**
**Unified Court System**
OFFICE OF COURT ADMINISTRATION

LAWRENCE K. MARKS
CHIEF ADMINISTRATIVE JUDGE

JOHN W. McCONNELL
COUNSEL

August 2, 2019

Hon. Kenneth M. Karas
United States District Judge
United States District Court
Southern District of New York
United States Courthouse
300 Quarropas Street, Chambers 533
White Plains, New York 10601-4150

      Re: Fishman v. Office of Court Administration New York Courts
          18-CV-00282 (KMK)

Dear Judge Karas:

      This Office represents defendants New York State Office of Court Administration ("OCA"); Nancy J. Barry, former District Executive of the Ninth Judicial District, named in her official capacity; and, Dan Weitz, OCA's Director of Professional and Court Services, also named in his official capacity (collectively, "the OCA Defendants"). This letter is submitted in reply to pro se plaintiff's letter opposing the OCA Defendants' motion to dismiss the Second Amended Complaint ("SAC").[1]

      As demonstrated in OCA Defendants' memorandum of law in support of their motion to dismiss, defendants Barry and Weitz are immune from Americans with Disabilities Act ("ADA") claims for money damages, the claims against them lack the requisite plausible allegations of discriminatory animus, and, in any event, the claims against them are redundant of those against defendant OCA and should therefore be dismissed as superfluous. The memorandum of law also establishes that the SAC fails to plausibly allege either a denial of access to the Westchester County Family Court on the basis of disability, or an unlawful procedure for obtaining reasonable accommodation.

      Rather than offer any argument with respect to the absence of a viable ADA claim

---

[1] Plaintiff's letter opposing the motion is dated July 24, 2019 (ECF No. 79).

against the individual defendants, plaintiff simply asserts that Barry and Weitz are not protected by judicial immunity – a defense that defendants did not raise. Similarly, plaintiff contends that OCA is not immune from suit, and that none of the defendants are immune from suit under Tennessee v. Lane, 541 U.S. 509 (2004) – but defendants never claimed as much.

    In his opposition, plaintiff declines to address the arguments that defendants have actually made. Plaintiff fails to refute that ill will on the part of the individual defendants was demonstrably absent -- where they entertained his accommodation requests, offered reasonable alternatives appropriate to the limitations he described, and were not empowered to overrule judicial determinations of accommodation requests. Nor does plaintiff set forth any basis for retaining redundant claims against the individual defendants.

    Plaintiff's opposition letter offers no substance supporting the sufficiency of the allegations of the SAC, or overcoming defendants' showing that those allegations do not plausibly establish that failing to obtain CART technology denied plaintiff meaningful access to the underlying Family Court proceedings. Similarly, plaintiff's opposition provides no factual or legal basis for the Court to conclude that plaintiff has presented plausible allegations that OCA's procedures for obtaining accommodations or having judicial or administrative denials reviewed violate the ADA.

    For the reasons set forth above and in OCA Defendants' memorandum of law in support of their motion, the Court should dismiss this action as against them.

Respectfully submitted,

Lisa M. Evans
Assistant Deputy Counsel

cc: Marc Fishman, Plaintiff pro se
    (via overnight mail)
    Michael Berg, Assistant Attorney General
    (via ecf)