Case 7:18-cv-00282-KMK Document 154-1 Filed 11/08/21 Page 1 of 8
Case 7:18-cv-00282-KMK Document 87202 Filed 11/08/21 Page 1 of 18-cv-0282(KMK)

MANDATE

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: **November 8, 2021**

20-1300
*Fishman v. Off. of Ct. Admin.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of September, two thousand twenty-one.

PRESENT:
>   DENNIS JACOBS,
>   SUSAN L. CARNEY,
>   RICHARD J. SULLIVAN,
>   > *Circuit Judges.*

_____

MARC FISHMAN,

> *Plaintiff-Appellant*,

v.     No. 20-1300

OFFICE OF COURT ADMINISTRATION NEW YORK STATE COURTS, MICHELLE D'AMBROSIO, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, NEW YORK STATE UNIFIED COURT SYSTEM, NANCY J. BARRY, DISTRICT EXECUTIVE OF THE 9TH DISTRICT NEW YORK COURTS, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, DAN WEITZ, PROFESSIONAL DIRECTOR, IN HIS ADMINISTRATIVE AND OFFICIAL CAPACITY,

> *Defendants-Appellees*,

JUDGE GORDON OLIVER, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, MAGISTRATE CAROL JORDAN, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, KATHY DAVIDSON, CHIEF ADMINISTRATIVE JUDGE OF THE 9TH CIRCUIT AND FORMER CHIEF JUDGE OF THE WESTCHESTER FAMILY COURT IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, JUDGE MICHELLE I. SCHAUER, IN HER ADMINISTRATIVE AND OFFICIAL CAPACITY, JUDGE HAL B. GREENWALD, IN HIS ADMINISTRATIVE AND OFFICIAL CAPACITY, JUDGE ALAN D. SCHEINKMAN, IN HIS ADMINISTRATIVE AND OFFICIAL CAPACITY AS CHIEF ADMINISTRATIVE JUDGE OF THE 9TH CIRCUIT COURTS,*

   *Defendants.*

_____

| | |
|---|---|
| FOR APPELLANT: | CANER DEMIRAYAK, Law Office of Caner Demirayak, Brooklyn, New York. |
| FOR APPELLEE D'AMBROSIO: | DAVID LAWRENCE III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, Steven C. Wu, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General of the State of New York, New York, New York. |
| FOR APPELLEES OFFICE OF COURT ADMINISTRATION OF THE NEW YORK STATE COURTS, NEW YORK STATE UNIFIED COURT SYSTEM, NANCY J. BARRY, DAN WEITZ: | LISA MICHELLE EVANS, Assistant Deputy Counsel (Elizabeth A. Forman, *on the brief*), *for* Eileen D. Millett, Counsel, New York State Office of Court Administration, New York, New York. |

* The Clerk of Court is directed to amend the official case caption as set forth above.

Appeal from a decision and order of the United States District Court for the Southern District of New York (Karas, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order entered on March 5, 2020, is **AFFIRMED**.

Marc Fishman appeals the dismissal under Federal Rule of Civil Procedure 12(b)(6) of his *pro se* lawsuit alleging violations of Title II of the Americans with Disabilities Act of 1990 (the "ADA"), 42 U.S.C. §§ 12131–12165, and section 504 of the Rehabilitation Act, 29 U.S.C. § 794 *et seq.* Defendants-Appellees are the New York State Unified Court System and its Office of Court Administration ("OCA"); Nancy Barry, an OCA district executive; Daniel Weitz,[1] the OCA professional director (OCA, Barry, and Weitz, together, the "OCA defendants"); and Michelle D'Ambrosio, a court attorney to then-Judge Michelle Schauer.

Fishman was involved in state family court proceedings originating with his 2012 divorce and involving disputes about child visitation rights and other related matters.[2] In this suit, filed in the U.S. District Court for the Southern District of New York, he seeks an award of damages against defendants as well as declaratory and injunctive relief with regard to their asserted denials of certain requested ADA accommodations in connection with the state proceedings. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm.

**1. Claim for damages against D'Ambrosio.** On *de novo* review, we conclude, for the same reasons as those articulated by the district court in its decision and order, that

---

[1] In the caption and throughout the briefs, this defendant's last name is spelled "Weisz," but the correct spelling appears to be "Weitz," based on his signature displayed in attachments filed in the district court.

[2] In his written submissions to this Court, Fishman asserted both that no state court action involving any defendant is still pending and also, contrarily, that "related state court proceedings," in which "defendant OCA" is involved, remain "pending." Appellant's Br. at 29–30. During oral argument, his counsel advised that he is involved in only one matter still pending in New York state courts, but it is a criminal proceeding (related to a violation of an order of protection) and is not before the family court.

judicial immunity bars Fishman's claims for damages against D'Ambrosio. In her role as court attorney, D'Ambrosio functioned as a law clerk to Judge Schauer, and Fishman's claims against D'Ambrosio pertain to Judge Schauer's determinations that "related to" Fishman's individual case. *See Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009) ("[A]cts arising out of, or related to, individual cases before the judge are considered judicial in nature" and protected by judicial immunity); *Oliva v. Heller*, 839 F.2d 37, 40 (2d Cir. 1988) (holding that "for purposes of absolute judicial immunity, judges and their law clerks are as one"). Accordingly, D'Ambrosio is sheltered from a damages claim for the actions taken by her in the capacity of court attorney and involving Fishman's case.

**2. Claims for injunctive and declaratory relief against D'Ambrosio and OCA defendants.** Like the district court, we conclude that Fishman's claims for injunctive and declaratory relief against all defendants must be dismissed: the *Rooker-Feldman* doctrine (as to claims arising from any final state orders) and principles of *Younger* and *O'Shea* abstention (as to claims regarding any ongoing state proceedings and potential interference with state court operations, respectively) preclude the district court from entering the requested relief. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) (explaining that the *Rooker-Feldman* doctrine prohibits federal courts from exercising jurisdiction over suits challenging final state court orders); *O'Shea v. Littleton*, 414 U.S. 488, 500 (1974) (prohibiting federal courts from intervening in state courts' procedures and processes); *Younger v. Harris*, 401 U.S. 37, 43–45 (1971) (cautioning that federal courts generally should refrain from enjoining pending state court proceedings). The district court correctly concluded that it was either unlawful or imprudent for it to enter any order directing the state family court to conduct its affairs differently than it did in dealing with Fishman.

**3. Claims for damages against OCA defendants.** As to Fishman's remaining claims—those seeking damages from the OCA defendants—the district court relied on the Eleventh Amendment in entering its dismissal order. We may affirm, however, on any ground fairly presented by the record on appeal**.** *Munoz-Gonzalez v. D.L.C. Limousine Serv.,*

4

*Inc.*, 904 F.3d 208, 212 (2d Cir. 2018). We do so on the ground that Fishman has failed to state a claim on which relief may be granted.[3]

To establish a prima facie claim under either Title II of the ADA or section 504 of the Rehabilitation Act, a plaintiff must satisfy three requirements: he must show that (1) he is a "qualified individual" with a disability; (2) he was excluded from participation in a public entity's services or programs or was otherwise discriminated against by a public entity; and (3) such exclusion or discrimination was due to his disability. *Hargrave v. Vermont*, 340 F.3d 27, 34–35 (2d Cir. 2003); *see generally Dean v. Univ. at Buffalo Sch. of Med. & Biomed. Scis.*, 804 F.3d 178, 187 (2d Cir. 2015) (explaining that courts analyze claims under Title II and section 504 in tandem). The parties dispute whether Fishman is a qualified individual with a disability—the first requirement. Regardless of the correct resolution of that dispute, however, we conclude that Fishman has not plausibly alleged facts to satisfy the second and third requirements of the prima facie case.

Fishman claims primarily that the OCA defendants refused to provide him with reasonable ADA accommodations when they denied his request for computer-assisted real-time transcription ("CART") services, failed to administratively grant certain other requested accommodations, and failed to provide an ADA-compliant grievance procedure. In considering the complaint's sufficiency under Rule 12(b)(6), we consider the complaint and documents integral to the complaint and also take judicial notice of certain information in the public record. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002); *see also* Fed. R. Evid. 201.[4]

---

[3] In light of this conclusion, we do not reach the question whether the state's Eleventh Amendment immunity has been waived or otherwise abrogated under either Title II of the ADA or section 504 of the Rehabilitation Act, including by acceptance of federal funding.

[4] The OCA defendants ask us to take judicial notice of exhibits attached to the declaration of Lee Alan Adlerstein filed in the district court. Adlerstein Decl., ECF No. 71. These materials include an email from defendant Barry to Fishman dated June 15, 2018, and Fishman's response email to Barry dated June 18, 2018. Fishman has not objected. Fishman asks the court to take judicial notice of the New York State Unified Court System's webpage describing the ADA accommodations request process. *ADA Accommodation Request Process*, N.Y. State Unified Ct. Sys., http://ww2.nycourts.gov/ada-accommodation-request-process-32956

5

*(a) CART services request.* Fishman has not plausibly alleged that the denial of CART services and CART-produced transcripts constituted a failure to provide a reasonable ADA accommodation. His request for CART services was premised on his assertion that he had difficulty remembering the oral instructions of the court. In response to his multiple requests for this accommodation, the OCA defendants explained that the OCA provides CART only as an aid for individuals with hearing impairments. Thus, Fishman was required to provide medical documentation of a hearing impairment to obtain CART services, which he did not appear to do. As the state court records attached to Fishman's filings in the district court show, in addition to the general availability of written transcripts after hearings, the court gave Fishman alternative accommodations during its proceedings. These accommodations included permission to have his ADA advocate present at hearings and permission to use a neutral, non-witness notetaker as well. Further, Fishman makes no plausible allegations that the absence of CART services or CART-produced transcripts affected his ability to participate effectively in proceedings either before or after he first requested ADA accommodations in late 2016.

In light of the alternative accommodations granted or offered by the OCA defendants and reflected in the record, we conclude that he has not plausibly alleged that the denial of CART services by itself constituted unlawful discrimination. *See generally Noll v. Int'l Bus. Machs. Corp.*, 787 F.3d 89, 95 (2d Cir. 2015) (reasonable accommodation must be "effective" but need not be "a perfect accommodation or the very accommodation most strongly preferred" by the individual).

*(b) Administrative denial of other requested accommodations.* Fishman alleges further that the OCA defendants ran afoul of the ADA when they denied his request for judicial

---

(last visited Sept. 9, 2021). We grant both requests, determining that the material is authentic and observing that the parties do not dispute the materials' authenticity. *See Oneida Indian Nation of N.Y. v. New York*, 691 F.2d 1070, 1086 (2d Cir. 1982). We also rely on parts of the state court record attached to the parties' filings in the district court; to the extent that those records are attached to filings other than the amended complaint, they are either incorporated by reference into or "integral" to Fishman's complaint. *Chambers*, 282 F.3d at 153 ("Even where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (internal quotation marks omitted)); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

6

accommodations that had already been denied by Judge Schauer. But the record is clear that, by statute and practice, the OCA defendants had no authority to override the judicial decision-makers' denials of requested accommodations.[5] The ADA does not compel the OCA defendants to take actions they are not authorized to take. *Cf. Bey v. City of New York*, 999 F.3d 157, 161 (2d Cir. 2021) (concluding that an accommodation is not "reasonable" if providing it is prohibited by law).

*(c) Grievance procedure.* Fishman asserts that the OCA violated the ADA by failing to provide an ADA-compliant grievance procedure. This assertion is flatly contradicted by both general information in the public record and specific records in Fishman's case. The New York State Unified Court System website explains in detail and in plain language the established process for requesting ADA accommodations, including both judicial and administrative accommodations. *See ADA Accommodation Request Process*, N.Y. State Unified Ct. Sys., http://ww2.nycourts.gov/ada-accommodation-request-process-32956 (last visited Sept. 9, 2021). The website also describes how to appeal denials of such requests. The state court judicial record shows that Fishman availed himself of these appeals processes: He has appealed multiple judicial determinations (regarding his ADA accommodations requests and otherwise) through the ordinary state court processes. He also appealed defendant Barry's administrative determination with respect to the provision of CART, and defendant Weitz affirmed the denial with a full explanation.

---

[5] The state court website, of which we have taken judicial notice, *see supra* at 4 n.3, explains this division of authority as follows:

> A Chief Clerk or District Executive cannot grant, as an ADA accommodation, a request that involves a judicial balancing of the rights of the parties or the Judge's inherent power to manage the courtroom and the proceeding. . . . Those types of accommodation requests must be decided by the judge or judicial officer presiding over the case.

*ADA Accommodation Request Process*, N.Y. State Unified Ct. Sys., http://ww2.nycourts.gov/ada-accommodation-request-process-32956 (last visited Sept. 9, 2021).

7

We therefore affirm the district court's dismissal of the damages claims against the OCA defendants: we conclude that Fishman has not stated a claim on which relief may be granted.

* * *

We have considered Fishman's remaining arguments and find in them no basis for reversal. Accordingly, we **AFFIRM** the district court's order dismissing the second amended complaint.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit